# No. 20-2128

## In the United States Court of Appeals
## For the Third Circuit

MONIQUE RUSSELL; JASMINE RIGGINS; ELSA M. POWELL;
DESIRE EVANS

v.

EDUCATIONAL COMMISSION FOR FOREIGN
MEDICAL GRADUATES,

*Appellant*

On Appeal from the United States District Court for the
Eastern District of Pennsylvania, No. 2:18-cv-05629-JDW (Wolson, J.)

## JOINT APPENDIX
## VOLUME II, PAGES JA79 TO JA562

CONRAD O'BRIEN PC
　　Nicholas M. Centrella
　　Robin S. Weiss
1500 Market Street, Suite 3900
Philadelphia, PA 19102
(215) 864-9600
ncentrella@cogr.com

JANET JANET & SUGGS
　　Patrick A. Thronson
Executive Centre at Hooks Lane
4 Reservoir Circle, Suite 200
Baltimore, MD 21208
(410) 653-3200

***Counsel for Appellees***

MORGAN, LEWIS & BOCKIUS LLP
　　William R. Peterson
1000 Louisiana St., Ste. 4000
Houston, TX 77002
(713) 890-5188
william.peterson@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
　　Brian W. Shaffer
　　Matthew D. Klayman
1701 Market St.
Philadelphia, PA 19103
(215) 963-5000

***Counsel for Appellant***

***Additional Counsel on Inside Cover***

THE LAW OFFICES OF PETER G. ANGELOS, P.C.
     Paul M. Vettori
One Charles Center
100 N. Charles Street, 20th Floor
Baltimore, MD 21201
(410) 649-2027
pvettori@lawpga.com

Z LAW, LLC
     Cory L. Zajdel
2345 York Road, Suite #B-13
Timonium, MD 21093
(443) 213-1977
clz@zlawmaryland.com

*Counsel for Appellees*

# **TABLE OF CONTENTS**

| ECF No. | Document Description | Date Filed | Page |
|---------|---------------------|------------|------|
| *Volume I, Pages JA1 to JA78* | | | |
| 1-1 | Petition by Educational Commission for Foreign Medical Graduates for Leave to Appeal Pursuant to Fed. R. Civ. P. 23(f) (3d Cir. No. 20-8024) | 4/6/2020 | JA1 |
| 57 | Memorandum | 3/23/2020 | JA35 |
| 58 | Order | 3/23/2020 | JA63 |
| 10-1 | Order, No. 20-8024 (3d Cir. No. 20-8024) | 5/11/2020 | JA66 |
| — | District Court Docket | Printed 8/30/2020 | JA67 |
| *Volume II, Pages JA79 to JA562* | | | |
| 1 | Civil Cover Sheet | 12/31/2018 | JA79 |
| | Designation Forms | | JA80 |
| | Defendant's Notice of Removal | | JA83 |
| | Exhibit A: Plaintiffs' Class Action Civil Complaint (Phila. Ct. Com. Pl. No. 181101690) | | JA90 |
| | Exhibit A | | JA113 |
| | Exhibit B | | JA119 |
| | Exhibit C | | JA122 |
| 7 | Answer to Class Action Civil Complaint and Affirmative Defenses | 2/6/2019 | JA126 |
| 32 | Motion for Class Certification | 10/7/2019 | JA167 |

# TABLE OF CONTENTS
(continued)

| ECF No. | Document Description | Date Filed | Page |
|---------|---------------------|-----------|------|
| 32-1 | Memorandum of Law in Support of Motion for Class Certification | | JA169 |
| 32-2 | Certificate of Service | | JA199 |
| 32-3 | Exhibit 1 | | JA200 |
| 32-4 | Exhibit 2 | | JA202 |
| 32-5 | Exhibit 3 | | JA204 |
| 32-6 | Exhibit 4 | | JA207 |
| 32-7 | Exhibit 5 | | JA210 |
| 32-8 | Exhibit 6 | | JA215 |
| 32-9 | Exhibit 7 | | JA217 |
| 32-10 | Exhibit 8 | | JA238 |
| 32-11 | Exhibit 9 | | JA241 |
| 32-12 | Exhibit 10 | | JA245 |
| 32-13 | Exhibit 11 | | JA251 |
| 32-14 | Exhibit 12 | | JA253 |
| 32-15 | Exhibit 13 | | JA255 |
| 32-16 | Exhibit 14 | | JA257 |
| 32-17 | Exhibit 15 | | JA259 |
| 32-18 | Exhibit 16 | | JA262 |

# TABLE OF CONTENTS
(continued)

| ECF No. | Document Description | Date Filed | Page |
|---------|---------------------|------------|------|
| 32-19 | Exhibit 17 | | JA267 |
| 32-20 | Exhibit 18 | | JA272 |
| 32-21 | Exhibit 19 | | JA274 |
| 32-22 | Exhibit 20 | | JA276 |
| 32-23 | Exhibit 21 | | JA278 |
| 32-24 | Exhibit 22 | | JA280 |
| 32-25 | Exhibit 23 | | JA283 |
| 32-26 | Exhibit 24 | | JA286 |
| 32-27 | Exhibit 25 | | JA288 |
| 32-28 | Exhibit 26 | | JA290 |
| 32-29 | Exhibit 27 | | JA292 |
| 32-30 | Exhibit 28 | | JA294 |
| 32-31 | Exhibit 29 | | JA296 |
| 32-32 | Exhibit 30 | | JA303 |
| 32-33 | Exhibit 31 | | JA314 |
| 32-34 | Exhibit 32 | | JA317 |
| 32-35 | Exhibit 33 | | JA325 |
| 32-36 | Exhibit 34 | | JA383 |
| 32-37 | Exhibit 35 | | JA419 |

# TABLE OF CONTENTS
(continued)

| ECF No. | Document Description | Date Filed | Page |
|---------|--------------------|-----------|------|
| 32-38 | Exhibit 36 | | JA459 |
| 32-39 | Exhibit 37 | | JA490 |
| 32-40 | Exhibit 38 | | JA525 |
| 32-41 | Exhibit 40 | | JA532 |
| | *Volume III, Pages JA563 to JA1037* | | |
| 32-42 | Exhibit 41 | | JA563 |
| 32-43 | Exhibit 42 | | JA571 |
| 32-44 | Exhibit 43 | | JA579 |
| 32-45 | Exhibit 44 | | JA604 |
| 32-46 | Exhibit 45 | | JA628 |
| 33 | Exhibit 39 to Motion to Certify Class | 10/8/2019 | JA698 |
| 39 | Defendant Educational Commission for Foreign Medical Graduates' Opposition to Plaintiffs' Motion for Class Certification | 10/28/2019 | JA707 |
| 39-1 | Exhibit 1: Verification Papers – University of Ibadan | | JA743 |
| 39-2 | Exhibit 2: Verification Papers – University of Benin | | JA749 |
| 39-3 | Exhibit 3: October 14, 2019 Expert Report from Dr. Mark A. Smith | | JA755 |
| 39-4 | Exhibit 4: October 14, 2019 Expert Report from Dr. Laurence H. Beck | | JA772 |

# TABLE OF CONTENTS
(continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| 39-5 | Exhibit 5: March 16, 2007 Letter to John-Charles Akoda from Howard University Hospital | | JA796 |
| 39-6 | Exhibit 6: Howard University Hospital Certificate of Completion of Residency for John-Charles Nosa Akoda MD | | JA798 |
| 39-7 | Exhibit 7: January 31, 2014 Letter to John-Charles Akoda from American Board of Obstetrics and Gynecology | | JA800 |
| 39-8 | Exhibit 8: May 22, 2002 Letter to Dr. Oluwafemi Charles Igberase from William C. Kelly | | JA802 |
| 39-9 | Exhibit 9: November 7, 2000 Letter to State of Maryland Board of Physician Assurance from Meridian Health System | | JA805 |
| 39-10 | Exhibit 10: May 5, 2017 Virginia Department of Health Professions Report | | JA807 |
| 50-1 | Exhibit 11 (Redacted): Plaintiff Desire Evans's Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA811 |
| 50-2 | Exhibit 12 (Redacted): Plaintiff Elsa Powell's Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA836 |

# TABLE OF CONTENTS
(continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| 50-3 | Exhibit 13 (Redacted): Plaintiff Jasmine Riggins' Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA863 |
| 50-4 | Exhibit 14 (Redacted): Plaintiff Monique Russells' Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA887 |
| 39-15 | Exhibit 15: Email from Kara Corrado to Lisa Cover, Suzann Paolini, and Roman Mizak (March 18, 2016) | | JA911 |
| 39-16 | Exhibit 16: Email from Kara Corrado to Lisa Cover (Nov. 29, 2016) | | JA915 |
| 39-17 | Exhibit 17: Notice #101 from Lisa Cover (March 1, 2017) | | JA920 |
| 50-5 | Exhibit 18 (Redacted): Plaintiff Desire Evans's Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents | | JA924 |
| 46-6 | Exhibit 19 (Unredacted): Plaintiff Elsa Powell's Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents | | JA954 |

# TABLE OF CONTENTS
(continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| 46-7 | Exhibit 20 (Unredacted): Plaintiff Jasmine Riggins' Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents | | JA984 |
| 46-8 | Exhibit 21 (Redacted): Plaintiff Monique Russells' Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents | | JA1008 |
| 39-22 | Exhibit 22: February 26, 2018 Expert Report from Dr. Thomas Bojko | | JA1033 |
| *Volume IV, Pages JA1038 to JA1517* | | | |
| 39-23 | Exhibit 23: Docket from Russell et al v. Dimensions Health Corporation, CAL 17-22761 (Cir. Ct. Prince George's Cty, MD) | | JA1038 |
| 39-24 | Exhibit 24: Stipulation of Dismissal, CAL 17-22761 | | JA1053 |
| 50-6 | Exhibit 25 (Redacted): Questionnaire Responses | | JA1058 |
| 46-10 | Exhibit 26 (Redacted): September 25, 2019 Expert Report from Dr. Gladys Fenichel | | JA1124 |
| 50-7 | Exhibit 27 (Redacted): September 23, 2019 Independent Medical Examination Report on Plaintiff Monique Russell, conducted by Dr. Gladys Fenichel | | JA1132 |

# TABLE OF CONTENTS
(continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| 46-12 | Exhibit 28 (Redacted): September 25, 2019 Independent Medical Examination Report on Plaintiff Jasmine Riggins, conducted by Dr. Gladys Fenichel | | JA1141 |
| 46-13 | Exhibit 29 (Redacted): September 23, 2019 Independent Medical Examination Report on Plaintiff Elsa Powell, conducted by Dr. Gladys Fenichel | | JA1147 |
| 50-8 | Exhibit 30 (Redacted): September 23, 2019 Independent Medical Examination Report on Plaintiff Desire Evans, conducted by Dr. Gladys Fenichel | | JA1154 |
| 46-15 | Exhibit 31 (Redacted): October 14, 2019 Rebuttal Expert Report from Dr. Gladys Fenichel | | JA1164 |
| 46-16 | Exhibit 32 (Redacted): September 23, 2019 Expert Report from Dr, Jay Goldberg | | JA1168 |
| 39-33 | Exhibit 33: Facebook Comments Produced by Plaintiff Monique Russell | | JA1179 |
| 39-34 | Exhibit 34: October 14, 2019 Rebuttal Expert Report from Dr. Susan McDonald | | JA1183 |
| 39-35 | Exhibit 35: Jalloh et al v. Chaudry et al, CAL 16-22162 (Cir. Ct. Prince George's Cty, MD) – Complaint | | JA1214 |
| 50-9 | Exhibit 36 (Redacted): September 5, 2019 Transcript of Deposition of Desire Evans | | JA1236 |

**TABLE OF CONTENTS**
(continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| 50-10 | Exhibit 37 (Redacted): September 6, 2019 Transcript of Deposition of Elsa Powell | | JA1285 |
| 39-38 | Exhibit 38: Russell et al v. Dimensions Health Corporation, CAL 17-22761 (Cir. Ct. Prince George's Cty, MD) – First Amended Class Action Complaint | | JA1315 |
| 39-39 | Text of Proposed Order | | JA1339 |
| 47 | Reply Memorandum of Law in Support of Motion for Class Certification | 11/11/2019 | JA1340 |
| 47-1 | Exhibit 1 | | JA1362 |
| | Exhibit 2 | | JA1365 |
| | Exhibit 3 | | JA1367 |
| 48 | Defendant Educational Commission for Foreign Medical Graduates' Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification | 11/18/2019 | JA1371 |
| 63 | Transcript of Proceedings Held on January 30, 2020 | 4/6/2020 | JA1381 |
| 5-1 | Response in Opposition to Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f), No. 20-8024 (3d Cir. No. 20-8024) | 4/20/2020 | JA1469 |
| 9 | Reply in Support of Petition for Permission to Appeal, No. 20-8024 (3d Cir. No. 20-8024) | 4/27/2020 | JA1501 |

# TABLE OF CONTENTS
(continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| | *Volume V (Under Seal), Pages JA1518 to JA1908* | | |
| 40 | Defendant Educational Commission for Foreign Medical Graduates' Opposition to Plaintiffs' Motion for Class Certification (Under Seal) | 10/28/2019 | JA1518 |
| | Exhibit 11 (Under Seal): Plaintiff Desire Evans's Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA1554 |
| | Exhibit 12 (Under Seal): Plaintiff Elsa Powell's Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA1579 |
| | Exhibit 13 (Under Seal): Plaintiff Jasmine Riggins' Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA1606 |
| | Exhibit 14 (Under Seal): Plaintiff Monique Russells' Supplemental Answers to First Set of Interrogatories and Supplemental Responses to First Set of Requests for Production of Documents | | JA1630 |
| | Exhibit 18 (Under Seal): Plaintiff Desire Evans's Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents | | JA1654 |

**TABLE OF CONTENTS**
(continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| | Exhibit 21 (Under Seal): Plaintiff Monique Russells' Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents | | JA1684 |
| | Exhibit 25 (Under Seal): Questionnaire Responses | | JA1709 |
| | Exhibit 26 (Under Seal): September 25, 2019 Expert Report from Dr. Gladys Fenichel | | JA1775 |
| | Exhibit 27 (Under Seal): September 23, 2019 Independent Medical Examination Report on Plaintiff Monique Russell, conducted by Dr. Gladys Fenichel | | JA1783 |
| | Exhibit 28 (Under Seal): September 25, 2019 Independent Medical Examination Report on Plaintiff Jasmine Riggins, conducted by Dr. Gladys Fenichel | | JA1792 |
| | Exhibit 29 (Under Seal): September 23, 2019 Independent Medical Examination Report on Plaintiff Elsa Powell, conducted by Dr. Gladys Fenichel | | JA1798 |
| | Exhibit 30 (Under Seal): September 23, 2019 Independent Medical Examination Report on Plaintiff Desire Evans, conducted by Dr. Gladys Fenichel | | JA1805 |

## TABLE OF CONTENTS
(continued)

| ECF No. | Document Description | Date Filed | Page |
|---|---|---|---|
| | Exhibit 31 (Under Seal): October 14, 2019 Rebuttal Expert Report from Dr. Gladys Fenichel | | JA1815 |
| | Exhibit 32 (Under Seal): September 23, 2019 Expert Report from Dr, Jay Goldberg | | JA1819 |
| | Exhibit 36 (Under Seal): September 5, 2019 Transcript of Deposition of Desire Evans | | JA1830 |
| | Exhibit 37 (Under Seal): September 6, 2019 Transcript of Deposition of Elsa Powell | | JA1879 |

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Monique Russell, Jasmine Riggins,
Elsa Powell, and Desire Evans

**DEFENDANTS**
Educational Commission for
Foreign Medical Graduates

**(b)** County of Residence of First Listed Plaintiff   Anne Arundel County, MD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nicholas M. Centrella      Conrad O'Brien PC
ncentrella@conradobrien.com  1500 Market St.
215-864-8098                 Centre Square, West Tower, Suite 3900
                             Philadelphia, PA 19102

Attorneys *(If Known)*
Brian W. Shaffer            Morgan, Lewis & Bockius LLP
Elisa P. McEnroe            1701 Market St.
brian.shaffer@morganlewis.com  Philadelphia, PA 19103
elisa.mcenroe@morganlewis.com  215-963-5000

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government<br>Plaintiff | ☐ 3   Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government<br>Defendant | ☒ 4   Diversity<br>*(Indicate Citizenship of Parties in Item III)*<br>**(CAFA)** |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☒ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☒ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original
  Proceeding
☒ 2 Removed from
  State Court
☐ 3 Remanded from
  Appellate Court
☐ 4 Reinstated or
  Reopened
☐ 5 Transferred from
  Another District
  *(specify)*
☐ 6 Multidistrict
  Litigation -
  Transfer
☐ 8 Multidistrict
  Litigation -
  Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1332, 1441, 1446
Brief description of cause:
Negligence / Negligent Infliction of Emotional Distress

**VII. REQUESTED IN**
**COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION
  UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S)**
**IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
12.31.2018
SIGNATURE OF ATTORNEY OF RECORD
Brian W. Shaffer

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JA79

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1906 Beeches Glory Path, Annapolis, MD 21401

Address of Defendant: 3624 Market Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Various

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12.31.2018     Brian W. Shaffer     PA Bar No. 78851
_____   _____   _____
                   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.   FELA
☐ 3.   Jones Act-Personal Injury
☐ 4.   Antitrust
☐ 5.   Patent
☐ 6.   Labor-Management Relations
☐ 7.   Civil Rights
☐ 8.   Habeas Corpus
☐ 9.   Securities Act(s) Cases
☐ 10.  Social Security Review Cases
☐ 11.  All other Federal Question Cases
       *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1.   Insurance Contract and Other Contracts
☐ 2.   Airplane Personal Injury
☐ 3.   Assault, Defamation
☐ 4.   Marine Personal Injury
☐ 5.   Motor Vehicle Personal Injury
☒ 6.   Other Personal Injury *(Please specify):* Negligence/Negligent Infliction of Emotional Distress
☐ 7.   Products Liability
☐ 8.   Products Liability – Asbestos
☐ 9.   All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Brian W. Shaffer , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 12.31.2018     Brian W. Shaffer     PA Bar No. 78851
_____   _____   _____
                   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JA80

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  1906 Beeches Glory Path, Annapolis, MD 21401

Address of Defendant:  3624 Market Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction:  Various

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year    Yes ☐    No ☒
    previously terminated action in this court?

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit    Yes ☐    No ☒
    pending or within one year previously terminated action in this court?

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier    Yes ☐    No ☒
    numbered case pending or within one year previously terminated action of this court?

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights    Yes ☐    No ☒
    case filed by the same individual?

I certify that, to my knowledge, the within case  ☐ is  / ☒ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  12.31.2018    Brian W. Shaffer    PA Bar No. 78851
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.   FELA
☐ 3.   Jones Act-Personal Injury
☐ 4.   Antitrust
☐ 5.   Patent
☐ 6.   Labor-Management Relations
☐ 7.   Civil Rights
☐ 8.   Habeas Corpus
☐ 9.   Securities Act(s) Cases
☐ 10.  Social Security Review Cases
☐ 11.  All other Federal Question Cases
    *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1.   Insurance Contract and Other Contracts
☐ 2.   Airplane Personal Injury
☐ 3.   Assault, Defamation
☐ 4.   Marine Personal Injury
☐ 5.   Motor Vehicle Personal Injury
☒ 6.   Other Personal Injury *(Please specify):*  Infliction of Emotional Distress   Negligence/Negligent
☐ 7.   Products Liability
☐ 8.   Products Liability – Asbestos
☐ 9.   All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I,  Brian W. Shaffer _____, counsel of record or pro se plaintiff, do hereby certify:

☒   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE:  12.31.2018    Brian W. Shaffer    PA Bar No. 78851
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Monique Russell, Jasmine Riggins, Elsa Powell, and Desire Evans | : : : | CIVIL ACTION |
| v. | : : | |
| Educational Commission for Foreign Medical Graduates | : : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)        (✕)

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( )

| | | |
|---|---|---|
| 12.31.2018 | Brian W. Shaffer | Educational Commission for Foreign Medical Graduates |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 1.215.963.5000 | 1.215.963.5001 | brian.shaffer@morganlewis.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JA82

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MONIQUE RUSSELL, JASMINE RIGGINS,
ELSA M. POWELL, and DESIRE EVANS,

               Plaintiffs,

      v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

               Defendant.

Civil Action No. _____

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"), by and through the undersigned counsel, hereby removes Case No. 181101690, *Monique Russell et al. v. Educational Commission for Foreign Medical Graduates*, a putative class action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "Action"), to the United States District Court for the Eastern District of Pennsylvania.  ECFMG removes the Action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the factual and legal grounds discussed below.

I.    **Introduction**

1.  As set forth below, the Action is properly removed to this Court pursuant to 28 U.S.C. § 1441, because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), because this Action is a civil action in which the amount in controversy alleged exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

2.  By filing this notice of removal, ECFMG does not intend to waive, and hereby reserves, any objection as to venue, the legal sufficiency of the claims alleged in the Action, and

- 1 -

all other defenses.  ECFMG reserves the right to supplement and amend this notice of removal.

## II.    Background

3.    On November 14, 2018, Plaintiffs Monique Russell, Jasmine Riggins, Elsa M. Powell, and Desire Evans (the "Named Plaintiffs") commenced this putative class action against ECFMG by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, entitled *Monique Russell et al. v. Educational Commission for Foreign Medical Graduates*, Case No. 181101690.

4.    The Complaint alleges that ECFMG is liable for negligence and negligent infliction of emotional distress in connection with its alleged improper certification of a third party foreign medical graduate ("Oluwafemi Charles Igberase (a/k/a/ Charles J. Akoda, M.D.)") as having met certain criteria to be eligible to enter a residency or fellowship program in the United States.  The Complaint seeks an order certifying the proposed putative class, a judgment of liability against ECFMG, "compensatory damages to each class member in an amount which exceeds seventy-five thousand dollars," litigation costs and expenses, attorneys' fees, pre-judgment and post-judgment interest, punitive damages, and any other relief the Court deems appropriate.  *See* Compl., Prayer for Relief.

5.    The proposed putative class consists of "[a]ll patients examined and/or treated in any manner by Oluwafemi Charles Igberase (a/k/a/ Charles J. Akoda, M.D.)."  *Id.* ¶ 48.  The Complaint asserts that this class contains more than 1,000 members.  *Id.* ¶ 50.

6.    ECFMG was served with a copy of the Summons and Complaint on or about December 10, 2018.[1]

7.    ECFMG has not yet filed an answer or responsive pleading to the Complaint.

---

[1] The Summons and Complaint, which together comprise "all process, pleadings, and orders served" on Defendants in this Action, *see* 28 U.S.C. § 1446(a), are attached hereto as Exhibit A.

JA84

### III.    Jurisdiction

8.    CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and involves a putative class that consists that consists of more than 100 members. 28 U.S.C. § 1332(d)(2)(A) and (d)(5).  All of these requirements are met here.

**A.    Minimal diversity exists.**

9.    CAFA requires only minimal diversity, and in class action lawsuits, "[t]he district courts shall have original jurisdiction of any civil action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Such diversity of citizenship exists here.

10.    None of the Named Plaintiffs are citizens of Pennsylvania. *See* Compl. ¶¶ 1 & 3-4 (Plaintiffs Russell, Powell, and Evans reside in Maryland); *id.* ¶ 2 (Plaintiff Riggins resides in Washington, D.C.).

11.    For purposes of diversity, a corporation is deemed to be a citizen of (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1).  ECFMG is a Pennsylvania corporation with its principal place of business in the Commonwealth of Pennsylvania.  Compl. ¶ 5; Pennsylvania Statement of Domestication[2]; Articles of Incorporation.[3]  Thus, for purposes of CAFA jurisdiction, ECFMG is a citizen of Pennsylvania, and no other state.  28 U.S.C. § 1332(c)(1).

---

[2] Attached hereto as Exhibit B.
[3] Attached hereto as Exhibit C.

- 3 -

12. Accordingly, the minimal diversity requirement of CAFA is satisfied given that the Named Plaintiffs are citizens of states other than Pennsylvania and ECFMG is a citizen of Pennsylvania.

13. Moreover, the restriction in 28 U.S.C. § 1441(b)(2) that actions otherwise removable solely on the basis of diversity of citizenship may not be removed if a defendant is a citizen of the State in which the action is brought applies only to removal under § 1332(a), not – as is the basis here – § 1332(d) (CAFA).

**B.      The amount in controversy exceeds $5,000,000.**

14. Although ECFMG denies all liability alleged in the Complaint and denies that class treatment is appropriate for this Action, if damages were awarded on Plaintiffs' claims as Plaintiffs allege, the aggregate amount as to the putative class would exceed $5,000,000 exclusive of interest and costs.

15. ECFMG denies Plaintiffs' substantive allegations, denies that Plaintiffs are entitled to any of the relief sought in the Complaint, and do not waive any defense with respect to any of Plaintiffs' claims.  Nonetheless, for these purposes, the amount in controversy is determined by accepting Plaintiffs' allegations as true.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50 (2014) ("The amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good faith.  Similarly, the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court."); *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself."); *Abington Twp. v. Crown Castle NG E. LLC*, No. CV 16-5357, 2017 WL 57142, at *2 (E.D. Pa. Jan. 5, 2017) ("In ascertaining the amount in controversy in a removal case, a court must first look to the complaint." (citing

- 4 -

*Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004)).

16. Here, the proposed putative class is alleged to consist of more than 1,000 putative class members (Compl. ¶ 50), and the Complaint alleges that each putative class member is entitled to compensatory damages in an amount that exceeds $75,000 (Compl., Prayer for Relief, Page 18 ¶ F). As a result, based on allegations in the Complaint, the amount in controversy, exclusive of interests and costs, exceeds $75,000,000, which is well above CAFA's $5,000,000 amount-in-controversy requirement. ECFMG does not waive any argument as to the sufficiency or size of Plaintiffs' alleged class or as to the damages alleged.

    **C.**    **The putative class exceeds 100 members.**

17. The Complaint alleges that "[t]he Class consists of more than one thousand (1,000) patients and is thus so numerous that joinder of all members is clearly impracticable." Compl. ¶ 50. Therefore, the size of the putative class well exceeds 100 members.

**IV.**    **The procedural requirements for removal are satisfied.**

18. This Court is the proper venue for removal because the Action is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, and the United States District Court for the Eastern District of Pennsylvania is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

19. ECFMG timely filed this notice of removal. ECFMG was served with the Summons and Complaint on December 10, 2018. Accordingly, ECFMG filed this notice of removal within 30 days of being served. 28 U.S.C. §§ 1446(b); 1453(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the time for filing a notice of removal does not run until a party has been served with the summons and complaint under the applicable state law).

- 5 –

20. As required by 28 U.S.C. § 1446(d), a copy of this notice of removal is being promptly served upon counsel for Plaintiffs, and a copy is being filed with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania.

WHEREFORE, ECFMG hereby removes the above action now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 181101690 to the United States District Court for the Eastern District of Pennsylvania.

Dated: December 31, 2018          By: _____

MORGAN, LEWIS & BOCKIUS LLP

Brian W. Shaffer, PA Bar No. 78851
Elisa P. McEnroe, PA Bar No. 206143
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:        +1.215.963.5000
Facsimile:        +1.215.963.5001

*Attorneys for the Educational Commission for Foreign Medical Graduates*

- 6 –

JA88

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been sent this 31st day of December,

2018 via first class U.S. mail, postage prepaid, to:

Nicholas M. Centrella
Conrad O'Brien PC
1500 Market Street
Centre Square, West Tower, Suite 3900
Philadelphia, PA 19102-2100

Brian W. Shaffer

JA89

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**NOVEMBER 2018**

E-Filing Number: 1811031070

**001690**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MONIQUE RUSSELL | EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| 1906 BEECHES GLORY PATH MD 21401 ANNAPOLIS MD 21401 | 3624 MARKET STREET PHILADELPHIA PA 19104 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| JASMINE RIGGINS | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| 312 37TH STREET APT #304 WASHINGTON, DC DC 20019 | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| ELSA POWELL | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| 12705 LIVE OAK PLACE UPPER MARLBORO MD 20772 | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 4 | 1 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal ☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration   ☐ Mass Tort   ☐ Commerce   ☐ Settlement ☐ Jury   ☐ Savings Action   ☐ Minor Court Appeal   ☐ Minors ☐ Non-Jury   ☐ Petition   ☐ Statutory Appeals   ☐ W/D/Survival ☒ Other:  CLASS ACTION |

CASE TYPE AND CODE

C1 - CLASS ACTION

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| RECEIVED DEC 1 0 2018 | **FILED PRO PROTHY** NOV **14** 2018 C. FORTE | YES        NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MONIQUE RUSSELL , JASMINE RIGGINS , ELSA POWELL , DESIRE EVANS
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| NICHOLAS M. CENTRELLA | CENTRE SQUARE, WEST TOWER 1500 MARKET STREET, SUITE 3900 PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)864-8098 | (215)864-9620 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 67666 | ncentrella@conradobrien.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| NICHOLAS CENTRELLA | Wednesday, November 14, 2018, 04:54 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

<u>COMPLETE LIST OF PLAINTIFFS:</u>

1. MONIQUE RUSSELL
   1906 BEECHES GLORY PATH MD 21401
   ANNAPOLIS MD 21401
2. JASMINE RIGGINS
   312 37TH STREET APT #304
   WASHINGTON, DC DC 20019
3. ELSA POWELL
   12705 LIVE OAK PLACE
   UPPER MARLBORO MD 20772
4. DESIRE EVANS
   4057 PARKER COURT
   WALDORF MD 20602

Nicholas M. Centrella, Esquire (I.D. No. 67666)
Howard M. Klein, Esquire (I.D. No. 33632)
Benjamin O. Present, Esquire (I.D. No. 322682)
CONRAD O'BRIEN PC
1500 Market Street, Suite 3900
Centre Square, West Tower
Philadelphia, PA 19102-2100
ncentrella@conradobrien.com
hklein@conradobrien.com
bpresent@conradobrien.com
215.864.9600

*Attorneys for Plaintiffs*

Filed and Attested by the
Office of Judicial Records
14 NOV 2018 04:54 pm
C. FORTE

| | |
|---|---|
| MONIQUE RUSSELL<br>1906 Beeches Glory Path<br>Annapolis, MD 21401<br><br>and<br><br>JASMINE RIGGINS<br>312 37th Street, Apt. #304<br>Washington, DC 20019<br><br>and<br><br>ELSA M. POWELL<br>12705 Live Oak Place<br>Upper Marlboro, MD 20772<br><br>and<br><br>DESIRE EVANS<br>4057 Parker Court<br>Waldorf, MD 20602<br><br>*on their own behalf and on behalf of*<br>*all others similarly situated,*<br><br>Plaintiffs<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR<br>FOREIGN MEDICAL GRADUATES,<br>3624 Market Street<br>Philadelphia, PA 19104 | IN THE COURT OF<br>COMMON PLEAS OF<br>PHILADELPHIA COUNTY<br>PENNSYLVANIA<br><br><br><br>Case No._____<br><br><br><br>CIVIL ACTION --<br>PERSONAL INJURY<br>**CLASS ACTION**<br><br><br><br>JURY TRIAL DEMANDED |

Case ID: 181101690

JA93

Defendant

## NOTICE TO DEFEND

<div style="columns:2">

### NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107   Telephone:(215) 238-1701

### AVISO

LE HAN DEMANDADO A USTED EN LA CORTE. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en form excrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que used cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATEMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ASOCIACION DE LICENCIADOS DE FILADELFIA
One Reading Center
Philadelphia, PA 19107
Telefono: (215) 238-1701

</div>

### CLASS ACTION CIVIL COMPLAINT

Plaintiffs Monique Russell, Jasmine Riggins, Desire Evans and Elsa Powell, on their own behalf and on behalf of all others similarly situated, through their undersigned attorneys, hereby submit this Class Action Complaint against Defendant Educational Commission for Foreign Medical Graduates and state as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff Monique Russell currently resides in Prince George's County, Maryland.

2.    Plaintiff Jasmine Riggins currently resides in Washington, DC.

2

Case ID: 181101690

JA94

3.      Plaintiff Elsa Powell currently resides in Prince George's County, Maryland

4.      Plaintiff Desire Evans currently resides in Charles County, Maryland.

5.      Defendant Educational Commission for Foreign Medical Graduates ("ECFMG")
is a non-profit corporation organized under the laws of Illinois with its principal office in
Philadelphia, Pennsylvania.  Among other things, ECFMG certifies whether international
medical graduates have met the minimum standards of eligibility for accredited residency and
fellowship programs in the United States by verifying the validity of an IMG's medical school
diploma and final medical school transcripts and insuring that the IMG's have taken and passed
certain standardized examinations. ECFMG carries out its functions in all or virtually all 50
states and the District of Columbia.

6.      The matter in controversy exceeds the sum of fifty thousand dollars ($50,000.00)
exclusive of interest and costs and thus is not subject to compulsory arbitration under
Philadelphia Local Rule 1301.

7.      This Court has jurisdiction over this case under Pa. C.S.A. § 942.

8.      This Court has personal jurisdiction over ECFMG as ECFMG has its principal
place of business in Philadelphia and systematically and continually transacts business in
Pennsylvania.

9.      The Court of Common Pleas of Philadelphia County is the appropriate venue
under Pa. Rule 2179 (a) because ECFMG's principal place of business is located in Philadelphia
and ECFMG regularly conducts business in Philadelphia.

## FACTUAL ALLEGATIONS

### A.  The Role of the Defendant ECFMG in Certifying Foreign Medical Graduates

10.     A person who receives their medical education outside of the United States and
Canada is referred to as an international medical graduate ("IMG").  In order for an IMG to

3

Case ID: 181101690

practice medicine in the United States, the IMG must apply to the ECFMG, which verifies that the IMG has obtained a diploma from a medical school recognized by the country in which the school is situated; that the school is listed in the International Medical Education Directory; that the curriculum requirement is a minimum of 4 academic years; that the IMG has passed steps 1 and 2 of the United States Medical Licensing Examination (USMLE), has passed the Clinical Skills Assessment Examination and has passed the Test of English as a Foreign Language. Additionally, the ECFMG verifies the validity of primary source documentation such as diploma, transcript and other credentials. When all of this is satisfactorily completed, the ECFMG issues a certification to the IMG.

11.    To enter programs of graduate medical education in the United States accredited by the Accreditation Council for Graduate Medical Education ("ACGME"), IMG's must hold a standard ECFMG certificate without expired examination dates, if applicable. When an IMG applies to a residency program using the Electronic Residency Application Service ("ERAS"), the ECFMG automatically transmits an ECFMG status report to the residency program to which the IMG applies.

12.    The ERAS was developed by the Association of American Medical Colleges ("AAMC") to transmit residency applications and supporting documents, such as transcripts, letters of recommendation and medical student performance evaluations to residency program directors over the Internet. The ECFMG acts as "the dean's office" for all IMG's and supports the ERAS application process for those applicants. The ECFMG provides each IMG applicant with a unique identification number, known as a token, which allows the IMG applicant to access the AAMC's ERAS web site to complete the ERAS application. The IMG applicant also sends supporting documents to the ECFMG for scanning and transmission. ECFMG transmits

4

Case ID: 181101690

an ECFMG status report to the graduate program to which the IMG applies. The ECFMG also transmits the IMG applicants' USMLE transcript, as requested by the applicant. All documents are transmitted to the ERAS post office, where they are accessible to the residency programs.

13.    Generally speaking, application materials consist of a curriculum vitae, a copy of the universal residency application form, a cover letter addressed to each residency program director, evidence of graduation from medical school, ECFMG certification and letters of recommendation from U.S. physicians, along with a one-page personal statement detailing the unique qualifications of the applicant.

14.    Foreign national IMG's must obtain an appropriate Visa (or immigration status or work authorization) in order to participate in U.S. residency training. There are various visa options available for persons who seek entry into U.S. graduate medical programs.

**B.  ECFMG Certified Oluwafemi Charles Igberase under Multiple Fictitious Identities.**

15.    In or about October 1991, Oluwafemi Charles Igberase ("Igberase") came to the U.S. from Nigeria pursuant to a Nonimmigrant Visa. Igberase purportedly graduated from medical school in Nigeria; however, it is alleged that Igberase never attended or graduated from a medical school.

16.    In or about November 1991, Igberase applied for and obtained a social security number (XXX-XX-5054) using an April 17, 1962 date of birth and the name Oluwafemi Charles Igberase.

17.    In or about April 1992, Igberase submitted an application for certification by ECFMG using the 5054 social security number, an April 17, 1962 date of birth, and the name Oluwafemi Charles Igberase. On or about October 4, 1993 ECFMG issued Certificate 0-482-700-2 to Oluwafemi Charles Igberase.

5

Case ID: 181101690

18.    In or about March 1994, Igberase submitted a second application for certification by ECFMG using a false date of birth and a different name -- Igberase Oluwafemi Charles. On December 14, 1994 ECFMG issued Certificate 0-519-573-0 to Igberase under the fictitious name Igberase Oluwafemi Charles.

19.    In or about January 1995, Igberase applied for and obtained a second social security number (XXX-XX-9065) using a false date of birth.

20.    On November 27, 1995, the ECFMG Committee on Medical Education Credentials determined that Igberase fraudulently applied for and obtained two ECFMG certifications under two different names, thereafter revoking the certification issued to Oluwafemi Charles Igberase and invalidating the certification under the name Igberase Oluwafemi Charles.

21.    In or about August 1996, Igberase submitted yet a third application for certification to ECFMG, using a false Nigerian passport and a different name—John Charles Akoda. On August 18, 1997 ECFMG issued Certificate 0-553-258-5 to Igberase under the fictitious name John Charles Akoda (the "Akoda identity"). In 1998, Igberase using the Akoda identity, provided ECFMG with social security number 9065.

22.    In or about 1998, Igberase applied for a residency program at Jersey Shore Medical Center ("JSMC") under the Akoda identity. On or about July 1, 1998, he began a residency program at JSMC under the name Akoda.

23.    In or about September 1998, Igberase applied for and obtained a third social security number (XXX-XX-7353) using a false date of birth.

24.    In or about 1999, an individual applied for and obtained a social security number (XXX-XX-1623).

6

Case ID: 181101690

25.    On or about August 11, 2000, JSMC notified ECFMG that the individual they knew as Akoda had served as a resident in two other U.S. residency programs under the name Igberase and that this individual was using a social security number issued to Oluwafemi Charles Igberase. ECFMG was asked to investigate this matter.

26.    On or about August 29, 2000 in response to a request from ECFMG that he respond to the JSMC allegations, Igberase, utilizing the Akoda identity, corresponded to ECFMG, stating the JSMC allegations were false, representing that Igberase was his cousin and admitting to using Igberase's social security number.

27.    On or about September 27, 2000, Igberase, using the Akoda identity, went to ECFMG's office and met in person with William C. Kelly, Manager, Medical Education Credentials Department at ECFMG. Igberase, using the fictitious Akoda identity, told Kelly that he and Igberase were cousins and provided an obviously fraudulent passport and Nigerian international driver's license. Akoda again admitted to using Igberase's social security number.

28.    On or about December 21, 2000, JSMC advised ECFMG that the individual they knew as Akoda had been dismissed from its residency program for using a false social security number and false green card. ECFMG, however, took no action to restrict or retract the certification issued to Igberase under the fictitious Akoda identity.

29.    In or about 2006 Igberase applied for a residency at Howard University Hospital under the Akoda identity using the 1623 social security number assigned to another individual. He completed this program in 2011. He thereafter applied for and received on September 14, 2011 a Maryland medical license using the name "Charles John Nosa Akoda," a fake SSN, a fake permanent residence card and a fake Nigerian passport.

Case ID: 181101690

30.    In or about October 2011 Igberase obtained privileges and became a member of the medical staff at Prince George's Hospital Center under the name "Charles John Nosa Akoda," using a fake permanent resident card, a fake Maryland driver's license, fake Nigerian passport and fake letters of recommendation. Igberase began seeing patients at Prince George's Hospital Center under this fraudulent identity on or about November 5, 2011.

31.    In March 2012, the Center for Medicare and Medicaid Services("CMS") denied Igberase's application to enroll for Medicare reimbursement under the Akoda identity, which had utilized the same documentation used to gain privileges at Prince George's Hospital Center due to CMS' determination that he did not provide an accurate social security number.

32.    From 2008 through 2016, Igberase acted as a doctor practicing obstetrics and gynecology under the Akoda identity.  During that time, Igberase represented to the public and to the Plaintiffs that he possessed the degree of skill, knowledge and ability ordinarily possessed by a reasonably prudent OB/GYN practicing under the same or similar circumstances as those involving the Plaintiffs.

33.    For some of this time, Igberase, using the Akoda identity, acted as a doctor practicing obstetrics and gynecology with a medical practice owned by A. G. Chaudry, M.D. Between February 20, 2012 and June 4, 2012, Igberase was employed by Dimensions Healthcare Associates, Inc., which was the corporate entity that operated an ob-gyn practice group known as Dimensions Obstetrics and Gynecology Associates.

C.  **Criminal Investigation of Igberase's Conduct**

34.    On June 9, 2016, law enforcement executed search warrants at Igberase's residence, medical office and vehicle where they found fraudulent or altered documents related to immigration, medical diplomas, medical transcripts, letters of recommendation and birth certificates.

8

Case ID: 181101690

JA100

35.     On or about November 15, 2016 Igberase signed a plea agreement admitting to misuse of a social security account number.

36.     On or about December 19, 2016, ECFMG revoked certificate number 0-482-700-2 issued to "Akoda", based upon his plea agreement with the U.S. -- the same conduct Igberase had admitted to in 2000.

37.     On or about March 2, 2017, Igberase was sentenced by the United States District Court for the District of Maryland to six (6) months incarceration, three (3) years supervised release, home detention for six (6) months and an assessment of one hundred dollars ($100.00).

38.     Shortly thereafter in early 2017, Prince George's Hospital Center terminated Igberase's medical privileges.

39.     On or about July 10, 2017, the Maryland Board of Physicians revoked Igberase's medical license on the basis of a fraud and felony conviction.

### D.  Medical Treatment Rendered to the Plaintiffs.

40.     The Plaintiff Monique Russell was a patient of Igberase on or about May 25, 2016.  Igberase delivered Monique Russell's child through unplanned emergency cesarean section surgery.

41.     The Plaintiff Jasmine Riggins was a patient of Igberase between August 2012 and March 2013.  Igberase delivered Jasmine Riggins' child through unplanned emergency cesarean section surgery.

42.     The Plaintiff Elsa Powell was a patient of Igberase on or about September 17, 2014, and on several occasions thereafter.  Igberase delivered Elsa Powell's son on that date at Price Georges' Hospital Center.

43.     The Plaintiff Desire Evans was a patient of Igberase on or about March 17, 2016.  Igberase delivered her child on that date at Prince Georges' Hospital Center.

9

Case ID: 181101690

44.    The Plaintiffs and other similarly situated chose Igberase, who they knew as Akoda, as their obstetrician/gynecologist, on the basis of their belief that Akoda had obtained all necessary credentials and certifications required of physicians practicing in the United States, including certification from ECFMG.

45.    None of Igberase's patients, including those at Howard University Hospital, Prince Georges' Hospital Center, and the medical practice of Abdul G. Chaudry, M.D., knew Igberase's true identity, but rather knew him as Akoda.

46.    None of Igberase's patients, including those at Howard University Hospital, Prince Georges' Hospital Center, and the medical practice of Abdul G. Chaudry, M.D. gave consent to this physician impersonator to perform examinations, invasive procedures and surgeries on their persons.

47.    On many occasions, Igberase penetrated his patients with parts of his body through the vaginal canal and through the stomach in performing medical services. Additionally, Igberase performed inappropriate examinations of a sexual nature while utilizing inappropriate and explicit sexual language. Igberase's penetrations of his patients were clear boundary violations.

**CLASS ACTION ALLEGATIONS-PA RULE 1702**

48.    Named Plaintiffs bring this action on behalf of a Class which consists of:

> All patients examined and/or treated in any manner by Oluwafemi Charles Igberase (a/k/a Charles J. Akoda, M.D.).

49.    The Class as defined above, is identifiable. The Named Plaintiffs are members of the Class.

50.    The Class consists of more than one thousand (1,000) patients and is thus so numerous that joinder of all members is clearly impracticable.

10

Case ID: 181101690

51.    There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual Class Members.

52.    The common and predominating questions include, but are not limited to:

    a.    Whether Igberase committed boundary violations on class members.

    b.    Whether ECFMG's's' actions and/or alleged failures to act, including their alleged negligent failure to certify Igberase and properly investigate and deny or revoke Igberase certification directly and proximately resulted in foreseeable injuries or damages to Class Members

53.    The Claims or defenses of the Named/Representative Plaintiffs are typical of the claims or defenses of the respective members of the Class and are based on and arise out of similar facts constituting the wrongful conduct of ECFMG.

54.    Named Plaintiffs will fairly and adequately assert and protect the interests of the Class under the criteria set forth in Rule 1709.  The interests of Named Plaintiffs and of all other members of the class are identical.

55.    Named Plaintiffs are cognizant of their duties and responsibilities to the Class.

56.    Named Plaintiffs are committed to vigorously litigating this matter.

57.    Further, Named Plaintiffs have secured counsel experienced in handling class actions and complex litigation.

58.    Neither Named Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

59.    This action is properly maintained as a class action under Pa. Rule 1700 et seq. in that separate actions by individual members of the Class could create a risk of inconsistent or

11

Case ID: 181101690

varying adjudications with respect to individual members of the Class that could establish incompatible standards of conduct for Class Members as well as ECFMG.

60.    This action is properly maintainable as a class action pursuant to Pa. Rule 1700 et seq. in that separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not party to the adjudications, or would substantially impair or impede their ability to protect themselves.

61.    This action is also properly maintainable as a Class in that questions of law or fact common to members of the Class predominate over any questions affecting only individual members under Pa. Rule1700 et seq.

62.    A class action provides a fair and efficient method for adjudication of this controversy between the class and ECFMG under the criteria set forth in Rule 1708.

63.    The commonality of issues of law and fact in this case are clear.  Many of the members of the Class are unaware of their rights to prosecute a claim against ECFMG.  This class action can be managed without undue difficulty because Named Plaintiffs will vigorously pursue the interests of the Class by virtue of the fact that Named Plaintiffs have suffered the same injuries as other Class Members.

64.    The difficulties likely to be encountered in the management of a class action in this litigation are insignificant, especially when weighed against the virtual impossibility of affording adequate relief to the members of the Class through thousands of separate actions.

65.    The likelihood that individual members of the Class will prosecute separate actions is remote also because most class members do not know that a claim against ECFMG exists.

12

Case ID: 181101690

66.    Counsel for Named Plaintiffs and the Class is experienced in class actions and foresees little difficulty in the management of this case as a class action.

## COUNT I

### (Negligence)

67.    Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

68.    ECFMG holds itself out as protecting the public through its programs and services, including primary-source verification of physician credentials. ECFMG undertook to render certification services and primary source verification services, among others, for Igberase on multiple occasions, under multiple identifies, and to represent to Howard University Hospital, Prince George's Hospital Center, the Maryland Board of Physicians, among others, that Igberase was a bona fide medical doctor.  See Exhibit A, ECFMG Notice #101, dated March 1, 2017.

69.    ECFMG owed a duty to Plaintiffs and other members of the Class to carefully review Igberase's multiple applications for certification, appropriately perform primary source verification and to carefully investigate Igberase when it was informed that Igberase was using a false social security number, potentially a false name, and other false documentation.

70.    ECFMG, in breach of its duty, failed to detect that Igberase's medical school diploma was in the name of Johnbull Enosakhare Akoda, not John Charles Akoda or John Charles Nosa Akoda or John Nosa Akoda, all names used in documents submitted by Akoda.

71.    ECFMG was negligent in failing to learn that Akoda was Igberase.  Among other things, ECFMG knew that in August 2000 allegations had been made to the JSMC that Akoda and Igberase were the same person.  The JSMC notified ECFMG of this and told ECFMG that Akoda was using Igberase's social security number.

13

Case ID: 181101690

JA105

72. Igberase appeared at the offices of ECFMG on September 27, 2000 and told ECFMG that Igberase was his cousin and admitted he had used Igberase's social security number "pending INS clearance of his own social security number." Additionally, the passport Igberase provided to ECFMG at that meeting contained one too few numbers and could not have been valid.

73. There was no effort by ECFMG to authenticate the passport. In breach of its duty, ECFMG failed to take any action against Igberase for this misuse of a social security number.

74. Further in breach of its duty, ECFMG failed to compare the photograph of Igberase in its files with the person claiming to be Akoda who was sitting in ECFMG's office in Philadelphia. Had ECFMG done so, ECFMG would have known that Akoda and Igberase are the same person.

75. ECFMG, in breach of its duty, failed to advise the Howard University Hospital residency program, the Maryland Board of Physicians or Prince George's Hospital Center of the information in its files that Igberase may have had a previous certification that was revoked, that ECFMG had investigated whether Akoda is Igberase or that Igberase was barred under another certification.

76. ECFMG, in breach of its duty, and in breach of its own policies and procedures regarding irregular behavior, failed to take reasonable steps to verify the truth of the references submitted by Igberase when he applied for the residency program at Howard University Hospital under the Akoda identity. In 2006 Igberase submitted three (3) letters of recommendations through ERAS under the Akoda identity. ECFMG sent letters to each of the references, with copies of their respective alleged letters of recommendations, seeking to learn if they were

14

Case ID: 181101690

authentic. ECFMG did not receive responses from the supposed references. Nevertheless, ECFMG provided primary source verification to Howard University Hospital about "Akoda" – a fictitious identity.

77.     The numerous breaches of duty by ECFMG led to the fraudulent certification of Igberase, under various names, but for which he would not have been admitted to the Howard University Hospital residency program, he would not have received a Maryland medical license, he would not have obtained privileges at Prince George's Hospital Center, he would not have been able to practice medicine, and he would not have been able to cause the harms to Plaintiffs.

78.     ECFMG's numerous breaches of duty increased the risk of harm to Plaintiffs and other members of the Class by Igberase's conduct.

79.     ECFMG committed breaches of the duties owed to Named Plaintiffs and members of the Class including but not limited to the following:

    a.  negligently certifying Igberase under multiple fictitious identities;

    b.  negligently failing to properly investigate allegations that John Charles Akoda, Oluwafemi Charles Igberase and Igberase Oluwafemi Charles were the same person;

    c.  negligently failing to investigate the references provided by Igberase under the Akoda identity;

    d.  negligently failing to advise Howard University Hospital and Prince George's Hospital Center that Igberase had engaged in irregular behavior;

    e.  negligently failing to follow its own policies and procedures regarding irregular behavior;

15

Case ID: 181101690

      f.  (negligently failing to invalidate or revoke Igberase's certification under the Akoda identity; and

      g.  otherwise acting negligently.

80.    ECFMG's continuing breaches of duty constituted negligence, gross negligence, carelessness and recklessness, and represented outrageous and egregious conduct in reckless disregard of the Plaintiffs' safety.

81.    ECFMG's ongoing breaches of duty proximately caused the Named Plaintiffs and all class members physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment and other physical and emotional injuries, damages (both economic and non-economic) and permanent disability, in the past, present and future.

82.    ECFMG's negligence was the sole and proximate cause of the injuries, damages and permanent disability of Named Plaintiffs and class members with Named Plaintiffs and Class Members being in no way contributorily negligent.

83.    As a direct, proximate, immediate and foreseeable result of ECFMG's conduct, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages including but not limited to:

      a.  Great indignity, humiliation, shame, mortification and other injuries to their physical, mental, emotional and nervous systems;

      b.  Unwanted, harmful and offensive physical contact and touching by Igberase;

      c.  Severe mental anguish and psychological distress;

      d.  The cost past, present and future cost of medical care, including but not limited to therapy and psychological counseling; and

      e.  Lost earnings and diminished earnings capacity.

16

## COUNT II

### (Negligent Infliction of Emotional Distress)

84.     Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

85.     ECFMG owed a duty to Plaintiffs and other members of the Class to carefully review Igberase's multiple applications for certification, perform primary source verification and carefully investigate Igberase prior to certifying Igberase as a foreign medical graduate.

86.     ECFMG also owed a duty to the Plaintiffs and other members of the class to investigate reports and/or irregularities concerning Igberase's identity and take appropriate steps to restrict or revoke Igberase's ECFMG Certification after an appropriate investigation.

87.     ECMFG breached its duties to the Plaintiffs and other members of the Class by certifying Igeberase and allowing him to continue practicing under the Akoda identity for years after becoming aware of reports and other information indicating that Igberase was using a fraudulent identity.

88.     ECFMG knew, or should have known, that its negligent failure to appropriately perform primary source verification and carefully investigate Igberase would result in patients such as the Plaintiffs and other similarly situated coming under the care of persons, such as Igberase, who lack the appropriate credentials and qualifications to practice medicine, resulting in unwanted, harmful and offensive touching by Igberase and severe emotional distress to the Plaintiffs and other members of the Class.

89.     As a direct, proximate, immediate and foreseeable result of ECFMG's conduct and negligence, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages including but not limited to:

17

Case ID: 181101690

JA109

    a. Great indignity, humiliation, shame, mortification and other injuries to their physical, mental, emotional and nervous systems;

    b. Unwanted, harmful and offensive physical contact and touching by Igberase;

    c. Severe mental anguish and psychological distress;

    d. cost past, present and future cost of medical care, including but not limited to therapy and psychological counseling; and

    e. Lost earnings and diminished earnings capacity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

A.    assume jurisdiction of this case;

B.    enter an order certifying the Class under PA. RULE 1700 et seq.;

C.    appoint Named Plaintiffs as Class Representatives;

D.    appoint Named Plaintiffs' Counsel as Class Counsel;

E.    enter a judgment against ECFMG finding it liable to Named Plaintiffs and each Class Member;

F.    award compensatory damages to each class member in an amount which exceeds seventy-five thousand dollars;

G.    award the costs and expenses of this case, including attorneys' fees;

H.    award pre-judgment and post-judgment interest;

I.    award punitive damages; and

J.    award such other relief as the court deems appropriate.

Case ID: 181101690

JA110

Respectfully submitted,

CONRAD O'BRIEN

/s/ Nicholas M. Centrella
Nicholas M. Centrella, Esquire (I.D. No. 67666)
Howard M. Klein, Esquire (I.D. No. 33632)
Benjamin O. Present, Esquire (I.D. No. 322682)
Conrad O'Brien PC
1500 Market Street
Centre Square, West Tower, Suite 3900
Philadelphia, PA  19102-2100
(Tel) 215.864.9600/ (Fax) 215.864.9620
ncentrella@conradobrien.com

SCHOCHOR, FEDERICO AND STATON, P.A.

/s/ Jonathan Schochor
Jonathan Schochor  (Pro Hac Vice Forthcoming)
jschochor@sfspa.com
Lauren Schochor (Identification No. 87618)
lschochor@sfspa.com
Brent Ceryes (Pro Hac Vice Forthcoming)
bceryes@sfspa.com
The Paulton
1211 St. Paul Street
Baltimore, Maryland  21202
Phone: (410) 234-1000
Fax: (410) 234-1010

19

Case ID: 181101690

LAW OFFICES OF PETER G. ANGELOS, P.C.

/s/ Jay D. Miller
Jay D. Miller, Esq. (*Pro Hac Vice Forthcoming*)
jmiller@lawpga.com
Danielle S. Dinsmore (*Pro Hac Vice Forthcoming*)
ddinsmore@lawpga.com
Paul M. Vettori (*Pro Hac Vice Forthcoming*)
pvettori@lawpga.com
One Charles Center
100 N. Charles Street, 20th Floor
Baltimore, Maryland 21201
Telephone: (410) 649-2000
Facsimile: (410) 649-2150

**Dated:** November 14, 2018

Case ID: 181101690

JA112

# Exhibit A

Case ID: 181101690

⊚ **ECFMG**®    EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900 | 215-386-9767 Fax
www.ecfmg.org

Date: March 1, 2017

To:    American Medical Association
Australian Health Practitioner Regulation Agency
Australian Medical Council
Australian State and Territory Medical Boards
Bahamas Medical Council
Canadian Provincial Medical Licensing Boards
Danish Patient Safety Authority
Dubai Health Authority
Dutch Individual Healthcare Professions Register
Electronic Residency Application Service, AAMC
Federation of Medical Regulatory Authorities of Canada
Federation of State Medical Boards of the United States
General Medical Council of the United Kingdom

Health Professions Council of South Africa
Medical and Dental Council of Nigeria
Medical and Dental Practitioners Council of Zimbabwe
Medical Council of Canada
Medical Council of Ireland
Medical Council of New Zealand
National Board of Medical Examiners
National Resident Matching Program
Norwegian Directorate of Health
Other Medical Regulatory Authorities
Seychelles Medical and Dental Council
Uganda Medical and Dental Practitioners Council
U.S. Graduate Medical Education Staff
U.S. State Medical Licensing Authorities

From:    Lisa L. Cover, MHA
Senior Vice President for Business Development & Operations

Subject: Notice #101 – Irregular Behavior Cases and Associated Actions & Sanctions

The Educational Commission for Foreign Medical Graduates (ECFMG®) of the United States works on behalf of domestic and international medical regulatory authorities to protect the public through its programs and services, including primary-source verification of physician credentials. ECFMG considers all actions or attempted actions taken to subvert its processes, programs or services to be *irregular behavior*. The Medical Education Credentials Committee of the ECFMG Board of Trustees reviews allegations of irregular behavior and makes determinations about them in accordance with its policies and procedures. The following are actions and sanctions issued by the Medical Education Credentials Committee.

We hope that you find this information helpful as you work to protect the public. If you have any questions, please do not hesitate to contact me at lcover@ecfmg.org or 001-215-823-2107.

| Date of Action | Name & Identification # | Determination |
|---|---|---|
| *INDIVIDUALS FOUND TO HAVE ENGAGED IN IRREGULAR BEHAVIOR* | | |
| *Concerns Other Applicants* | | |

ECFMG® is an organization committed to promoting excellence in international medical education.

ECFMG-000023

Case ID: 181101690

ECFMG Actions,
Notification #101
Page 2 of 3



ECFMG-000024

Case ID: 181101690

ECFMG Actions,
Notification #101
Page 3 of 3

| UPDATE ON INDIVIDUAL SANCTIONED BY ECFMG | | |
|---|---|---|
| November 30, 2016 | AKODA, JOHN NOSA<br><br>ECFMG/USMLE 0-553-258-5<br><br>*Also Known As:* IGBERASE, OLUWAFEMI CHARLES*<br><br>ECFMG/USMLE 0-482-700-2<br><br>*Also Known As:* OLUWAFEMI, CHARLES IGBERASE*<br><br>ECFMG/USMLE 0-519-573-0<br><br>*Standard ECFMG Certificate had previously been permanently revoked by ECFMG.* | *Description*<br>• As part of an October 2016 plea agreement with the United States, applicant admitted to previously providing a falsified passport to ECFMG which he used to obtain ECFMG Certification under the alias John Nosa Akoda.<br><br>*Actions Taken & Sanctions*<br>• Permanent revocation of Standard ECFMG Certificate.<br>• Permanent annotation included on reports sent by ECFMG. |

ECFMG-000025

Case ID: 181101690

JA116

## VERIFICATION

I verify that the statements made in this Complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated _November 13, 2018_    _Mary M Ruhe_

Case ID: 181101690

<u>VERIFICATION</u>

I verify that the statements made in this Complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated __11/9/2018__    X _____

Case ID: 181101690

# EXHIBIT B

| Entity# : 601879 |
| Date Filed : 07/27/2018 |
| Pennsylvania Department of State |

**PENNSYLVANIA DEPARTMENT OF STATE**
**BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS**

CT - COUNTER

☐ Return document by ~~mail~~ to:
Name *11089117 50 3*
Address nicole.grimme@wolterskluwer.com
City ___ State ___ Zip Code ___
☒ Return document by email to: ___

**Statement of Domestication**
DSCB:15-375
(7/1/2015)

TCO180727MC0622

Read all instructions prior

Fee: $70

   In compliance with the requirements of the applicable provisions of 15 Pa.C.S. § 375 (relating to Statement of domestication), the undersigned entity, desiring to effect domestication, hereby states that:

**A.  For the domesticating entity:**

1. The type of association is (check only one):
   ☐ Business Corporation   ☐ Limited Partnership   ☐ Business Trust
   ☒ Nonprofit Corporation   ☐ Limited Liability (General) Partnership   ☐ Professional Association
   ☐ Limited Liability Company   ☐ Limited Liability Limited Partnership   ☐ Other ___

2. The name of the domesticating entity is:  Educational Commission for Foreign Medical Graduates

3. The jurisdiction of formation of the domesticating entity:  Illinois

4. Date on which the domesticating entity was created, incorporated or formed  08/03/1966
                                                                                    (MM/DD/YYYY)

5. Check and complete one of the following addresses.

| ☒ | If the domesticating entity is a domestic filing entity, domestic limited liability partnership or registered foreign association, the current registered office address as on file with the Department of State. *Complete part (a) OR (b) – not both:* |
|---|---|
| | (a) 3624 Market Street,        Philadelphia,        PA        19104        Philadelphia |
| |    Number and street      City      State      Zip      County |
| | (b) c/o: ___ |
| |    Name of Commercial Registered Office Provider      County |
| ☐ | If the domesticating entity is a domestic entity that is *not* a domestic filing entity or limited liability partnership, the address, including street number, if any, of its principal office: |
| |    Number and street      City      State      Zip      County |
| ☐ | If the domesticating entity is a nonregistered foreign association, the address, including street number, if any, of its registered or similar office, if any, required to be maintained by the law of its jurisdiction of formation; or if it is not required to maintain a registered or similar office, its principal office: |
| |    Number and street      City      State      Zip |

JUL 27  AM 9:52

DSCB:15-375-2

**B. For the domesticated entity:**

1. The name of the domesticated entity is: Educational Commission for Foreign Medical Graduates

2. The jurisdiction of formation of the domesticated entity: Pennsylvania

3. Check and complete one of the following addresses.

| | |
|---|---|
| ☑ | If the domesticated entity is a domestic filing entity, domestic limited liability partnership or registered foreign association, its registered office address. *Complete part (a) OR (b) – not both:*<br><br>(a) 3624 Market Street,   Philadelphia,   PA   19104   Philadelphia<br>    Number and street        City        State   Zip   County<br><br>(b) c/o: _____<br>    Name of Commercial Registered Office Provider                County |
| ☐ | If the domesticated entity is a domestic entity that is *not* a domestic filing entity or limited liability partnership, the address, including street and number, if any, of its principal office:<br><br>_____<br>    Number and street        City        State   Zip   County |
| ☐ | If the domesticated entity is a nonregistered foreign association, the address, including street and number, if any, of its registered or similar office, if any, required to be maintained by the law of its jurisdiction of formation; or if it is not required to maintain a registered or similar office, its principal office:<br><br>_____<br>    Number and street        City        State   Zip |

C. **Effective date of Statement of Domestication** (check, and if appropriate complete, one of the following):
  ☑ This Statement of Domestication shall be effective upon filing in the Department of State.
  ☐ This Statement of Domestication shall be effective on: _____ at _____
                                                          Date (MM/DD/YYYY)        Hour (if any)

D. **Approval of domestication by domesticating association** (check only one):
  ☐ For a domesticating entity that is a domestic entity – The domestication was approved in accordance with 15 Pa.C.S. Chapter 3, Subchapter B (relating to approval of entity transactions).
  ☑ For a domesticating entity that is foreign entity – The domestication was approved in accordance with 15 Pa.C.S. Chapter 3, Subchapter B, §373(b) (relating to approval of domestication).

E. **Check if applicable:**
  ☐ The domesticating entity is to be a domestic entity in both this Commonwealth and the foreign jurisdiction.

F. **Attachments** (see Instructions for required and optional attachments).

IN TESTIMONY WHEREOF, the undersigned association has caused this Statement of Domestication to be signed by a duly authorized officer thereof this **2 3** day of **July**, 20 **18**.

                                    Educational Commission for Foreign Medical Graduates
                                    _____
                                    Name of Domesticating Entity

                                    _____
                                    Signature

                                    Francine H. Katz, Senior VP and General Counsel
                                    _____
                                    Title

JA121

# EXHIBIT C

JA122

**PENNSYLVANIA DEPARTMENT OF STATE**
**BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS**

☐ Return documents by mail to:

**CT - COUNTER**

Name  I 1 0 8 9 1 1 7  S0 5

Address  nicole.grisme@wolterskluwer.com

City _____ State _____ Zip Code _____

☒ Return document by email to: _____

Articles of Incorporation - Nonprofit
DSCB:15-5306/7102
(rev. 2/2017)

5306

Read all instructions prior to completing. This form may be submitted online at https://www.corporations.pa.gov/.

Fee: $125    ☐ I qualify for a veteran/reservist-owned small business fee exemption (see instructions)

Check one: ☒ Domestic Nonprofit Corporation (§ 5306)    ☐ Nonprofit Cooperative Corporation (§ 7102)

In compliance with the requirements of the applicable provisions (relating to articles of incorporation or cooperative corporations generally), the undersigned, desiring to incorporate a nonprofit/nonprofit cooperative corporation, hereby state(s) that:

1. The name of the corporation is:
Educational Commission for Foreign Medical Graduates

2. *Complete part (a) or (b) – not both:*

(a) The address of this corporation's current registered office in this Commonwealth is:
*(post office box alone is not acceptable)*

| 3624 Market Street, | Philadelphia, | PA | 19104 | Philadelphia |
|---|---|---|---|---|
| Number and Street | City | State | Zip | County |

(b) The name of this corporation's commercial registered office provider and the county of venue is:

c/o: _____

| Name of Commercial Registered Office Provider | County |

3. The corporation is incorporated under the Nonprofit Corporation Law of 1988 for the following purpose or purposes.
See Exhibit A attached hereto

4. The corporation does not contemplate pecuniary gain or profit, incidental or otherwise.

5. *Check and complete one:* ☒ The corporation is organized on a nonstock basis.
☐ The corporation is organized on a stock share basis and the aggregate number of shares authorized is _____

PA037 – 2/20/2017 Wolters Kluwer Online

JA123

DSCB:15-5306/7102-2

---

**6.** *For unincorporated association incorporating as a nonprofit corporation only. Check if applicable:*

☐ The incorporators constitute a majority of the members of the committee authorized to incorporate such association by the requisite vote required by the organic law of the association for the amendment of such organic law.

---

**7.** *For Nonprofit Corporation Only:*

Check one: ☒ The corporation shall have no members.
☐ The corporation shall have members.

---

**8.** *For Nonprofit Cooperative Corporation Only:*

*Check and complete one:*

☐ The corporation is a cooperative corporation and the common bond of membership among its members is: _____

☐ The corporation is a cooperative corporation and the common bond of membership among its shareholders is: _____

---

**9.** The name(s) and address(es) of each incorporator(s) is (are) *(all incorporators must sign below):*

| Name(s) | Address(es) |
|---|---|
| Howard L. Meyers | Morgan, Lewis & Bockius LLP |
| | 1701 Market Street |
| | Philadelphia, PA 19103 |

---

**10.** The specified effective date, if any, is:

month    day    year    hour, if any

---

**11.** Additional provisions of the articles, if any, attach an 8½ x 11 sheet.

---

IN TESTIMONY WHEREOF, the incorporator(s) has/have signed these Articles of Incorporation this

*19th* day of _____ July _____ *2018* .

_Howard L. Meyers_
Signature  Howard L. Meyers

_____
Signature

_____
Signature

PA603 - 2/20/2017 Wolters Kluwer Online

JA124

## EXHIBIT "A"

### EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES

"(a.)    The corporation is organized and shall be operated exclusively for exempt purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code, as it may be amended.  In furtherance thereof, the purpose or purposes for which the corporation is organized are:

(i.)    To promote quality health care for the public by determining the readiness of international medical graduates to enter into graduate medical education in the United States through an evaluation of their educational qualifications and medical training, including verification of medical education credentials, administration of examinations and assessment of their ability to serve patients in the United States health care system;

(ii.)    To provide information and support services to international medical graduates interested in graduate medical education in the United States;

(iii.)    To verify the medical education credentials of physicians and other health care professionals worldwide and to provide research, consultation and other services to the medical and health professions educational and regulatory communities nationally and internationally;

(iv.)    To conduct research, gather data and disseminate information concerning international medical education programs, medical students and graduates of medical schools and to facilitate educational exchange programs in medicine and other health professions to improve health care worldwide;

(v.)    To improve international medical and health professions education through consultation and cooperation with medical schools, licensing authorities and other institutions relative to program development, standard setting and assessment; and

(vi.)    To engage in, and do any lawful act concerning, any activities that are incidental to and in pursuit of the foregoing purposes.

(b.)    No part of the net earnings of the corporation will inure to the benefit of or be distributable to its directors, officers or other private persons, except that the corporation shall be authorized and empowered to pay reasonable compensation for service rendered and to make payments and distributions in furtherance of the purposes set forth above.  No substantial part of the activities of the corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the corporation shall not participate in or intervene in (including the publishing or distribution of statements) any political campaign of any candidate for public office.  Notwithstanding any other provision of these articles, the corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from Federal income tax under Section 501(c)(3) of Internal Revenue Code of 1986 (or any corresponding provision of any future United States Internal Revenue Law) or (b) by a corporation contributions to which are deductible under Section 107(c)(2) of the Internal Revenue Code of 1986 (or the corresponding provision of any future United States Internal Revenue Law)."

DB1/ 85578730.2

JA125

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS ELSA M. POWELL, and DESIRE EVANS<br><br>*Plaintiffs*,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>*Defendant*. | Case No. 2:18-cv-05629-WB<br><br>Hon. Wendy Beetlestone |

## ANSWER TO CLASS ACTION CIVIL COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"), by and through its undersigned counsel, hereby answers the Class Action Civil Complaint (the "Complaint") filed by Plaintiffs Monique Russell, Jasmine Riggins, Desire Evans and Elsa Powell in accordance with the numbered paragraphs thereof as follows:

### PARTIES AND JURISDICTION[1]

1.    Plaintiff Monique Russell currently resides in Prince George's County, Maryland.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

2.    Plaintiff Jasmine Riggins currently resides in Washington, DC.

---

[1] The section headings included herein are included only for the purposes of organization and ease of reference, and ECFMG does not admit, but rather specifically denies, any factual or legal allegations in the headings used in the Complaint.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

3.    Plaintiff Elsa Powell currently resides in Prince George's County, Maryland

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

4.    Plaintiff Desire Evans currently resides in Charles County, Maryland.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

5.    Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") is a non-profit corporation organized under the laws of Illinois with its principal office in Philadelphia, Pennsylvania. Among other things, ECFMG certifies whether international medical graduates have met the minimum standards of eligibility for accredited residency and fellowship programs in the United States by verifying the validity of an IMG's medical school diploma and final medical school transcripts and insuring that the IMG's have taken and passed certain standardized examinations. ECFMG carries out its functions in all or virtually all 50 states and the District of Columbia.

**ANSWER**:    ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that, among other things, it certifies that foreign medical graduates have met certain minimum criteria for entry into graduate medical education in the United States.  The minimum criteria have changed over time and have included the primary source verification of

medical school diplomas and transcripts as well as the passage of certain standardized examinations. ECFMG admits that it is a non-profit corporation organized under the laws of Pennsylvania and headquartered in Philadelphia, Pennsylvania. ECFMG denies that it is organized under the laws of Illinois. ECFMG denies Plaintiffs' characterization that ECFMG "functions in all or virtually all 50 states and the District of Columbia."

6.      The matter in controversy exceeds the sum of fifty thousand dollars ($50,000.00) exclusive of interest and costs and thus is not subject to compulsory arbitration under Philadelphia Local Rule 1301.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required, they are, therefore, denied. To the extent that a response is required, ECFMG admits that Plaintiffs have alleged claims in excess of $50,000, but ECFMG denies the characterization that this matter would be subject to Philadelphia Local Rule 1301, because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.

7.      This Court has jurisdiction over this case under Pa. C.S.A. § 942.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent that a response is required, ECFMG denies the characterization that this matter would be subject to Pa. C.S.A. § 942, because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.

JA128

8.      This Court has personal jurisdiction over ECFMG as ECFMG has its principal place of business in Philadelphia and systematically and continually transacts business in Pennsylvania.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG admits that it is headquartered and regularly conducts business in Philadelphia, Pennsylvania.

9.      The Court of Common Pleas of Philadelphia County is the appropriate venue under Pa. Rule 2179 (a) because ECFMG's principal place of business is located in Philadelphia and ECFMG regularly conducts business in Philadelphia.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG admits that it is headquartered and regularly conducts business in Philadelphia, Pennsylvania.  ECFMG denies the characterization that this matter would be subject to Pa. Rule 2179(a), because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.

## FACTUAL ALLEGATIONS

### A.  The Role of the Defendant ECFMG in Certifying Foreign Medical Graduates

10.     A person who receives their medical education outside of the United States and Canada is referred to as an international medical graduate ("IMG"). In order for an IMG to practice medicine in the United States, the IMG must apply to the ECFMG, which verifies that the IMG has obtained a diploma from a medical school recognized by the country in which the school is

JA129

situated; that the school is listed in the International Medical Education Directory; that the curriculum requirement is a minimum of 4 academic years; that the IMG has passed steps 1 and 2 of the United States Medical Licensing Examination (USMLE), has passed the Clinical Skills Assessment Examination and has passed the Test of English as a Foreign Language. Additionally, the ECFMG verifies the validity of primary source documentation such as diploma, transcript and other credentials. When all of this is satisfactorily completed, the ECFMG issues a certification to the IMG.

**ANSWER**:    ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that an international medical graduate ("IMG") is a physician who received his/her basic medical degree or qualification from a medical school located outside the United States and Canada.  ECFMG admits that it issues certificates to IMGs who meet certain minimum criteria and that IMGs must apply to ECFMG to obtain ECFMG certification.  The minimum criteria have changed over time and have included the primary source verification of medical school diplomas and transcripts as well as the passage of certain standardized examinations.  ECFMG admits that other entities (over which it exerts no control) may choose to require ECFMG certification for their chosen purposes.  ECFMG denies allegations regarding the International Medical Education Directory as stated because it no longer exists as a stand-alone directory; for graduates of an international medical school to be eligible for ECFMG certification, there must be a Sponsor Note so-indicating from ECFMG for that medical school for that IMG's graduation year in the World Directory of Medical Schools.  ECFMG denies that IMGs "must apply to the ECFMG" to practice medicine in the United States.  ECFMG denies the remaining allegations of this paragraph.

JA130

11.     To enter programs of graduate medical education in the United States accredited by the Accreditation Council for Graduate Medical Education ("ACGME"), IMG's must hold a standard ECFMG certificate without expired examination dates, if applicable. When an IMG applies to a residency program using the Electronic Residency Application Service ("ERAS"), the ECFMG automatically transmits an ECFMG status report to the residency program to which the IMG applies.

**ANSWER**:     Denied as stated.  On information and belief, ECFMG admits that ACGME chooses to require ECFMG certification for IMGs applying to graduate medical education programs that are ACGME-accredited.  ECFMG admits that when an eligible IMG applies to a residency program using the ERAS, ECFMG automatically transmits an ECFMG status report to the residency program to which the eligible IMG applies.  ECFMG denies that ECFMG certificates expire.  ECFMG denies the remaining allegations of this paragraph.

12.     The ERAS was developed by the Association of American Medical Colleges ("AAMC") to transmit residency applications and supporting documents, such as transcripts, letters of recommendation and medical student performance evaluations to residency program directors over the Internet. The ECFMG acts as "the dean's office" for all IMG's and supports the ERAS application process for those applicants. The ECFMG provides each IMG applicant with a unique identification number, known as a token, which allows the IMG applicant to access the AAMC's ERAS web site to complete the ERAS application. The IMG applicant also sends supporting documents to the ECFMG for scanning and transmission. ECFMG transmits an ECFMG status report to the graduate program to which the IMG applies. The ECFMG also

JA131

transmits the IMG applicants' USMLE transcript, as requested by the applicant. All documents are transmitted to the ERAS post office, where they are accessible to the residency programs.

**ANSWER**:    ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits the allegations of the first three sentences of this paragraph.  ECFMG admits that when an eligible IMG applies to a residency program using the ERAS, ECFMG automatically transmits an ECFMG status report to the residency program to which the eligible IMG applies and may transmit the IMG applicant's USMLE transcript as requested by the IMG applicant.  ECFMG denies that it scans documents for IMGs because that practice has been discontinued.  ECFMG denies that documents are transmitted to the "ERAS post office" because that term is no longer used.  ECFMG denies the remaining allegations of this paragraph.

13.    Generally speaking, application materials consist of a curriculum vitae, a copy of the universal residency application form, a cover letter addressed to each residency program director, evidence of graduation from medical school, ECFMG certification and letters of recommendation from U.S. physicians, along with a one-page personal statement detailing the unique qualifications of the applicant.

**ANSWER**:    ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits only that in connection with an IMG's application to a residency program, ECFMG may upload to ERAS materials that include an IMG's Medical Student Performance Evaluation ("MSPE"), medical school transcript, letters of recommendation, and ECFMG status report.  ECFMG admits that an IMG's common application form may include a personal statement and a curriculum vitae.  ECFMG denies the remaining allegations of this paragraph.

JA132

14.    Foreign national IMG's must obtain an appropriate Visa (or immigration status or work authorization) in order to participate in U.S. residency training. There are various visa options available for persons who seek entry into U.S. graduate medical programs.

**ANSWER**:    Admitted.

**B. ECFMG Certified Oluwafemi Charles Igberase under Multiple Fictitious Identities.**

15.    In or about October 1991, Oluwafemi Charles Igberase ("Igberase") came to the U.S. from Nigeria pursuant to a Nonimmigrant Visa. Igberase purportedly graduated from medical school in Nigeria; however, it is alleged that Igberase never attended or graduated from a medical school.

**ANSWER**:    ECFMG denies the allegation that Igberase never attended or graduated from a medical school.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

16.    In or about November 1991, Igberase applied for and obtained a social security number (XXX-XX-5054) using an April 17, 1962 date of birth and the name Oluwafemi Charles Igberase.

**ANSWER**:    ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits only that a social security number ending with 5054 and associated with a birth date of April 17, 1962 was included in a prior application to ECFMG under the name Oluwafemi Charles Igberase.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

JA133

17.    In or about April 1992, Igberase submitted an application for certification by ECFMG using the 5054 social security number, an April 17, 1962 date of birth, and the name Oluwafemi Charles Igberase. On or about October 4, 1993 ECFMG issued Certificate 0-482-700-2 to Oluwafemi Charles Igberase.

**ANSWER**:    The allegations in this paragraph refer to an application to ECFMG for examination and an ECFMG certificate that were not attached to the Complaint and are written documents that speak for themselves, and Plaintiffs' characterization of them is, therefore, denied. To the extent that a response is required, ECFMG admits that a social security number ending with 5054 and associated with a birth date of April 17, 1962 was included in a prior application to ECFMG for examination under the name Oluwafemi Charles Igberase submitted in April 1992. ECFMG admits that it issued Certificate 0-482-700-2 to that applicant on October 4, 1993.

18.    In or about March 1994, Igberase submitted a second application for certification by ECFMG using a false date of birth and a different name -- Igberase Oluwafemi Charles. On December 14, 1994 ECFMG issued Certificate 0-519-573-0 to Igberase under the fictitious name Igberase Oluwafemi Charles.

**ANSWER**:    The allegations in this paragraph refer to an application to ECFMG for examination and an ECFMG certificate that were not attached to the Complaint and are written documents that speak for themselves, and Plaintiffs' characterization of them is, therefore, denied. To the extent that a response is required, ECFMG admits in part and denies in part the allegations of this paragraph.  ECFMG admits that an applicant, using the name Igberase Oluwafemi Charles and the date of birth April 17, 1961 submitted an application to ECFMG for examination in March 1994.  ECFMG admits that it issued Certificate 0-519-573-0 to that applicant on December 14,

JA134

1994.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and they are, therefore, denied.

19.    In or about January 1995, Igberase applied for and obtained a second social security number (XXX-XX-9065) using a false date of birth.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

20.    On November 27, 1995, the ECFMG Committee on Medical Education Credentials determined that Igberase fraudulently applied for and obtained two ECFMG certifications under two different names, thereafter revoking the certification issued to Oluwafemi Charles Igberase and invalidating the certification under the name Igberase Oluwafemi Charles.

**ANSWER**:    The allegations in this paragraph refer to a November 27, 1995 decision by ECFMG's Medical Education Credentials Committee that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  To the extent that a response is required, ECFMG admits that Dr. Igberase Oluwafemi Charles applied to ECFMG for examination and obtained two ECFMG certifications under an altered name and changed date of birth.  ECFMG further admits that it invalidated Certificate 0-519-573-0 and revoked Certificate 0-482-700-2.  ECFMG denies the remaining allegations of this paragraph.

21.    In or about August 1996, Igberase submitted yet a third application for certification to ECFMG, using a false Nigerian passport and a different name—John Charles Akoda. On August

18, 1997 ECFMG issued Certificate 0-553-258-5 to Igberase under the fictitious name John Charles Akoda (the "Akoda identity"). In 1998, Igberase using the Akoda identity, provided ECFMG with social security number 9065.

     **ANSWER**:   ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that an applicant, using the name John Nosa Akoda, a social security number ending with 9065, and the date of birth January 1, 1959, submitted an application to ECFMG for examination in January 1996. ECFMG denies that the application was submitted in or about August 1996. ECFMG admits that it issued Certificate 0-553-258-5 to John Nosa Akoda on August 18, 1997. ECFMG denies that it issued Certificate 0-553-258-5 to John Charles Akoda. ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

     22.    In or about 1998, Igberase applied for a residency program at Jersey Shore Medical Center ("JSMC") under the Akoda identity. On or about July 1, 1998, he began a residency program at JSMC under the name Akoda.

     **ANSWER**:   ECFMG admits in part and denies in part the allegations of this paragraph. On information and belief, ECFMG admits only that the ECFMG applicant who received Certificate 0-553-258-5 participated in a residency program at JSMC. ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

     23.    In or about September 1998, Igberase applied for and obtained a third social security number (XXX-XX-7353) using a false date of birth.

JA136

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

24.    In or about 1999, an individual applied for and obtained a social security number (XXX-XX-1623).

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

25.    On or about August 11, 2000, JSMC notified ECFMG that the individual they knew as Akoda had served as a resident in two other U.S. residency programs under the name Igberase and that this individual was using a social security number issued to Oluwafemi Charles Igberase. ECFMG was asked to investigate this matter.

**ANSWER**:    The allegations of this paragraph refer to an August 11, 2000 correspondence that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.

26.    On or about August 29, 2000 in response to a request from ECFMG that he respond to the JSMC allegations, Igberase, utilizing the Akoda identity, corresponded to ECFMG, stating the JSMC allegations were false, representing that Igberase was his cousin and admitting to using Igberase's social security number.

**ANSWER**:  The allegations of this paragraph refer to an August 29, 2000 correspondence that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.

JA137

27.    On or about September 27, 2000, Igberase, using the Akoda identity, went to ECFMG's office and met in person with William C. Kelly, Manager, Medical Education Credentials Department at ECFMG. Igberase, using the fictitious Akoda identity, told Kelly that he and Igberase were cousins and provided an obviously fraudulent passport and Nigerian international driver's license. Akoda again admitted to using Igberase's social security number.

**ANSWER**:    ECFMG admits in part and denies in part the allegations of this paragraph. On information and belief, ECFMG admits that an individual purporting to be Akoda met in person with ECFMG employee William C. Kelly in September 2000.  On information and belief, ECFMG further admits that the individual purporting to be Akoda provided a Nigerian passport and international driving permit, and said that Igberase Charles was his cousin and that he used his cousin's social security number.  ECFMG denies the remaining allegations of this paragraph.

28.    On or about December 21, 2000, JSMC advised ECFMG that the individual they knew as Akoda had been dismissed from its residency program for using a false social security number and false green card. ECFMG, however, took no action to restrict or retract the certification issued to Igberase under the fictitious Akoda identity.

**ANSWER**:    The allegations of this paragraph refer to a December 21, 2000 correspondence that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  To the extent that a response is required, ECFMG admits only that JSMC told ECFMG that Akoda had been dismissed for using a false social security number and providing a green card that was inconsistent with a green card

JA138

Akoda previously provided to the program.  ECFMG denies the remaining allegations of this paragraph.

29.    In or about 2006 Igberase applied for a residency at Howard University Hospital under the Akoda identity using the 1623 social security number assigned to another individual. He completed this program in 2011. He thereafter applied for and received on September 14, 2011 a Maryland medical license using the name "Charles John Nosa Akoda," a fake SSN, a fake permanent residence card and a fake Nigerian passport.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

30.    In or about October 2011 Igberase obtained privileges and became a member of the medical staff at Prince George's Hospital Center under the name "Charles John Nosa Akoda," using a fake permanent resident card, a fake Maryland driver's license, fake Nigerian passport and fake letters of recommendation. Igberase began seeing patients at Prince George's Hospital Center under this fraudulent identity on or about November 5, 2011.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

31.    In March 2012, the Center for Medicare and Medicaid Services ("CMS") denied Igberase's application to enroll for Medicare reimbursement under the Akoda identity, which had utilized the same documentation used to gain privileges at Prince George's Hospital Center due to CMS' determination that he did not provide an accurate social security number.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

32.    From 2008 through 2016, Igberase acted as a doctor practicing obstetrics and gynecology under the Akoda identity. During that time, Igberase represented to the public and to the Plaintiffs that he possessed the degree of skill, knowledge and ability ordinarily possessed by a reasonably prudent OB/GYN practicing under the same or similar circumstances as those involving the Plaintiffs.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

33.    For some of this time, Igberase, using the Akoda identity, acted as a doctor practicing obstetrics and gynecology with a medical practice owned by A. G. Chaudry, M.D. Between February 20, 2012 and June 4, 2012, Igberase was employed by Dimensions Healthcare Associates, Inc., which was the corporate entity that operated an ob-gyn practice group known as Dimensions Obstetrics and Gynecology Associates.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

### C.  Criminal Investigation of Igberase's Conduct

34.    On June 9, 2016, law enforcement executed search warrants at Igberase's residence, medical office and vehicle where they found fraudulent or altered documents related to immigration, medical diplomas, medical transcripts, letters of recommendation and birth certificates.

15

JA140

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

35.    On or about November 15, 2016 Igberase signed a plea agreement admitting to misuse of a social security account number.

**ANSWER**:    The allegations in this paragraph refer to a "plea agreement" that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.

36.    On or about December 19, 2016, ECFMG revoked certificate number 0-482-700-2 issued to "Akoda", based upon his plea agreement with the U.S. -- the same conduct Igberase had admitted to in 2000.

**ANSWER**:    The allegations in this paragraph refer to a decision ECFMG made as reflected in Notification 101, which is attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  To the extent that a response is required, ECFMG denies that it revoked Certificate 0-482-700-2 on December 19, 2016, because this certificate had already been revoked.

37.    On or about March 2, 2017, Igberase was sentenced by the United States District Court for the District of Maryland to six (6) months incarceration, three (3) years supervised release, home detention for six (6) months and an assessment of one hundred dollars ($100.00).

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

38.     Shortly thereafter in early 2017, Prince George's Hospital Center terminated Igberase's medical privileges.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.


39.     On or about July 10, 2017, the Maryland Board of Physicians revoked Igberase's medical license on the basis of a fraud and felony conviction.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.


**D.  Medical Treatment Rendered to the Plaintiffs.**

40.     The Plaintiff Monique Russell was a patient of Igberase on or about May 25, 2016. Igberase delivered Monique Russells child through unplanned emergency cesarean section surgery.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.


41.     The Plaintiff Jasmine Riggins was a patient of Igberase between August 2012 and March 2013. Igberase delivered Jasmine Riggins' child through unplanned emergency cesarean section surgery.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

JA142

42.    The Plaintiff Elsa Powell was a patient of Igberase on or about September 17, 2014, and on several occasions thereafter. Igberase delivered Elsa Powell's son on that date at Price Georges' Hospital Center.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

43.    The Plaintiff Desire Evans was a patient of Igberase on or about March 17, 2016. Igberase delivered her child on that date at Prince Georges' Hospital Center.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

44.    The Plaintiffs and other similarly situated chose Igberase, who they knew as Akoda, as their obstetrician/gynecologist, on the basis of their belief that Akoda had obtained all necessary credentials and certifications required of physicians practicing in the United States, including certification from ECFMG.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

45.    None of Igberase's patients, including those at Howard University Hospital, Prince Georges' Hospital Center, and the medical practice of Abdul G. Chaudry, M.D., knew Igberase's true identity, but rather knew him as Akoda.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

JA143

46.     None of Igberase's patients, including those at Howard University Hospital, Prince Georges' Hospital Center, and the medical practice of Abdul G. Chaudry, M.D. gave consent to this physician impersonator to perform examinations, invasive procedures and surgeries on their persons.

**ANSWER**:   ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

47.     On many occasions, Igberase penetrated his patients with parts of his body through the vaginal canal and through the stomach in performing medical services. Additionally, Igberase performed inappropriate examinations of a sexual nature while utilizing inappropriate and explicit sexual language. Igberase's penetrations of his patients were clear boundary violations.

**ANSWER**:   ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

## CLASS ACTION ALLEGATIONS-PA RULE 1702

48.     Named Plaintiffs bring this action on behalf of a Class which consists of: All patients examined and/or treated in any manner by Oluwafemi Charles Igberase (a/k/a Charles J. Akoda, M.D.).

**ANSWER**:   ECFMG admits that Plaintiffs purport to bring their claims on behalf of the proposed class stated in Paragraph 48.  ECFMG denies that class certification is appropriate in this matter.  ECFMG denies the remaining allegations of this paragraph.

JA144

49.    The Class as defined above, is identifiable. The Named Plaintiffs are members of the Class.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG denies the remaining allegations of this paragraph.

50.    The Class consists of more than one thousand (1,000) patients and is thus so numerous that joinder of all members is clearly impracticable.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG denies the remaining allegations of this paragraph.

51.    There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual Class Members.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG denies the remaining allegations of this paragraph.

52.    The common and predominating questions include, but are not limited to:

a.    Whether Igberase committed boundary violations on class members.

JA145

      b.      Whether ECFMG's' actions and/or alleged failures to act, including their alleged negligent failure to certify Igberase and properly investigate and deny or revoke Igberase certification directly and proximately resulted in foreseeable injuries or damages to Class Members

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG denies the remaining allegations of this paragraph.

53.    The Claims or defenses of the Named/Representative Plaintiffs are typical of the claims or defenses of the respective members of the Class and are based on and arise out of similar facts constituting the wrongful conduct of ECFMG.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

54.    Named Plaintiffs will fairly and adequately assert and protect the interests of the Class under the criteria set forth in Rule 1709. The interests of Named Plaintiffs and of all other members of the class are identical.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required,

JA146

ECFMG denies that class certification is appropriate in this matter.  ECFMG also denies the characterization that this matter would be subject to Pa. Rule 1709, because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

55.     Named Plaintiffs are cognizant of their duties and responsibilities to the Class.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

56.     Named Plaintiffs are committed to vigorously litigating this matter.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

JA147

57.    Further, Named Plaintiffs have secured counsel experienced in handling class actions and complex litigation.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

58.    Neither Named Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

59.    This action is properly maintained as a class action under Pa. Rule 1700 et seq. in that separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications with respect to individual members of the Class that could establish incompatible standards of conduct for Class Members as well as ECFMG.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG also denies the

characterization that this matter would be subject to Pa. Rule 1700 et seq., because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.  ECFMG denies the remaining allegations of this paragraph.

60.     This action is properly maintainable as a class action pursuant to Pa. Rule 1700 et seq. in that separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not party to the adjudications, or would substantially impair or impede their ability to protect themselves.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG also denies the characterization that this matter would be subject to Pa. Rule 1700 et seq., because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.  ECFMG denies the remaining allegations of this paragraph.

61.     This action is also properly maintainable as a Class in that questions of law or fact common to members of the Class predominate over any questions affecting only individual members under Pa. Rule1700 et seq.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG also denies the characterization that this matter would be subject to Pa. Rule 1700 et seq., because this matter was

JA149

removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018. ECFMG denies the remaining allegations of this paragraph.

62.    A class action provides a fair and efficient method for adjudication of this controversy between the class and ECFMG under the criteria set forth in Rule 1708.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter. ECFMG also denies the characterization that this matter would be subject to Pa. Rule 1708, because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018. ECFMG denies the remaining allegations of this paragraph.

63.    The commonality of issues of law and fact in this case are clear. Many of the members of the Class are unaware of their rights to prosecute a claim against ECFMG. This class action can be managed without undue difficulty because Named Plaintiffs will vigorously pursue the interests of the Class by virtue of the fact that Named Plaintiffs have suffered the same injuries as other Class Members.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter. ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

JA150

64.     The difficulties likely to be encountered in the management of a class action in this litigation are insignificant, especially when weighed against the virtual impossibility of affording adequate relief to the members of the Class through thousands of separate actions.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG denies the remaining allegations of this paragraph.

65.     The likelihood that individual members of the Class will prosecute separate actions is remote also because most class members do not know that a claim against ECFMG exists.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

66.     Counsel for Named Plaintiffs and the Class is experienced in class actions and foresees little difficulty in the management of this case as a class action.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

JA151

## COUNT I

### (Negligence)

67.    Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

**ANSWER**:    ECFMG incorporates its responses to the previous paragraphs as though fully set forth herein.

68.    ECFMG holds itself out as protecting the public through its programs and services, including primary-source verification of physician credentials. ECFMG undertook to render certification services and primary source verification services, among others, for Igberase on multiple occasions, under multiple identifies, and to represent to Howard University Hospital, Prince George's Hospital Center, the Maryland Board of Physicians, among others, that Igberase was a bona fide medical doctor. See Exhibit A, ECFMG Notice #101, dated March 1, 2017.

**ANSWER**:    The allegations of this paragraph refer to the content of ECFMG Notification #101, which is attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  Moreover, the allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

69.    ECFMG owed a duty to Plaintiffs and other members of the Class to carefully review Igberase's multiple applications for certification, appropriately perform primary source

27

JA152

verification and to carefully investigate Igberase when it was informed that Igberase was using a false social security number, potentially a false name, and other false documentation.

**ANSWER**:   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.

70.   ECFMG, in breach of its duty, failed to detect that Igberase's medical school diploma was in the name of Johnbull Enosakhare Akoda, not John Charles Akoda or John Charles Nosa Akoda or John Nosa Akoda, all names used in documents submitted by Akoda.

**ANSWER**:   The allegations of this paragraph refer to a diploma that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  Moreover, the allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG admits only that ECFMG received a diploma in the name of Johnbull Enosakhare Akoda.  ECFMG denies the remaining allegations of this paragraph.

71.   ECFMG was negligent in failing to learn that Akoda was Igberase. Among other things, ECFMG knew that in August 2000 allegations had been made to the JSMC that Akoda and Igberase were the same person. The JSMC notified ECFMG of this and told ECFMG that Akoda was using Igberase's social security number.

**ANSWER**:   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, the allegations of this paragraph refer to an August 11, 2000 correspondence that was not attached to

JA153

the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.

72.    Igberase appeared at the offices of ECFMG on September 27, 2000 and told ECFMG that Igberase was his cousin and admitted he had used Igberase's social security number "pending INS clearance of his own social security number." Additionally, the passport Igberase provided to ECFMG at that meeting contained one too few numbers and could not have been valid.

**ANSWER**:    ECFMG incorporates its response to Paragraph 27 as though fully set forth herein.  Moreover, the allegations of this paragraph refer to a passport that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

73.    There was no effort by ECFMG to authenticate the passport. In breach of its duty, ECFMG failed to take any action against Igberase for this misuse of a social security number.

**ANSWER**:    The allegations of this paragraph refer to a passport that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  Moreover, the allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

74.    Further in breach of its duty, ECFMG failed to compare the photograph of Igberase in its files with the person claiming to be Akoda who was sitting in ECFMG's office in

29

Philadelphia. Had ECFMG done so, ECFMG would have known that Akoda and Igberase are the same person.

**ANSWER**:    The allegations of this paragraph refer to a photograph that was not attached to the Complaint and is a document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  Moreover, the allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.


75.    ECFMG, in breach of its duty, failed to advise the Howard University Hospital residency program, the Maryland Board of Physicians or Prince George's Hospital Center of the information in its files that Igberase may have had a previous certification that was revoked, that ECFMG had investigated whether Akoda is Igberase or that Igberase was barred under another certification.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.


76.    ECFMG, in breach of its duty, and in breach of its own policies and procedures regarding irregular behavior, failed to take reasonable steps to verify the truth of the references submitted by Igberase when he applied for the residency program at Howard University Hospital under the Akoda identity. In 2006 Igberase submitted three (3) letters of recommendations through

JA155

ERAS under the Akoda identity. ECFMG sent letters to each of the references, with copies of their respective alleged letters of recommendations, seeking to learn if they were authentic. ECFMG did not receive responses from the supposed references. Nevertheless, ECFMG provided primary source verification to Howard University Hospital about "Akoda" — a fictitious identity.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG admits only that in 2006 it sent letters to individuals who had submitted letters of recommendation in support of Dr. John Nosa Akoda, the individual associated with Certificate 0-553-258-5.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.


77.    The numerous breaches of duty by ECFMG led to the fraudulent certification of Igberase, under various names, but for which he would not have been admitted to the Howard University Hospital residency program, he would not have received a Maryland medical license, he would not have obtained privileges at Prince George's Hospital Center, he would not have been able to practice medicine, and he would not have been able to cause the harms to Plaintiffs.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

31

78.    ECFMG's numerous breaches of duty increased the risk of harm to Plaintiffs and other members of the Class by Igberase's conduct.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

79.    ECFMG committed breaches of the duties owed to Named Plaintiffs and members of the Class including but not limited to the following:

a.    negligently certifying Igberase under multiple fictitious identities;

b.    negligently failing to properly investigate allegations that John Charles Akoda, Oluwafemi Charles Igberase and Igberase Oluwafemi Charles were the same person;

c.    negligently failing to investigate the references provided by Igberase under the Akoda identity;

d.    negligently failing to advise Howard University Hospital and Prince George's Hospital Center that Igberase had engaged in irregular behavior;

e.    negligently failing to follow its own policies and procedures regarding irregular behavior;

f.    (negligently failing to invalidate or revoke Igberase's certification under the Akoda identity; and

g.    otherwise acting negligently.

**ANSWER**:    The allegations of this paragraph and its subparts contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph and its subparts.

JA157

80.    ECFMG's continuing breaches of duty constituted negligence, gross negligence, carelessness and recklessness, and represented outrageous and egregious conduct in reckless disregard of the Plaintiffs' safety.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

81.    ECFMG's ongoing breaches of duty proximately caused the Named Plaintiffs and all class members physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment and other physical and emotional injuries, damages (both economic and non-economic) and permanent disability, in the past, present and future.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

82.    ECFMG's negligence was the sole and proximate cause of the injuries, damages and permanent disability of Named Plaintiffs and class members with Named Plaintiffs and Class Members being in no way contributorily negligent.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

JA158

83.    As a direct, proximate, immediate and foreseeable result of ECFMG's conduct, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages including but not limited to:

      a.    Great indignity, humiliation, shame, mortification and other injuries to their physical, mental, emotional and nervous systems;

      b.    Unwanted, harmful and offensive physical contact and touching by Igberase;

      c.    Severe mental anguish and psychological distress;

      d.    The cost past, present and future cost of medical care, including but not limited to therapy and psychological counseling; and

      e.    Lost earnings and diminished earnings capacity.

**ANSWER**:    The allegations of this paragraph and its subparts contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph and its subparts.

## COUNT II

### (Negligent Infliction of Emotional Distress)

84.    Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

**ANSWER**:    ECFMG incorporates its responses to the previous paragraphs as though fully set forth herein.

JA159

85.     ECFMG owed a duty to Plaintiffs and other members of the Class to carefully review Igberase's multiple applications for certification, perform primary source verification and carefully investigate Igberase prior to certifying Igberase as a foreign medical graduate.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.  ECFMG denies that class certification is appropriate in this matter.

86.     ECFMG also owed a duty to the Plaintiffs and other members of the class to investigate reports and/or irregularities concerning Igberase's identity and take appropriate steps to restrict or revoke Igberase's ECFMG Certification after an appropriate investigation.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.  ECFMG denies that class certification is appropriate in this matter.

87.     ECMFG [sic] breached its duties to the Plaintiffs and other members of the Class by certifying Igeberase and allowing him to continue practicing under the Akoda identity for years after becoming aware of reports and other information indicating that Igberase was using a fraudulent identity.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required,

ECFMG denies the allegations of this paragraph. ECFMG denies that class certification is appropriate in this matter.

88.    ECFMG knew, or should have known, that its negligent failure to appropriately perform primary source verification and carefully investigate Igberase would result in patients such as the Plaintiffs and other similarly situated coming under the care of persons, such as Igberase, who lack the appropriate credentials and qualifications to practice medicine, resulting in unwanted, harmful and offensive touching by Igberase and severe emotional distress to the Plaintiffs and other members of the Class.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent that a response is required, ECFMG denies the allegations of this paragraph. ECFMG denies that class certification is appropriate in this matter.

89.    As a direct, proximate, immediate and foreseeable result of ECFMG's conduct and negligence, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages including but not limited to:

a.    Great indignity, humiliation, shame, mortification and other injuries to their physical, mental, emotional and nervous systems;

b.    Unwanted, harmful and offensive physical contact and touching by Igberase;

c.    Severe mental anguish and psychological distress;

36

JA161

      d.      cost past, present and future cost of medical care, including but not limited to therapy and psychological counseling; and

      e.      Lost earnings and diminished earnings capacity

**ANSWER**:    The allegations of this paragraph and its subparts contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph and its subparts.  ECFMG denies that class certification is appropriate in this matter.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

A.      assume jurisdiction of this case;

B.      enter an order certifying the Class under PA. RULE 1700 et seq.;

C.      appoint Named Plaintiffs as Class Representatives;

D.      appoint Named Plaintiffs' Counsel as Class Counsel;

E.      enter a judgment against ECFMG finding it liable to Named Plaintiffs and each Class Member;

F.      award compensatory damages to each class member in an amount which exceeds seventy-five thousand dollars;

G.      award the costs and expenses of this case, including attorneys' fees;

H.      award pre judgment and post-judgment interest;

I.      award punitive damages; and

J.      award such other relief as the court deems appropriate.

**ANSWER**:    In response to the PRAYER FOR RELIEF, ECFMG denies that Plaintiffs or any putative class members are entitled to any type of remedy, relief, or damages whatsoever,

JA162

including the relief requested in Plaintiffs' Prayer for Relief. ECFMG denies the remaining allegations of this paragraph.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiffs and the putative class members, and expressly denying any and all wrongdoing, ECFMG alleges the following Affirmative Defenses. ECFMG presently has insufficient knowledge or information to form a belief as to whether there are additional defenses than those stated below. Therefore, ECFMG expressly reserves the right to assert additional defenses.

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims, and the claims of each purported class member, are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiffs' claims, and the claims of each purported class member, are barred, in whole or in part, by the economic loss doctrine.

4. Plaintiffs' claims, and the claims of each purported class member, are barred, in whole or in part, by the doctrines of consent, estoppel, agreement, release, disclosure, and/or waiver.

5. Plaintiffs' claims, and the claims of each purported class member, are barred, in whole or in part, by the doctrines of comparative negligence and/or assumption of the risk.

6. Plaintiffs' claims, and the claims of each purported class member, are barred, in whole or part, to the extent they lack standing.

7. Plaintiffs' claims, and the claims of each purported class member, are barred because the Plaintiffs have not suffered any actual injury or damage.

JA163

8.      Any losses alleged by Plaintiffs were not caused by any fault, act, or omission by ECFMG, but were caused by circumstances, entities or persons, including Plaintiffs, for which ECFMG is not responsible and cannot be held liable.

9.      Any losses alleged by Plaintiffs were not caused by any fault, act, or omission by ECFMG, but were caused by intervening and/or superseding causes.

10.     The claims of Plaintiffs and/or members of the putative class are barred to the extent ECFMG owes no duty to Plaintiffs and/or members of the putative class, not did ECFMG breach any duty.

11.     The claims of Plaintiffs and/or members of the putative class are barred, in whole or in part, to the extent the alleged injuries and/or damages, if any, were not caused in fact or proximately caused by any acts and/or omissions by ECFMG.

12.     The claims of Plaintiffs and/or members of the putative class are barred, in whole or in part by the absence of ECFMG committing actions of such an outrageous nature as to demonstrate willful, wanton, or reckless conduct or with reckless disregard to the rights of others.

13.     Plaintiffs' negligent infliction of emotional distress claim, or those claims for members of the putative class are barred, in whole or part, due to lack of these individuals suffering severe emotional distress.

14.     The claims of Plaintiffs and/or members of the putative class are barred, in whole or in part by the doctrine of charitable immunity.

15.     Plaintiffs and/or members of the putative class have failed to mitigate their purported damages.

16.     Plaintiffs are not entitled to certification of this action as a class action because they cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) or (b) in this case.

JA164

Respectfully submitted

DATED:  February 6, 2019          */s/ Brian W. Shaffer*
Brian W. Shaffer, PA Bar No. 78851
Elisa P. McEnroe, PA Bar No. 206143
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:     +1.215.963.5917
Facsimile:     +1.215.963.5001
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com

*Attorney for the Educational Commission for*
*Foreign Medical Graduates*

40

JA165

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this date, I caused true and correct copies of the foregoing

document to be served via electronic filing upon the following counsel of record via the ECF

system and/or e-mail:

> Nicholas M. Centrella
> CONRAD O'BRIEN
> 1500 Market Street, Centre Square
> West Tower 39th Floor
> Philadelphia, PA 19102
> Tel: 215-864-8098
> Fax: 215-864-0798
> Email: ncentrella@conradobrien.com
>
> *Attorneys for Plaintiffs*

DATED:  February 6, 2019          */s/ Brian W. Shaffer*
                                   Brian W. Shaffer

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL AND DESIRE EVANS,** | **CIVIL ACTION NO. 18-5629** |
| **Plaintiffs,** | |
| **v.** | |
| **EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,** | |
| **Defendant.** | |

## <u>MOTION FOR CLASS CERTIFICATION</u>

Plaintiffs Monique Russell, Jasmine Riggins, Elsa Powell, and Desire Evans, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Motion for Class Certification. The Motion is based upon the accompanying Memorandum of Law in Support of Class Certification and its attached exhibits, the files, records, and pleadings in this matter, and arguments of counsel.

Plaintiffs respectfully request a hearing on this Motion.

Dated: <u>October 7, 2019</u>                    Respectfully submitted,

CONRAD O'BRIEN PC                         SCHOCHOR, FEDERICO AND STATON

<u>/s/ Nicholas M. Centrella</u>                  <u>/s/ Brent Ceryes</u>
Nicholas M. Centrella, Esquire (Pa. I.D. No.      Jonathan Schochor jschoehor@sfspa.com
67666)                                    (*pro hac vice*
Howard M. Klein, Esquire (Pa. I.D. No.            Lauren Schochor (Identification No. 87618)
33632)                                    lsehochor@sfspa.corn
Benjamin O. Present, Esquire (Pa. I.D. No.        Brent Ceryes (*pro hac vice*)
322682)                                    bceryes@sfspa.com
1500 Market Street, Suite 3900                    Phil Federico (*pro hac vice*)
Philadelphia, PA 19102-2100                       The Paulton
Telephone: (215) 864-9600                         1211 St. Paul Street

Baltimore, Maryland 21202
Phone: (410) 234-1000
Fax: (410) 234-1010

LAW OFFICES OF PETER G. ANGELOS,
P.C.

*/s/ Paul M. Vettori*
Danielle S. Dinsmore (*pro hac vice*)
ddinsmore@lawpga.com
Paul M. Vettori (*pro hac vice*)
pvettori@lawpga.com
One Charles Center
100 N. Charles Street, 20th Floor
Baltimore, Maryland 21201
Telephone: (410) 649-2000
Fax: (410) 649-2150

THE COCHRAN FIRM

*/s/ Karen Evans*
Karen E. Evans, R.N., J.D. (*pro hac vice*)
kevans@cochranfirm.com
1100 New York Ave, N.W.
Washington, D.C. 20005
Telephone: (202) 682-5800

JANET, JANET & SUGGS, LLC

*/s/ Patrick Thronson*
Patrick A. Thronson (*pro hac vice*)
pthronson@JJSjustice.com
Executive Centre at Hooks Lane
4 Reservoir Circle, Suite 200
Baltimore, MD 21208
Telephone: (410) 653-3200
Fax: (410) 653-9030

*Attorneys for Plaintiffs*

JA168

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL AND DESIRE EVANS,** | **CIVIL ACTION NO. 18-5629** |
| **Plaintiffs,** | |
| **v.** | |
| **EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,** | |
| **Defendant.** | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

## **TABLE OF CONTENTS**

Table of Contents ............................................................................................... ii

Table of Authorities .......................................................................................... iii

Factual Background ............................................................................................1

Class Representatives ........................................................................................7

Experts ...............................................................................................................8

Argument .........................................................................................................10

   I.  Certifying the common issues satisfies Rule 23(a)...................................11

      A.  The class members are sufficiently numerous................................12

      B.  There are common questions of fact and law.................................13

      C.  The claims of the named Plaintiffs are typical of those of the class. ....................15

      D.  The adequacy requirement is satisfied here. .................................16

   II.  Plaintiffs also satisfy the requirements of Rule 23(c)(4)...................17

   A.  Certification of liability or the Common Issues satisfies the ascertainability requirement, if that requirement even applies............................................18

   B.  Certification of the issue of liability or the Common Issues satisfies Rule 23(c)(4)...20

   CONCLUSION ............................................................................................25

JA170

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Adkisson v. Jacobs Eng'g Grp., Inc.,*
  370 F. Supp. 3d 826 (E.D. Tenn. 2019) ................................................................. 15
*Amchem Prods. v. Windsor,*
  521 U.S. 617 (1997) ............................................................................................... 12
*Amgen, Inc. v. Conn. Retirement Plans and Trust Funds,*
  568 U.S. 455 (2013) ............................................................................................... 12
*Baby Neal v. Casey,*
  43 F.3d 48 (3d Cir. 1994) ................................................................................ 16, 18
*Byrd v. Aaron's Inc.*
  784 F.3d 154 (3d Cir. 2015) .................................................................................. 18
*Cannon v. Cherry Hill Toyota,*
  184 F.R.D. 540 (D.N J, 1999) ............................................................................... 13
*Carrera v. Bayer Corp.,*
  727 F.3d 300 (3d Cir. 2013) .................................................................................. 18
*Castano v. Am. Tobacco Co.,*
  84 F.3d 734 (5th Cir. 1996) ................................................................................... 19
*Chiang v. Veneman,*
  385 F.3d 256 (3d Cir. 2004) ...................................................................... 14, 19, 21
*Gates v. Rohm & Haas Co.,*
  655 F.3d 255 (3d Cir. 2011) ............................................................................ 19, 20
*Gonzalez v. Corning,*
  885 F.3d 186 (3d Cir. 2018) ............................................................................ 12, 20
*Griffith v. United Air Lines, Inc.,*
  203 A.2d 796 (Pa. 1964) ........................................................................................ 23
*Gulf Oil Co. v. Bernard,*
  452 U.S. 89 (1981) ................................................................................................. 12
*Gunnells v. Healthplan Serv., Inc.,*
  348 F.3d 417 (4th Cir. 2003) ................................................................................. 15
*Hohider v. United Parcel Serv., Inc.,*
  574 F.3d 169 (3d Cir. 2009) ............................................................................ 20, 21
*In re Deepwater Horizon,*
  739 F.3d 790 (5th Cir. 2014) ................................................................................. 20
*In re Hydrogen Peroxide Antitrust Litig.,*
  552 F.3d 305 (3d Cir. 2008) .................................................................................. 12
*In re Paoli R.R. Yard PCB Litig.,*
  113 F.3d 444 (3d Cir. 1997) ............................................................................ 24, 25
*In re Titanium Dioxide Antitrust Litig.,*
  284 F.R.D. 328 (D. Md. 2012) .............................................................................. 25
*In re Warfarin Sodium Antitrust Litig.,*
  391 F.3d 516 (3d Cir. 2004) .................................................................................. 16

JA171

*Jane Doe 30 v. Bradley,*
   2012 WL 5949216 (Del. Super. Nov. 19, 2012) ........................................................ 17

*Johnston v. HBO Film Mgmt., Inc.,*
   265 F.3d 178 (3d Cir. 2001) ........................................................................................ 13

*Lisa v. Saxon Mortgage Servs.*
   Nos. 11-4586, 12-5366, 2016 WL 5930846 (E.D. Pa. 2016) .................................... 19

*Marcus v. BMW of N. Am., LLC,*
   687 F.3d 583 (3d Cir. 2012) .................................................................................. 14, 18

*Martin v. Behr,*
   896 F.3d 405 (6th Cir. 2018) ............................................................................... passim

*Mielo v. Steak 'n Shake Operations, Inc.,*
   897 F.3d 467 (3d Cir. 2018) ........................................................................................ 13

*Robinson v. Metro-North Commuter R.R. Co.,*
   267 F.3d 147 (2d Cir. 2001) ........................................................................................ 24

*Steering Comm. v. Exxon Mobil Corp.,*
   461 F.3d 598 (5th Cir. 2006) ....................................................................................... 20

*Sullivan v. DB Investments, Inc.,*
   667 F.3d 273 (3d Cir. 2011) .................................................................................. 11, 12

*Wallace v. Powell,*
   No. 3:09-CV-0291, 2013 WL 2042369 (M.D. Pa. May 14, 2013) .............................. 15

*Wal-Mart Stores Inc. v. Dukes,*
   131 S. Ct. 2541 (2011) ................................................................................................ 13

*Young v. Nationwide Mut. Ins. Co.,*
   693 F.3d 532 (6th Cir. 2012) ...................................................................................... 14

## **RULES**

Federal Rule of Civil Procedure 23(a) ........................................................................ passim
Federal Rule of Civil Procedure 23(c)(4) ................................................................... passim

## **OTHER AUTHORITIES**

Newberg on Class Actions, § 4:89 (5th ed. 2012) .................................................... 19, 24
Principles of the Law of Aggregate Litigation §§ 2.02 ................................................... 20
Restatement (Second) of Torts § 313 ...................................................................... 11, 14
Restatement (Second) of Torts § 324A .................................................................... 11, 14
Restatement (Second) of Torts § 876 ...................................................................... 11, 14

Plaintiffs Monique Russell, Jasmine Riggins, Elsa Powell, and Desire Evans, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of Motion for Class Certification.

## FACTUAL BACKGROUND

This action arises from allegations that Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") was negligent in failing to properly investigate and provide certification to Oluwafemi Igberase a/k/a Charles Akoda, which enabled Akoda to enter a medical residency program in obstetrics and gynecology at Howard University in Washington, D.C. and go on to treat hundreds of women at Howard and in Prince George's County, Maryland—despite the fact that he obtained certification from ECFMG based on identity and document fraud. As Plaintiffs allege, and as internal memoranda document, ECFMG knew of Igberase's fraud, but failed to adequately investigate it or refer Igberase's conduct to ECFMG's Medical Education Credentials Committee. ECFMG failed to inform state medical boards, residency programs, and hospitals of Igberase's fraud, even as they submitted reports to these entities upon request that attested that Igberase was appropriately certified. As a result, hundreds of women were sexually assaulted by Igberase: they were examined in the most intimate fashion, without knowing that Igberase had been certified and allowed to practice medicine based on identity fraud—information that ECFMG clearly knew but chose not to disclose to the health care entities that relied on it for primary source verification. Many experienced touching and comments that in and of themselves constituted sexual assault, sexual harassment, a boundary

1

violation, or medical malpractice. Plaintiffs never would have consented to being examined or treated by Igberase had they known the true state of affairs.

ECFMG's stated mission is to promote quality health care for the public by certifying international medical graduates for entry into U.S. graduate medical education. *See* Ex. 1. To accomplish its mission, ECFMG, among other things, verifies credentials and provides other services to healthcare professionals worldwide. *Id.*

Persons who receive their medical education outside of the United States and Canada are referred to as International Medical Graduates ("IMG's"). *See* Ex. 2. In order for an IMG to practice medicine in the United States, the IMG must apply to ECFMG, which verifies that the IMG has obtained a diploma from a medical school recognized by the country in which the school is situated; that the school is listed in the International Medical Education Directory; that the curriculum requirement is a minimum of 4 academic years; that the IMG has passed steps 1 and 2 of the United States Medical Licensing Examination (USMLE), has passed the Clinical Skills Assessment Examination and has passed the Test of English as a Foreign Language. *See* Ex. 3 at 1–2. Additionally, the ECFMG uses primary source verification of the IMG's diploma. *Id.* When all of this is satisfactorily completed, the ECFMG issues a certificate to the IMG. *Id.*

To enter programs of graduate medical education in the United States accredited by the American College of Graduate Medical Education ("ACGME"), IMG's must hold a valid ECFMG certificate. *See* Ex. 3 at 1. When an IMG applies to a residency program using the Electronic Residency Application Service ("ERAS"), ECFMG automatically transmits an ECFMG certification status report to the residency program to which the IMG applies. Ex. 4. ECFMG provides each IMG applicant with a unique identification number, known as a token, which allows the IMG applicant to access the AAMC's ERAS web site to complete the ERAS

JA174

application. *Id.* The IMG applicant also sends supporting documents to the ECFMG for scanning and transmission. *Id.* The ECFMG also transmits the IMG applicants' USMLE transcript, as requested by the applicant. *Id.*

An IMG must have ECFMG certification to enter an accredited residency program and obtain a state medical license unless the state exercises its authority to make a special exception. Ex. 45 at 230–31.ECFMG has undertaken to provide hospitals with a service to verify a physician's credentials, which fulfills the hospital's obligation to perform primary-source verification. *Id.* at 48–50. As discussed, ECFMG has also undertaken to provide the same service to residency programs. *Id.* at 45.

On April 6, 1992 ECFMG received an application from Oluwafemi Charles Igberase ("Igberase") to take the foreign medical graduate examination in Medical Sciences and the ECFMG English Test. *See* Ex. 5 at 0000155. He provided ECFMG with a diploma from the University of Ibadan dated June 19, 1987. *See* Ex. 6. Igberase failed both the basic medical science and clinical science components of the FMGEMS and passed the ECFMG English test. Ex. 7 at 0000075. He failed the Day 1 test again but passed it on the third try. *Id.* On October 4, 1993, after he successfully completed steps 1 and 2 of the USMLE, ECFMG issued to him certificate number 0-482-700-2. *See* Ex. 8 at 0003572.

On March 30, 1994, ECFMG received an application from "Igberase Oluwafemi Charles" ("Charles") to take Steps 1 and 2 of the USMLE examinations. Ex. 9 at 0000407. He provided a date of birth that was different than the date of birth provided by Igberase. The diploma he submitted was the identical diploma that had been submitted by Igberase. On December 14, 1994, after Charles successfully completed the USMLE examinations, ECFMG issued to him certificate number 0-519-573-0.

<div align="center">3</div>

ECFMG subsequently began to investigate whether Igberase and Charles were the same person. Ex. 8 at 0003572–73. Igberase/Charles explained his actions in a handwritten letter dated July 14, 1995 in which he admitted he had lied about not taking the examination previously and why he rearranged his names. *See* Ex. 10 at 0000433–37. As Igberase explained, he applied under a false identity because he had been rejected from residency programs for repeatedly failing the USMLE examinations. *Id.* at 0000433–34.

The ECFMG Committee on Medical Education Credentials found that Igberase/Charles had engaged in "irregular behavior," invalidated certificate number 0-519-573-0 issued to Charles and revoked certificate number 0-482-700-2 issued to Igberase. Ex. 11.[1] Charles appealed the decision which led to a hearing on July 10, 1996. Ex. 12. The ECFMG Review Committee for Appeals affirmed the decision of the ECFMG Committee on Medical Education Credentials to revoke certificate number 0-482-700-2 but limited the length of the revocation to a period of five years from July 10, 1996, i.e., to July 10, 2001. Ex. 14. Ultimately, ECFMG revoked permanently this certificate. Ex. 15.

On January 3, 1996 and again on August 30, 1996, ECFMG received an application from "John Nosa Akoda" to take Steps 1 and 2 of the USMLE examinations. Ex. 16 at 0000703, Ex. 17 at 0000643. He provided ECFMG with a diploma from the University of Benin dated February 6, 1998. Ex. 18. On August 18, 1998, after he successfully completed the required examinations, ECFMG issued to him certificate number 0-553-258-5. *See* Ex. 19. At some time in 1998 he provided ECFMG with social security number xxx-xx- 9065. *See* Ex. 20, 22.

---

[1] Irregular behavior is defined as "all actions … on the part of applicants … that would or could subvert the … certification … processes of ECFMG …." Ex. 12.

4

In July 1998, Akoda entered the graduate residency program at Jersey Shore Medical Center. *See* Ex. 20. On July 24, 1998, ECFMG received a Request for Permanent Revalidation of Standard ECFMG Certificate from Akoda due to his having entered this program. On September 2, 1998, ECFMG sent this validated form. *See* Ex. 20.

By letter dated August 11, 2000 from Dr. James McCorkel, ECFMG was notified that the Jersey Shore Medical Center graduate residency program in which Akoda was enrolled was investigating allegations that Akoda had used a social security number issued to a person named Oluwafemi Charles Igberase. *See* Ex. 21. ECFMG advised Dr. McCorkel that Akoda had provided ECFMG with social security no. xxx-xx-9065. *See* Ex. 22 at 0000552. This is the same number Akoda provided to the Jersey Shore Medical Center. *See* Ex. 21.

ECFMG sent Akoda a "charge letter" dated August 22, 2000 advising that ECFMG had received information alleging that Akoda may have engaged in irregular behavior. *See* Ex. 23 at 0004194–95. Akoda responded by representing to ECFMG that Igberase Oluwafemi Charles was his cousin and admitting that he had used his cousin's social security number. *See* Ex. 24. Akoda presented a purported Nigerian passport and a Nigerian "international driving permit." Ex. 25.

In December 2000, ECFMG learned that Jersey Shore Medical Center dismissed Akoda from its graduate residency program because he used a false social security number – that of his cousin Charles Igberase - and because the green card he had provided the hospital was inconsistent with a subsequent green card he also provided. Ex. 26. In a December 22, 2000 memorandum, William Kelly, Manager of the Medical Education Credentials Department of ECFMG, advised in a memorandum intentionally not made part of the official file that he and Dr. McCorkel both believed Igberase and Akoda were the same person. Ex. 27. But he concluded that he did not think there was enough information to refer the matter to the ECFMG

JA177

Credentials Committee for investigation. *Id.* Per Kelly, if it had been, "the irregular behavior he would have been charged with would be providing false information to ECFMG on an application, among other things." Ex. 33 at 158:1–3.

The members of ECFMG's Board and Credentials Committee had no awareness of the matter until November 2016. Ex. 45 at 171. This contrasted with ECFMG's practice of referring an allegation to the Committee for investigation if a charge letter was sent. Ex. 45 at 82. ECFMG never notified anyone outside the organization that Akoda had been dismissed from the Jersey Shore residency program, such as the hospitals and medical boards to which it provided reports verifying Akoda's ECFMG certification status. Ex. 45 at 181–82.

In October 2006, Akoda used the ERAS of ECFMG to apply to Howard University Medical Center for a graduate residency program, which included three purported letters of reference. Ex. 28. Although he was not part of the ERAS process (Ex. 33 at 161:22–24), William Kelly of ECFMG attempted to verify the authenticity of these three letters of reference (Ex. 29) because he had concerns about Akoda's credibility (*id.* at 200:18–23). Kelly did not typically take this action with regard to residency applicants. *Id.* at 205:15–20. He never received responses from the persons passed off as references for Akoda. *Id.*

In or about October 2011 Akoda obtained privileges and became a member of the medical staff at Prince George's Hospital Center under the name "Charles John Nosa Akoda" which was different than the name on his ECFMG certification and also using a fake permanent resident card, a fake Maryland driver's license, fake Nigerian passport and fake letters of recommendation. Ex. 30 at 0000019. Akoda began seeing patients at Prince George's Hospital Center on or about November 5, 2011. ECF No. 1, Ex. A at ¶ 30.

On June 9, 2016, law enforcement executed search warrants at Akoda's residence, medical office and vehicle where they found fraudulent or altered immigration documents, medical diplomas, medical transcripts, letters of recommendation and birth certificates. ECF No. 1, Ex. A at ¶ 34. On November 15, 2016, Akoda signed a plea agreement admitting to misuse of a social security account number and admitting to being Igberase. Ex. 30 at 0000020. On December 19, 2016, ECFMG revoked certificate number 0-482-700-2 issued to Akoda, based upon his plea agreement with the U.S. Ex. 31. In 2017, Akoda was sentenced by the United States District Court for the District of Maryland to six (6) months incarceration, followed by probation. ECF No. 1, Ex. A at ¶ 37. Prince George's Hospital Center then terminated his privileges and the Maryland Board of Physicians revoked his medical license. *Id.* at ¶¶ 38–39. In 2017, ECFMG revoked Akoda's certification (Ex. 45 at 224–225) on the basis of his plea bargain (*id.* at 170-171).

As Plaintiffs allege, none of Igberase's patients (the Plaintiffs and others similarly situated) knew his true identity or of his fraudulent background and conduct. ECF No. 1, Ex. A at ¶¶ 44–45. Moreover, none of Igberase's patients were capable of giving informed consent to be touched by him. *Id.* at ¶ 46. On many occasions, Igberase touched and penetrated his patients without consent and on false pretenses, constituting battery, and committed ongoing boundary violations by performing inappropriate examinations of a sexual nature and utilizing inappropriate language. *Id.* at ¶ 47.

## <u>CLASS REPRESENTATIVES</u>

### A.    Monique Russell

Monique Russell is a 42 year old resident of Annapolis, Maryland. Ex. 33 at 12. Akoda delivered her son in 2016. *Id.* at 41. Ms. Russell became aware of Akoda's and ECFMG's

JA179

conduct through various sources. *Id.* at 47–50. She has suffered from emotional distress as a result of learning about Akoda's conduct. *Id.* at 75. Ms. Russell is pursuing the class action in part because she believes that every woman who has ever been a patient of Akoda should know that he is not a real doctor. *Id.*

### B.    Jasmine Riggins

Ms. Riggins is a 27 year old mother of three children. Ex. 35 at 20. She lives in Washington, DC. *Id.* She was a patient of Akoda between August 2012 and March 2013. *Id.* at 121. Akoda delivered her second child by C-section. *Id.* As a result of what she learned about Akoda, she has suffered emotional distress. *Id.* at 56.

### C.    Elsa Powell

Ms. Powell is a 32 year old mother of five children. Ex. 36 at 7, 19. Ms. Powell initially encountered Igberase upon presentation to the medical office of Abdul Chaudry, M.D. in 2014. *Id.* at 40, 94. Igberase, claiming to be Akoda, delivered her child at Prince George's Hospital Center. *Id.* at 42, 88. Ms. Powell has experienced emotional distress after learning that Igberase treated her on false pretenses, and is prepared to speak on behalf of others in connection with her role as a class representative. *Id.* at 96.

### D.    Desire Evans

Desire Evans is a 40 year old mother of one child. Ex. 37 at 8, 13. Ms. Evans first encountered Igberase, whom she knew as Charles Akoda, at Prince George's Hospital Center for the delivery of her child in March of 2018. *Id.* at 83. Ms. Evans has suffered emotional distress upon learning that physician whom she trusted for medical care misrepresented his identity. *Id.* at 165, 172. Ms. Evans understands her role as a class representative and is willing to speak as a representative on behalf of others who were treated by Igeberase. *Id.* at 153, 183.

## **EXPERTS**

Plaintiffs have retained six experts to opine on the issues of liability and damages.

**David Samuel Markenson, M.D., MBA, FAAP, FACEP, FCCM, FACHE** is a health care physician executive with experience in leadership roles, including Division Vice President, Chief Medical Officer, Vice President, Medical Director, Section Chief, Academic Chairman, Center Director and Designated Institutional Official with a publicly traded national hospital corporation, large regional health system, academic medical center, medical school, municipal hospitals and community hospital. Dr. Markenson has issued a report which identifies various breaches in the standards of care by ECFMG. Dr. Markenson states in his report that these breaches in the standards of care permitted Igberase to practice medicine under the fictitious Akoda identity and has caused harm to the Plaintiffs and the members of the class. Ex. 38 at 3.

**John Charles Hyde, II, Ph.D., FACHE**, is a health care consultant and retired Professor in the field of healthcare management. Dr. Hyde provides expertise and advice to hospitals, healthcare organizations, healthcare trade/professional associations, on topics including administration, provider credentialing, employee management, and other various healthcare related needs. Dr. Hyde has issued a report identifying breaches in the standards of care which have caused harm to the Plaintiffs and the class. *See* Ex. 39 at 7.

**Jonathan Burroughs, M.D., MBA, FACHE, FAAPL** is a physician and healthcare consultant with experience in various hospital administrative roles. Dr. Burroughs has issued a report in which he offers his opinion that ECFMG breached its duty to the public, as set forth in their own mission statement and other publications. *See* Ex. 40 at 30.

**Jerry Williamson, M.D., FAAP, MJ, CHC, LHRM** is a physician and hospital administrator, having held administrative positions as a Chief Medical Officer, Medical Director,

JA181

and Vice President for Medical Affairs in both the ambulatory and inpatient settings. In these positions, Dr. Williamson served on and chaired credentialing committees. Dr. Williamson has offered a report which concludes that ECFMG failed to act in a reasonable and prudent manner which has directly impacted patient safety. Ex. 41 at 6.

**Christine Tellefsen, M.D.** is a psychiatrist affiliated with the Mercy Medical Center in Baltimore, Maryland and the University of Maryland Medical Center. Dr. Tellefsen's report summarizes the result of several independent medical examinations performed on the representative Plaintiffs, and describes the breach of trust suffered by patients associated with fraudulent conduct on the part of physicians—particularly in the context of obstetric care. Dr. Tellefsen concludes that each of the representative plaintiffs reported shock, dismay, anger, recrimination and guilt, and were all distress upon learning of Igberase's conduct. *See generally* Ex. 42.

**Annie Steinberg, M.D.** is a psychiatrist with a Clinical Professor faculty appointment in the Department of Psychiatry at The Perelman School of Medicine at the University of Pennsylvania. Dr. Steinberg has conducted a survey completed by 306 presumed patients of Igberase. Dr. Steinberg found consistency in terms of damages across the women surveyed, and concluded that the misconduct of Oluwafemi Charles Igberase has resulted in degrees of confusion, anxiety, depression, avoidance and fear of medical caregivers, and the loss of trust in medical providers and health care institutions among those she surveyed. Ex. 43 at 21.

## <u>ARGUMENT</u>

Plaintiffs seek an order providing for class certification as to "all patients examined and/or treated in any manner by Oluwafemi Charles Igberase (a/k/a Charles J. Akoda, M.D.)" (ECF No. 1, Ex. A at ¶ 48), on two alternate grounds, both pursuant to Federal Rule of Civil

10

JA182

Procedure 23(c)(4). The first option ("Option A") is certification on liability only for the causes of action of the class members: negligence (ECF No. 1 at 27–30) and negligent infliction of emotional distress (ECF No. 1 at 31–32). In the alternative, Plaintiffs seek certification of the following issues classes) ("Option B"):

1. Whether ECFMG undertook or otherwise owed a duty to class members who were patients of Igberase;

2. Whether ECFMG breached its duty to class members;

3. Whether ECFMG undertook or otherwise owed a duty to hospitals and state medical boards, such that ECFMG may be held liable for foreseeable injuries to third persons such as class members pursuant to Restatement (Second) of Torts § 324A;

4. Whether ECFMG breached its duty to hospitals and state medical boards;

5. Whether the emotional distress and other damages alleged by Plaintiffs and class members were a foreseeable result of ECFMG's conduct;

6. Whether ECFMG's conduct involved an unusual risk of causing emotional distress to others under Restatement (Second) of Torts § 313;

7. Whether ECFMG is subject to liability under Restatement (Second) of Torts § 876 for assisting Igberase in committing fraud;

8. Whether ECFMG knew or should have known that Akoda was, in fact, Igberase;

9. Whether it was foreseeable that ECFMG's' actions and/or alleged failures to act, including their alleged negligent failure to certify Igberase and properly investigate and deny or revoke Igberase certification, could result in emotional distress experienced by Class Members.

For the following reasons, Plaintiffs contend that certification under either Option A or Option B is permitted under Rule 23 and would materially advance the termination of the litigation.

**I.** **Certifying the common issues satisfies Rule 23(a).**

Rule 23 is "'designed to assure that courts will identify the common interests of Class members and evaluate the named plaintiffs' and counsel's ability to fairly and adequately protect class interests.'" *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 296 (3d Cir. 2011) (citation omitted). The class action vehicle allows large numbers of potentially low-value claims involving the same core issues to proceed in the aggregate. This provides a path to relief where

11

otherwise there is none, as the cost to litigate an individual case often exceeds the expected

return for an individual plaintiff. *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 617 (1997).

Moreover, class certification can benefit a defendant in that resolution of common issues can

dispose of thousands of claims in one stroke. Thus, "[c]lass actions serve an important function

in our system of civil justice." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981).

Both the Supreme Court and Third Circuit have held that the requirements

for class certification are "readily met" in consumer protection cases where common factual

questions necessarily center upon the defendant's course of conduct. *See Amchem Prods.*, 521

U.S. at 625; *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 298 (3d Cir. 2011) (*en banc).* For

example, where "liability depends on the conduct of [defendant], and whether it conducted a

nationwide campaign of misrepresentation and deception, [and] does not depend on the conduct

of individual class members," class certification is appropriate. *Sullivan* 667 F.3d at 298.

Courts should not "'put[ ] the cart before the horse' by allowing their views of the merits

to affect their analysis of the independent question whether a putative class satisfies the

requirements of Rule 23," which "'grants courts no license to engage in free-ranging merits

inquiries at the certification stage.'" *Gonzalez v. Corning*, 885 F.3d 186, 200 (3d Cir. 2018), *as

amended* (Apr. 4, 2018) (quoting *Amgen, Inc. v. Conn. Retirement Plans and Trust Funds*, 568

U.S. 455, 460, 466 (2013).

Rule 23(a) sets forth four "threshold requirements" for all class actions. *Sullivan v. DB

Investments, Inc.*, 667 F.3d 273, 298 (3d Cir. 2011). At class certification, Plaintiffs must

"demonstrate that [those elements are] capable of proof at trial through evidence that is common

to the class rather than individual to its members," *In re Hydrogen Peroxide Antitrust Litig.*, 552

12

JA184

F.3d 305 (3d Cir. 2008). The four prerequisites—numerosity, commonality, typicality and

adequacy—are satisfied here.

### A.    The class members are sufficiently numerous.

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all

members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs are not required to state the size of

the class with precision. *Cannon v. Cherry Hill Toyota,* 184 F.R.D. 540, 543 (D.N J, 1999).

There is "[n]o minimum number of plaintiffs is required to maintain a suit as a class action," and

a plaintiff "can generally satisfy Rule 23(a)(1)'s numerosity requirement by establishing 'that the

potential number of plaintiffs exceeds 40.'" *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d

467, 486 (3d Cir. 2018) (citation omitted).

Here, Plaintiffs have alleged that there are over 1,000 members of the class. (ECF No. 41

at ¶ 50.) In a related lawsuit involving Igberase's conduct, Dimensions Healthcare, which

operated Prince George's Hospital Center in Cheverly, MD, responded that Igberase had treated

712 patients at its facility. (*See* Ex. 44 at 12.) Numerosity is satisfied here.

### B.    There are common questions of fact and law.

Rule 23(a)(2) requires that "there are questions of law or fact common to the class."

Commonality is satisfied where common questions are capable of generating common answers

apt to drive the resolution of the litigation. *Wal-Mart Stores Inc. v. Dukes*, 131 S. Ct, 2541, 2551

(2011). "Commonality does not require an identity of claims or facts among Class Members;

instead, [t]he commonality requirement will be satisfied if the named Plaintiffs share at least one

question of fact or law with the grievances of the prospective class." *Johnston v. HBO Film

Mgmt., Inc*., 265 F.3d 178, 184 (3d Cir. 2001) (internal quotation marks omitted). The

commonality requirement "is not a high bar" and is satisfied "if the named plaintiffs share at

least one question of law or fact with the grievances of the prospective class," *Chiang v.
Veneman*, 385 F.3d 256, 265 (3d Cir. 2004) (*abrog. on other grounds recognized by Marcus v.
BMW of N. Am., LLC,* 687 F.3d 583, 597 (3d Cir. 2012)). Importantly, "[c]ases alleging a single
course of wrongful conduct are particularly well-suited to class certification." *Young v.
Nationwide Mut. Ins. Co.*, 693 F.3d 532, 545 (6th Cir. 2012).

Here, the representative Plaintiffs all allege injury stemming from a single course of
wrongful conduct by ECFMG, in negligently providing certification to Igberase (as Akoda),
failing to investigate his conduct and identity despite ample knowledge he obtained ECFMG
certification on false pretenses, and failing to warn residency programs, state medical boards, and
the public of their concerns regarding his conduct. The common questions of law and fact
include the following:

1. Whether ECFMG undertook or otherwise owed a duty to class members who were patients of Igberase;
2. Whether ECFMG breached its duty to class members;
3. Whether ECFMG undertook or otherwise owed a duty to hospitals and state medical boards, such that ECFMG may be held liable for foreseeable injuries to third persons such as class members pursuant to Restatement (Second) of Torts § 324A;
4. Whether ECFMG breached its duty to hospitals and state medical boards;
5. Whether the emotional distress and other damages alleged by Plaintiffs and class members were a foreseeable result of ECFMG's conduct;
6. Whether ECFMG's conduct involved an unusual risk of causing emotional distress to others under Restatement (Second) of Torts § 313;
7. Whether ECFMG is subject to liability under Restatement (Second) of Torts § 876 for assisting Igberase in committing fraud;
8. Whether ECFMG knew or should have known that Akoda was, in fact, Igberase;
9. Whether it was foreseeable that ECFMG's' actions and/or alleged failures to act, including their alleged negligent failure to certify Igberase and properly investigate and deny or revoke Igberase certification, could result in emotional distress experienced by Class Members.

14

All of these issues are apt to drive the resolution of the litigation. Resolution of any one of these common issues will resolve a key issue central to the individuals' claims in one stroke. If resolved in Defendants' favor, Plaintiffs' claims may be dismissed; if resolved in Plaintiffs' favor, key issues central to the determination of liability and damages will have been determined. There are more than enough common issues to support a finding of commonality here.

Importantly, courts regularly certify common issues that pertain to liability without certifying the entire issue of liability for class-wide resolution. For example, in *Martin v. Behr*, 896 F.3d 405 (6th Cir. 2018), a toxic tort class action for property damages caused by groundwater contamination, the Sixth Circuit affirmed a district court's certification of seven issues pertaining to general causation and the defendants' liability. Likewise, in *Adkisson v. Jacobs Eng'g Grp., Inc.*, 370 F. Supp. 3d 826 (E.D. Tenn. 2019), a negligence action brought by workers exposed to fly ash at a coal-ash cleanup project, a federal district court ordered that a consolidated action first be tried first on issues pertaining to the defendants' general liability ("(1) whether defendant owed plaintiffs a legal duty; (2) whether defendant breached that duty; and (3) whether defendant's breach was capable of causing plaintiffs' alleged injuries.") *Id.* at 836–37. If the plaintiffs prevailed, the court ordered that a second trial address issues of specific liability with respect to individual plaintiffs. ("(1) specific causation with respect to individual plaintiffs; (2) each plaintiff's alleged injuries; and (3) the extent to which individual plaintiffs are entitled to damages.") *Id.*

The fact that individualized issues of damages may remain to be resolved following resolution of the common issues cannot defeat class certification under Rule 23(c)(4). *See, e.g.*, *Wallace v. Powell*, No. 3:09-CV-0291, 2013 WL 2042369, at *20–21 (M.D. Pa. May 14, 2013); *Gunnells v. Healthplan Serv., Inc.*, 348 F.3d 417, 427-28 (4th Cir. 2003).

15

**C.      The claims of the named Plaintiffs are typical of those of the class.**

Federal Rule of Civil Procedure 23(a)(3) requires that the class representatives' claims be

"typical of the claims . . . of the class." As the Third Circuit explained, "[t]he typicality inquiry is

intended to assess whether the action can be efficiently maintained as a class and whether the

named Plaintiffs have incentives that align with those of absent Class Members so as to assure

that the absentees' interests will be fairly represented." *Baby Neal v. Casey*, 43 F.3d 48, 57-58

(3d Cir. 1994). The typicality prong is normally met where "claims of representative Plaintiffs

arise from the same alleged wrongful conduct." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d

516, 532 (3d Cir. 2004).

Here, the named Plaintiffs and putative class members all suffered emotional distress by

being treated by a physician who had obtained medical credentials through fraud. Although the

individual plaintiffs suffered injury under different circumstances, the named Plaintiffs' and

class's claims "arise from the same alleged wrongful conduct" of ECFMG and are "based on the

same legal theory." Class members' interests align with those of the named Plaintiffs. Typicality

is satisfied here.

**D.      The adequacy requirement is satisfied here.**

Both class members and their counsel will adequately and fairly represent the interests of

the class for the same reasons as stated above. The plaintiffs have suffered a common injury. The

interests of the class representatives and the members of the putative class are identical in

resolving the common issues under Option A or Option B.

Plaintiffs' counsel have the experience and necessary resources to prosecute this action.

Plaintiffs' counsel have already engaged in significant document discovery in this action, taken

and defended numerous depositions, and retained six experts. Schochor, Federico and Staton,

P.A. have successfully led a similar class action previously. In *Jane Doe No. 1 v. Johns Hopkins Hospital,* No. 24-C-13-001041 (Balt. City Cir. Ct.), which involved allegations of sexual misconduct by a physician, Plaintiffs' counsel Jonathan Schochor chaired the steering committee for the litigation. That litigation involved over eight thousand (8,000) plaintiffs against Johns Hopkins Hospital and was resolved successfully for $190 million. Additionally, the Schochor firm held a leadership role in *Jane Doe 30 v. Bradley,* 2012 WL 5949216 (Del. Super. Nov. 19, 2012), which involved sexual abuse by a pediatrician, and resulted in a $123 million settlement. The Schochor firm has been involved in complex litigation for more than thirty years.

The Law Offices of Peter G. Angelos, P.C. has significant experience in significant complex litigation. Representative cases include the 1998 tobacco litigation that resulted in $4,2 billion settlement on behalf of the State of Maryland; the Tower Securities litigation that resulted in a $117,500,000 recovery for the Steamship Trade Association pension fund; a $1 billion verdict against ExxonMobil on behalf of 466 Baltimore County residents whose water aquifer was polluted with 26,000 gallons of gasoline; and a class action suit against Dr. Mark Midei and Catholic Health Initiatives based upon allegations of unnecessary, fraudulent treatment, in which counsel Paul Vettori appeared on behalf of the firm.

Karen Evans and The Cochran Firm, a national law firm, also have significant prior class and mass action experience, including the ongoing Round-Up litigation (No. 3:16-md-02741-VC, N.D. Cal.) and the aforementioned *Johns Hopkins Hospital v. Levy* matter.

The law firm of Janet, Janet and Suggs, LLC have served as lead counsel or on the steering committee of several major class actions that have resolved successfully, including a $2.2 billion settlement of claims by one class of residential and commercial electricity ratepayers against one of the defendants in an ongoing civil RICO lawsuit, *Glibowski v. SCANA*, No. 9:18-

17

cv-00273 (D.S.C.); a $190 million settlement on behalf of patients of Dr. Charles Levy in *Jane Doe No. 1, et al. v. Johns Hopkins Hospital, et al,* No. 24-C-13-001041 (Balt. City Cir. Ct.), a $10 million settlement on behalf of Jersey City, New Jersey property owners in *Halley v. Honeywell, Inc.*, No. 2:10-cv-3345 (D.N.J.); an ongoing class action on behalf of Dayton, Ohio property owners in *Martin v. Behr Dayton Thermal Products*, No. 3:08-cv-00326-WHR (S.D. Ohio), *aff'd*, 896 F.3d 405 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1319 (2019), in addition to numerous other complex litigations. Counsel Patrick Thronson has had and maintains significant responsibilities as counsel in the *Glibowski*, *Halley*, and *Martin* matters.

## II.    Plaintiffs Also Satisfy the Requirements of Rule 23(c)(4)

### A.    Certification of liability or the Common Issues satisfies the ascertainability requirement, if that requirement even applies.

Establishing the implied requirement of ascertainability involves showing (1) the class is "defined with reference to objective criteria;" and (2) there is "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Id.* at 355 (citing *Marcus v. BMW of North Amer., LLC*, 687 F.3d 583, 593–94 (3d Cir. 2012)). Plaintiffs need simply show that "class members *can* be identified." *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015) (citing *Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013)).

The Third Circuit has not addressed the question of whether the ascertainability requirement applies to class actions brought pursuant to Rule 23(c)(4). Regardless of its applicability, Plaintiffs meet this requirement. The class consists of "all patients examined and/or treated in any manner by Oluwafemi Charles Igberase (a/k/a Charles J. Akoda, M.D.)." ECF No. 1, Ex. A at ¶ 48. One of the health care facilities at which Igberase worked, Prince George's Hospital Center, has already identified 712 individuals who were treated by Igberase. Ex. 44 at

18

12. Members of the class can be identified through records of medical treatment, which will

show when and how patients were treated by Igberase. Indeed, Plaintiffs have already produced

records corresponding to hundreds of class members to defendants as part of discovery in this

action. Clearly, class members can be identified, which satisfies the ascertainability requirement.

> **B.**      **Certification of the issue of liability or the Common Issues satisfies Rule 23(c)(4).**

Rule 23(c)(4) provides, "When appropriate, an action may be brought or maintained as a

class action with respect to particular issues." Under this rule, a court may grant class

certification for litigation of certain issues, while allowing the remaining ones to proceed on an

individual basis. *Gates v. Rohm & Haas Co.*, 655 F.3d 255, 272 (3d Cir. 2011). "The ability to

certify issue classes accords the courts discretion to realize the advantages and efficiencies of

class-wide adjudication of common issues when there also exist individual issues that must be

tried separately." *Lisa v. Saxon Mortgage Servs.*, Nos. 11-4586, 12-5366, 2016 WL 5930846, at

*3 (quoting Newberg on Class Actions, § 4:89 (5th ed. 2012)); see also *In re Chiang*, 385 F.3d

256, 267 (3d Cir. 2004) ("[C]ourts commonly use Rule 23(c)(4) to certify some elements of

liability for class determination, while leaving other elements to individual adjudication—or,

perhaps more realistically, settlement.").

A question arises as to whether class actions seeking money damages that are certified as

to Rule 23(c)(4) must satisfy the predominance requirement of Rule 23(b)(3). The prevailing

view among federal circuit courts of appeals is that common questions must predominate over

individualized inquiries *within* the issues proposed for certification, as opposed to the claim as a

whole. *See, e.g.*, *Martin*, 896 F.3d at 413 (6th Cir. 2018) (collecting cases). Although a panel of

the Fifth Circuit once expressed an opposing view (the "narrow view") in a footnote (*see

Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 n.21 (5th Cir. 1996)), which implied that

predominance must be satisfied as to the action as a whole, it has since aligned with the other circuits that have considered the issue.[2]

The Third Circuit has taken a different path, and has held that the decision to certify an issues class under Rule 23(c)(4) is "analytically independent" from Rule 23(b)(3)'s predominance and superiority inquiry, and a district court must consider a different set of factors in deciding certification. *Gonzalez v. Corning*, 885 F.3d 186, 202 (3d Cir. 2018). The Third Circuit has enumerated those factors as follows:

> [W]hen deciding whether or not to certify an issue class, the trial court should consider: [1] the type of claim(s) and issue(s) in question; [2] the overall complexity of the case; [3] the efficiencies to be gained by granting partial certification in light of realistic procedural alternatives; [4] the substantive law underlying the claim(s), including any choice-of-law questions it may present and whether the substantive law separates the issue(s) from other issues concerning liability or remedy; [5] the impact partial certification will have on the constitutional and statutory rights of both the class members and the defendant(s); [6] the potential preclusive effect or lack thereof that resolution of the proposed issue class will have; [7] the repercussions certification of an issue(s) class will have on the effectiveness and fairness of resolution of remaining issues; [8] the impact individual proceedings may have upon one another, including whether remedies are indivisible such that granting or not granting relief to any claimant as a practical matter determines the claims of others; and [8] the kind of evidence presented on the issue(s) certified and potentially presented on the remaining issues, including the risk subsequent triers of fact will need to reexamine evidence and findings from resolution of the common issue(s).

*See Gates v. Rohm & Haas Co.*, 655 F.3d 255, 274 (3d Cir. 2011) (quoting Principles of the Law of Aggregate Litigation §§ 2.02–05 (2010)); *Hohider v. United Parcel Serv., Inc.,* 574 F.3d 169, 201 (3d Cir. 2009). These factors are non-exclusive and "should guide courts as they apply Fed. R. Civ. P. 23(c)(4) 'to treat common things in common and to distinguish the distinguishable.'"

---

[2] *See Steering Comm. v. Exxon Mobil Corp.*, 461 F.3d 598, 603 (5th Cir. 2006); *In re Deepwater Horizon*, 739 F.3d 790, 806, 814, 817 & n.66 (5th Cir. 2014).

20

JA192

*Id.* (quoting *Chiang,* 385 F.3d at 256). The *Gates* factors have been characterized as a

"functional, superiority like analysis." *Martin*, 896 F.3d at 413. Plaintiffs more likely than not

satisfy all of the foregoing *Gates* factors, both under a liability only issues class (Option A

above) and an issues class certified for resolution of the Common Issues (Option B above).

**1.    The type of claims and issues in question in this action are susceptible to efficient class-wide resolution.**

The issues to be certified for class-wide resolution under either Option A or Option B are

focused on ECFMG's conduct and are common to the entire class. Resolution of liability of the

Common Issues will apply to the claims of all Plaintiffs: issues such as whether ECFMG has a

duty to patients of Igberase and whether Plaintiffs have a legally cognizable claim for damages

are central to the resolution of Plaintiffs' claims. ECFMG's conduct, not individual

characteristics of the Plaintiffs or their particular interactions with Igberase, is the subject of the

issue of liability and the Common Issues. Liability and the Common Issues also admit of

common proof. They involve the same underlying conduct of the Defendant in granting Igberase

certification, failing to investigate when they knew or should have known that he had obtained

that certification by fraud, and failing to notify state medical boards, hospitals, and residency

programs to which they provided ECFMG certification reports of the facts that supported the

conclusion that Igberase had achieved certification on false pretenses.

**2.    The complexity of the case warrants certification of common issues.**

Proof of defendants' conduct centers on common evidence tied to ECFMG's conduct and

requires extensive document review, deposition testimony, and expert analyses of complex

issues involving ECFMG's role in the United States medical system, the fraud committed by

Igberase, and the pattern of conduct of ECFMG. For the sake of time and cost, it is in all parties'

21

and the Court's interest that presentation of this evidence be done once. The issues in this case are complex but are susceptible of being tried with common proof.

**3.     Issue certification of liability or the Common Issues is the most efficient way of resolving common issues given realistic procedural alternatives.**

The alternative to certifying liability or the Common Issues for class treatment is to conduct trials of the issues hundreds of times for each individual plaintiff, necessitating presentation of each expert witness, fact witness, and documentary evidence in each case. This is far less efficient than the resolution of common issues by a single class jury and will save scarce judicial resources. Moreover, the cost of litigating each individual case likely outweighs an individual award. On the other hand, the resolution of common issues under Options A or B in a classwide proceeding will either resolve the claims of the class in favor of ECFMG or, if resolved in Plaintiffs' favor, permit them to pursue their claims by avoiding the necessity of expensive presentation of expert evidence. The certification of an issues class here allows for the final adjudication of common liability issues, in contrast to the attempted application of collateral estoppel after resolution of an individual case, which would be repeatedly contested by the parties in each follow-on proceeding.

**4.     The substantive law underlying the claims supports resolution of liability or the Common Issues on a class-wide basis.**

There are no impediments in the underlying substantive law to certifying an issues class. Pennsylvania law will likely apply to all issues in this action—and, at any rate, Plaintiffs are unaware of meaningful conflicts between the tort law of Pennsylvania applicable to resolution of liability or the common issues and the tort law of the states in which Igberase interacted with class members. Even if a conflict existed, it would likely be resolved in favor of Pennsylvania law. Pennsylvania has long abandoned the *lex loci delicti* rule for choice of law questions "in

22

favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court." *Griffith v. United Air Lines, Inc.*, 203 A.2d 796, 805 (Pa. 1964). Under that framework, "the state in which injury occurred, as such, has relatively little interest in the measure of damages to be recovered unless it can be said with reasonable certainty that defendant acted in reliance on that state's rule." *Id.* at 806. There is no evidence that ECFMG relied on the laws of any other state in granting certification to Igberase. And, at any rate, "where the tort is unintentional," as is true here, "the reliance argument is almost totally untenable." *Id.*

     **5.**      **There are no constitutional or statutory obstacles to issue class certification.**

There are no unique constitutional or statutory issues here and the constitutionality of class actions is well-established. Certification of liability or the Common Issues will not present any Seventh Amendment problems, for the reasons discussed under subpoint 8, *infra*.

     **6.**      **The preclusive effect of resolving common issues on a class-wide basis is expedient and provides valuable efficiency to resolving the class claims.**

Resolution of common issues will dispose of the most complex and time-consuming aspects of the case, allowing individual plaintiffs to proceed with individual damage claims at a much lower cost. The "remaining issues"—fact of injury and damages—could be proven by individual plaintiffs in follow-up litigation with evidence of, *inter alia,* medical records showing the extent and frequency of treatment by Igberase and testimony by individual plaintiffs on the impact Igberase's conduct—made possible by ECFMG's conduct—has had on their lives. Mini-trials on damages will also function as bellwether proceedings, facilitating settlement.

<center>23</center>

**7.** **The resolution of common issues on a class-wide basis and issues of damages in individualized proceedings will not result in prejudice or unfairness to a plaintiff.**

Individual proceedings to resolve whether an individual plaintiff has been injured and the damages to which she is entitled will not prejudice any individual. Resolution of one plaintiffs' injury and damages claim will have no effect on the claims of others or the ability of others to fairly vindicate their right to a remedy.

**8.** **The evidence presented on common issues is common to the class. Subsequent juries will not need to reexamine earlier findings of the class jury in a manner that violates the Reexamination Clause.**

The Seventh Amendment to the United States Constitution provides, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." The Reexamination Clause "is not against having two juries review the same evidence, but rather against having two juries decide the same essential issues." *See In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 452 (3d Cir. 1997) "Partial certification" or "[t]rying a bifurcated claim before separate juries does not run afoul of the Seventh Amendment" so long as: [1] the same factual issue is not "'tried by different, successive juries'"; [2] "the verdict form for the first jury" is carefully crafted "so that the second jury knows what has been decided already"; and [3] "the first jury makes sufficiently detailed findings, [which] are then akin to instructions for the second jury to follow." *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 167 (2d Cir. 2001) (citations omitted) (*abrog. on other grounds*. "[I]f done properly, bifurcation will not raise any constitutional issues,'" *Martin*, 896 F.3d at 417 (citation omitted)—a proposition with which "leading class action treatises agree," *id.* (citing 2 Newberg on Class Actions § 4:92 (5th ed. 2010)).

24

JA196

In this case, trying the issue of liability or the Common Issues would result in rulings of law by the Court and fact-finding pertaining solely to ECFMG's conduct, pertaining to liability in negligence or to the Common Issues. The second-round jury or juries will decide issues pertaining to the existence and extent of an individual plaintiff's damages. They will not decide issues pertaining to ECFMG's conduct. Thus, no Reexamination Clause problem arises under the framework Plaintiffs propose.

Issue class certification will aid the Court and the administration of justice in this case. As the Third Circuit has observed, "[s]everance of the question of liability from other issues can 'reduce the length of trial, particularly if the severed issue[s] [are] dispositive of the case, and can also improve comprehension of the issues and evidence.'" *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d at 452 (3d Cir. 1997) (citation omitted). Issue class certification also provides advantages to Defendant. For example, if it is determined ECFMG has no liability to the class, or has no duty to class members, hospitals, or medical boards, then all class members will be bound by that decision, and Defendant can be assured that the litigation is over.

Here, "[t]he Court has several viable options at its disposal for resolution of damages inquiries following the class-wide proceeding of common issues of liability." *In re Titanium Dioxide Antitrust Litig.*, 284 F.R.D. 328, 349 (D. Md. 2012). The flexibility of the issue class certification mechanism will ensure the litigation is resolved efficiently (especially in comparison with the alternatives) while ensuring fairness to all parties.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Class Certification, appoint them as representative plaintiffs, and appoint their counsel as class counsel. Plaintiffs respectfully request oral argument on this motion.

25

Dated: <u>October 7, 2019</u>                                    Respectfully submitted,

CONRAD O'BRIEN PC                                  THE COCHRAN FIRM

<u>/s/ Nicholas M. Centrella</u>                              <u>/s/ Karen Evans</u>
Nicholas M. Centrella, Esquire (Pa. I.D. No.        Karen E. Evans, R.N., J.D. (*pro hac vice*)
67666)                                              kevans@cochranfirm.com
Howard M. Klein, Esquire (Pa. I.D. No. 33632)       1100 New York Ave, N.W.
Benjamin O. Present, Esquire (Pa. I.D. No.          Washington, D.C. 20005
322682)                                             Telephone: (202) 682-5800
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
Telephone: (215) 864-9600                           JANET, JANET & SUGGS, LLC

SCHOCHOR, FEDERICO AND STATON                       <u>/s/ Patrick Thronson</u>
                                                    Patrick A. Thronson (*pro hac vice*)
<u>/s/ Brent Ceryes</u>                                    pthronson@JJSjustice.com
Jonathan Schochor jschoehor@sfspa.com (*pro         Executive Centre at Hooks Lane
hac vice*                                           4 Reservoir Circle, Suite 200
Lauren Schochor (Identification No. 87618)          Baltimore, MD 21208
lsehochor@sfspa.corn                                Telephone: (410) 653-3200
Brent Ceryes (*pro hac vice*)                       Fax: (410) 653-9030
 bceryes@sfspa.com
Phil Federico (*pro hac vice*)
The Paulton
1211 St. Paul Street                                *Attorneys for Plaintiffs*
Baltimore, Maryland 21202
Phone: (410) 234-1000
Fax: (410) 234-1010

LAW OFFICES OF PETER G. ANGELOS,
P.C.

<u>/s/ Paul M. Vettori</u>
Danielle S. Dinsmore (*pro hac vice*)
ddinsmore@lawpga.com
Paul M. Vettori (*pro hac vice*)
pvettori@lawpga.com
One Charles Center
100 N. Charles Street, 20th Floor
Baltimore, Maryland 21201
Telephone: (410) 649-2000
Fax: (410) 649-2150

JA198

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL AND DESIRE EVANS,** | **CIVIL ACTION NO. 18-5629** |
| **Plaintiffs,** | |
| **v.** | |
| **EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,** | |
| **Defendant.** | |

**CERTIFICATE OF SERVICE**

I certify that the foregoing Motion for Class Certification and Memorandum in Support of Motion for Class Certification were served on all counsel of record via the Court's CM/ECF electronic filing system on October 7, 2019.

/s/ *Nicholas M. Centrella*
Nicholas M. Centrella

1

JA199

EXHIBIT 1

## About ECFMG

Overview | Statement of Values, Mission, and Purposes | Board of Trustees | ECFMG Leadership | Initiatives | History | Careers at ECFMG

### Statement of Values, Mission, and Purposes

**Values**

The values of ECFMG are expressed in its vision statement:

"Improving world health through excellence in medical education in the context of ECFMG's core values of collaboration, professionalism and accountability."

**Mission**

The charge of ECFMG is expressed in its mission statement:

"The ECFMG promotes quality health care for the public by certifying international medical graduates for entry into U.S. graduate medical education, and by participating in the evaluation and certification of other physicians and health care professionals nationally and internationally. In conjunction with its Foundation for Advancement of International Medical Education and Research (FAIMER), and other partners, it actively seeks opportunities to promote medical education through programmatic and research activities."

**Purposes**

The purposes (goals) that actuate and accomplish ECFMG's mission are to:

- Certify the readiness of international medical graduates for entry into graduate medical education and health care systems in the United States through an evaluation of their qualifications.
- Provide complete, timely, and accessible information to international medical graduates regarding entry into graduate medical education in the United States.
- Assess the readiness of international medical graduates to recognize the diverse social, economic and cultural needs of U.S. patients upon entry into graduate medical education.
- Identify the needs of international medical graduates to become acculturated into U.S. health care.
- Verify credentials and provide other services to health care professionals worldwide.
- Provide international access to testing and evaluation programs.
- Expand knowledge about international medical education programs and their graduates by gathering data, conducting research, and disseminating the findings.
- Improve international medical education through consultation and cooperation with medical schools and other institutions relative to program development, standard setting, and evaluation.
- Improve assessment through collaboration with other entities in the United States and abroad.
- Improve the quality of health care by providing research and consultation services to institutions that evaluate international medical graduates for entry into their country.
- Enhance effectiveness by delegating appropriate activities in international medical education to FAIMER.

Back to top

Last updated December 16, 2011.
® Registered in the US Patent and Trademark Office.
Copyright © 1996-2019 by the Educational Commission for Foreign Medical Graduates. All rights reserved.

JA201

EXHIBIT 2

## Certification

About ECFMG Certification | New to Certification? | IMGs in the United States | Definition of an IMG | How the Certification Process Works | Requirements for Certification | 2023 Accreditation Requirement | Reference Guide for Medical Education Credentials | Eligibility for Examination | Verification of Credentials | Certification Verification | ECFMG Medical Credentials Reference Library

### Definition of an IMG

ECFMG defines an international medical graduate (IMG) as a physician who received his/her basic medical degree from a medical school located outside the United States and Canada. The location of the medical school, not the citizenship of the physician, determines whether the graduate is an IMG. This means that U.S. citizens who graduated from medical schools outside the United States and Canada are considered IMGs. Non-U.S. citizens who graduated from medical schools in the United States and Canada are not considered IMGs.

Back to top

Last updated August 27, 2019.
® Registered in the US Patent and Trademark Office.
Copyright © 1996-2019 by the Educational Commission for Foreign Medical Graduates. All rights reserved.

JA203

EXHIBIT 3

10/3/2019                                                      Certification

## Certification

About ECFMG Certification | New to Certification? | IMGs in the United States | Definition of an IMG | How the Certification Process Works | Requirements for Certification | 2023 Accreditation Requirement | Reference Guide for Medical Education Credentials | Eligibility for Examination | Verification of Credentials | Certification Verification | ECFMG Medical Credentials Reference Library

### About ECFMG Certification

ECFMG was founded in 1956 to assess, through a program of certification, whether international medical graduates (IMGs) are ready to enter residency or fellowship programs in the United States that are accredited by the Accreditation Council for Graduate Medical Education (ACGME). ACGME requires IMGs who enter ACGME-accredited programs to be certified by ECFMG. ECFMG Certification is also one of the eligibility requirements for IMGs to take Step 3 of the three-step United States Medical Licensing Examination (USMLE). Medical licensing authorities in the United States require that IMGs be certified by ECFMG, among other requirements, to obtain an unrestricted license to practice medicine.

The foundation of ECFMG's certification program has endured remarkably over the last five decades. Throughout the history of the program, the requirements have included examinations in the medical sciences, evaluation of English language proficiency, and documentation of medical education credentials. Over the years, there have been changes in the examinations accepted to meet the requirements for ECFMG Certification and changes to the requirements themselves. These changes have been made to enhance the certification program, respond to the needs of the U.S. graduate medical education community, comply with the changing immigration landscape, take advantage of new technologies, and achieve a common examination pathway to medical licensure for IMGs and U.S. medical graduates.

ECFMG Certification is an effective screening mechanism for ensuring that IMGs in patient care situations have met minimum standards. Each year, thousands of IMGs in the certification process apply to ECFMG for USMLE. Just over half of these individuals are successful in completing all the examination and medical education credential requirements for ECFMG Certification. During the 20-year period from 1991 through 2010, more than 295,000 international medical students/graduates applied to take their first examination with ECFMG; of this number, 60.7% have achieved certification.

Back to top

Last updated September 7, 2016.
® Registered in the US Patent and Trademark Office.
Copyright © 1996-2019 by the Educational Commission for Foreign Medical Graduates. All rights reserved.

JA205

## Certification

About ECFMG Certification | New to Certification? | IMGs in the United States | Definition of an IMG | How the Certification Process Works | Requirements for Certification | 2023 Accreditation Requirement | Reference Guide for Medical Education Credentials | Eligibility for Examination | Verification of Credentials | Certification Verification | ECFMG Medical Credentials Reference Library

### How the Certification Process Works

An international medical student/graduate (IMG) should begin the ECFMG Certification process by first confirming his/her medical school meets ECFMG requirements. Once an IMG confirms that students/graduates of his/her medical school are eligible to apply to ECFMG for ECFMG Certification and examination, he/she can apply for a USMLE/ECFMG Identification Number. Once an IMG has obtained this number, he/she can use it to complete the Application for ECFMG Certification. Once the Application for ECFMG Certification, including the notarized Certification of Identification Form (Form 186), has been accepted by ECFMG, the IMG may then apply for examination.

To be certified by ECFMG, an IMG must meet both examination and medical education credential requirements. These requirements include passing performance on medical science and clinical skills examinations—USMLE Step 1, Step 2 Clinical Knowledge (CK), and Step 2 Clinical Skills (CS) are the exams currently administered that satisfy these requirements—and primary-source verification of the IMG's medical education credentials, including the final medical diploma, final medical school transcript, and transcript(s) to document transferred academic credits (if applicable).

The time required to complete the certification process is different for each individual. Both medical school students and graduates may begin the certification process and may apply for the required exams as soon as they meet the eligibility requirements for examination. However, since one of the requirements for ECFMG Certification is that the final medical diploma be verified by ECFMG with the issuing medical school, an IMG cannot complete the certification process until after graduation from medical school. The time required for some aspects of the certification process, such as the time required by a medical school to verify medical education credentials, is beyond the control of ECFMG.

Back to top

Last updated September 13, 2018.
® Registered in the US Patent and Trademark Office.
Copyright © 1996-2019 by the Educational Commission for Foreign Medical Graduates. All rights reserved.

JA206

EXHIBIT 4

JA207

## ERAS Support Services at ECFMG

The Association of American Medical Colleges (AAMC) developed the Electronic Residency Application Service® (ERAS®) to allow medical school students and graduates to apply electronically for residency positions in accredited U.S. programs of graduate medical education. Since ERAS was established in 1996, ECFMG has served as the designated Dean's office for students and graduates of international medical schools, assisting these individuals with the ERAS application process for first- and second-year (PGY-1 and PGY-2) residency positions.

International medical students/graduates who apply to programs that participate in ERAS begin the application process by requesting an ERAS Token, a unique identification number, from ECFMG. The Token allows applicants to access AAMC's MyERAS website, where they can complete their residency applications, select the programs to which they will apply, and assign supporting documents to these programs.

As the designated Dean's office, ECFMG:

- Receives supporting documents for the ERAS application from applicants and their medical schools and letter writers.
- Transmits these documents to each applicant's ERAS application.
- Transmits the ECFMG Status Report.
- Transmits the USMLE transcript, if requested by the applicant.

Once supporting documents have been transmitted to the ERAS application, they can be viewed by the programs to which the applicant has applied.

**IMPORTANT NOTE:** Students and graduates of U.S. medical schools are assisted in the ERAS process by the Dean's office at their medical schools. The Canadian Resident Matching Service (CaRMS) serves as the designated Dean's office for students and graduates of Canadian medical schools who participate in ERAS.

Back to top

Last updated May 23, 2019.

® Registered in the US Patent and Trademark Office.

Copyright © 1996-2019 by the Educational Commission for Foreign Medical Graduates. All rights reserved.

JA208

EXHIBIT 5

EXHIBIT 5

## PLEASE DO · · NOT DETACH

### Foreign Medical Graduate Examination in the Medical Sciences and the ECFMG English Test

**PART A**

NOTE: All items on all sides of the application must be filled out completely for initial and repeat examinations or application will not be accepted. Use typewriter or block print in ink.

| | | |
|---|---|---|
| ① **EXAMINATION HISTORY:** | Have you previously applied to take one or more of the examinations administered by ECFMG? ☐ Yes ☒ No | |
| | If you have been assigned an ECFMG Applicant Number, enter the number in this box. | 482-700 |

② **NAME:**
Print your name as you want it to appear on the Standard ECFMG Certificate

First Name: OLUWAFEMI  Middle Name: CHARLES
Last Name (Surname): EGBERASE
Full Maiden Name (For married women only):

②.₁ If you have previously applied to ECFMG under another name, provide that name
Previous Name
Please include a copy of the legal document that verifies this name change.

③ **ADDRESS:**
Use address to which admission permit and other notification from ECFMG should be sent

Number/Street: 9710 EVENING PRIMROSE DRIVE
Apartment Number: 2D    Post Office Box Number:
City: LAUREL
State/Country: MARYLAND    Zip or Postal Code: 20723

④ **SOCIAL SECURITY NUMBER:**
If you have a United States Social Security Number, enter the number in this box. ...5054

⑤ **STATUS OF MEDICAL SCHOOL STUDENT:**
*Must be completed by students*

If you are applying for Day 1, will you have completed two years of medical school by the date of that examination? ☐ Yes ☐ No

If you are applying for Day 2, will you have completed or be within 12 months of completion of the formal didactic curriculum at your medical school? ☐ Yes ☐ No

⑥ **EXAMINATION REGISTRATION:**
Check ☑ box(es) to indicate the component(s) for which you are applying

Examination Date (Month/Year): JULY 1992

☒ Basic Medical Science Component (Day 1)
☒ Clinical Science Component *and* ECFMG English Test (Day 2)
☐ ECFMG English Test (administered on second day only)

DO NOT WRITE IN THIS SPACE FOR OFFICE USE ONLY

⑥.₁ **EXAMINATION CENTER:**
See ECFMG Information Booklet for list of centers

If you do not indicate a second choice of center and the first choice is not available, ECFMG reserves the right to assign a center.

Select two: 1st Choice: BALTIMORE  City  Center No. 300
2nd Choice: WASHINGTON, D.C.  City  Center No. 350

⑦ **EXAMINATION FEE(S):**
Enter the amount enclosed on the line provided

Fees must be paid in United States funds. Checks, bank drafts or money orders are to be made payable to the ECFMG. Do not send cash.

Basic Medical Science Component (Day 1 only)  $265
Clinical Science Component *and* ECFMG English Test (Day 2 only)  $265
Basic Medical Science Component, Clinical Science Component *and* ECFMG English Test (Day 1 and Day 2)  $425
ECFMG English Test only  $25

Enter amount enclosed $ ...

DO NOT WRITE IN THIS SPACE FOR OFFICE USE ONLY

RECEIVED
APR - 6 1992
ECFMG

© ECFMG 1992 All Rights Reserved    Form 104, FEB 1992

ECFMG-000155

**PART B**

| | Schools Attended | Location (exact address) | Dates Attended (month and year) | No. School Years |
|---|---|---|---|---|
| (8) SECONDARY SCHOOL COLLEGE/ UNIVERSITY: | IMMACULATE CONCEPTION COLLEGE | BENIN CITY NIGERIA | JUNE 1974 SEPT 1979 | 5 |

| | Schools Attended | Location (exact address) | Dates Attended (month and year) | No. School Years |
|---|---|---|---|---|
| (9) MEDICAL SCHOOL: Use precise name and list all schools attended | UNIVERSITY OF IBADAN COLLEGE OF MEDICINE | IBADAN NIGERIA | JUNE 1982 JUNE 1987 | 5 |

690-010

| (9.1) CLINICAL CLERKSHIPS: Refers to that period of medical education in the clinical disciplines during which as a medical student you gained practical experience in hospitals or clinics.  List clerkships (rotations, pre-graduate internships) for each clinical discipline. | Clinical Discipline | Hospital/Clinic | Location (exact address) | Supervising Physician | Dates of Clerkship |
|---|---|---|---|---|---|
| | MEDICINE | | | DR ONWUKA | MAR 1988 JUNE 19? |
| | SURGERY | SPECIALIST | | MR IDIAKHOA | SEPT 1988 DEC 19? |
| | PAEDIATRICS | HOSPITAL | NIGERIA | DR ASEMOTA | DEC 1987 MAR 198? |
| | OBSTETRICS | BENIN CITY | | DR ODJEGBA | JUNE 198? SEPT 19? |
| | GYNAECOLOGY | | | | |

If additional lines are necessary use the reverse side of Part C.

| (9.2) MEDICAL DEGREE: Conferred or Expected | Title of Degree: M B B S     Date Conferred /Expected: 1987 |
|---|---|

| (10) MEDICAL LICENSURE: Present or Future | Date you received (or expect to receive) an unrestricted license or certificate of full registration to practice medicine: YES     Country or state in which you are licensed: NIGERIA |
|---|---|

| (11) HOSPITAL TRAINING: Residency or fellowship | Hospitals | Position(s) | Dates |
|---|---|---|---|
| | | | |

| (11.1) EMPLOYMENT: Present employment only | Institution/Company | Position | Dates |
|---|---|---|---|
| | Name: MARYLAND MED LABORATORY Street: 1901 Sulphur Spring Road BOX 18290 City/State/Country: Baltimore MD 21227 | Phlebotomist | 1992 |

| (12) BIRTHDATE/ BIRTHPLACE: | Day/Month/Year: 17 - 4 - 67     Location: ILE-IFE. OSHUN. NIGERIA City, Province, Country |
|---|---|

| (13) SEX: | Please check one: ✓ Male ___ Female | (14) NATIVE LANGUAGE: YORUBA |
|---|---|---|

| (15) CITIZENSHIP: | (Complete all three) | | |
|---|---|---|---|
| | A. AT BIRTH | USA ☐ | Other ☐ (Specify) NIGERIAN 056 |
| | B. UPON ENTERING MEDICAL SCHOOL | USA ☐ | Other ☐ (Specify) NIGERIAN |
| | C. NOW | USA ☐ | Other ☐ (Specify) NIGERIAN ✓ |

ECFMG-000156

ECFMG_RUSS_0000156

JA212

# PART C

Students and graduates must sign the application in the presence of their Med. School Dean, Medical School Vice Dean, or Medical School Registrar. (See A below.)

If a graduate cannot sign the application form in the presence of a medical school official noted above, he/she must sign the application form in the presence of a Consular Official, First Class Magistrate or Notary Public (See B below) *and* must explain in writing why the application form could not be signed in the presence of a medical school official. (See B.1 below.)

Application forms are to be mailed to ECFMG from the office of the official or notary who witnesses the applicant's signature.

All information on the application form is subject to verification and acceptance by the Educational Commission for Foreign Medical Graduates.

Seal, stamp or signature of official *must* cover a portion of the attached photograph.

**(16) CERTIFICATION BY APPLICANT**

I hereby certify that the information given in this application is true and accurate to the best of my knowledge, and that the photographs enclosed are recent photographs of me.

I also certify and acknowledge that I have received the current edition of the ECFMG Information Booklet for FMGEMS and am aware of its contents.

I understand that (1) falsification of this application, or (2) the submission of any falsified educational documents to ECFMG, or (3) the submission of any falsified ECFMG documents to other agencies, or (4) the giving or receiving of aid in the examination as evidenced either by observation at the time of the examination or by statistical analysis of my answers and those of one or more other participants in that examination, or engaging in other conduct that subverts or attempts to subvert the examination process, may be sufficient cause for ECFMG to bar me from the examination, to terminate my participation in the examination, to withhold and/or invalidate the results of my examination, to withhold a certificate, to revoke a certificate, or to take other appropriate action.

I understand that the ECFMG certificate and any and all copies thereof remain the property of ECFMG and must be returned to ECFMG if ECFMG determines that the holder of the certificate was not eligible to receive it or that it was otherwise issued in error.

I hereby authorize the Educational Commission for Foreign Medical Graduates to transmit any information contained in this application, or information that may otherwise become available to ECFMG, to any Federal, State, or local governmental department or agency, to any hospital or to any other organization or individual who, in the judgment of ECFMG, has a legitimate interest in such information.

**(Must be completed in English)**

Signature of Applicant   X _____   W.

(in Latin Characters)

**(16.1) CERTIFICATION BY MEDICAL SCHOOL OFFICIAL**

A.  I hereby certify that the photograph, signature, and information entered on this form accurately apply to the individual named above.

X _____
Signature of Medical School Official

**OR**

**NOTARIZATION WITH EXPLANATION (Pertains to graduates only)**

| Official Title | Date | Institution |
|---|---|---|

B.  Subscribed and sworn to before me this 31 day of March , 19 92

X _____
Signature of Consular Official, First Class Magistrate, Notary Public          Notary Public
                                                                                 Official Title

B.1 Explain below why the application form could not be signed in the presence of your medical school dean, vice dean or registrar. Any explanation must be acceptable to ECFMG and must be provided each time you submit an application to ECFMG.

338/T/D

RECEIVED

APR ~ 6 1992

ECFMG

LINDA R. KISHTER
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 3, 1994

4821700

**(17)** Have you ever been denied licensure or authority to practice medicine by any medical licensing or registering authority, or has any such license or authority to practice medicine ever been suspended or revoked?   ☐ Yes   ☐ No

If the answer to this question is "Yes," please explain fully on a separate sheet of paper, giving details such as date, location, charge, and action taken; and provide any supporting documents.

TO BE USED AS CONTINUATION OF SECTION 9.1 IN PART B

ECFMG-000158

ECFMG_RUSS_0000158

JA214

EXHIBIT 6

# University of Ibadan



*Charles Olufemi Igbernese*

having fulfilled all the requirements of the University
and passed the prescribed examinations has this day
been admitted to the degree of

## Bachelor of Medicine
and
## Bachelor of Surgery

VICE-CHANCELLOR

DATE *June 19, 1987*

REGISTRAR

ECFMG-000105

ECFMG_RUSS_0000105

JA216

EXHIBIT 7



EDUCATIC AL COMMISSION for FOREI. I MEDICAL GRADUATES
3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.
TELEPHONE: 215-386-5900 ● CABLE: EDCOUNCIL, PHA.

December 7, 1995

Mr. Kenneth Cotton
USMLE Secretariat
3750 Market Street
Philadelphia, PA 19104-3190

Re: Dr. Igberase Oluwafemi Charles
USMLE/ECFMG Identification No.
0-482-700-2

Dear Mr. Cotton:

On November 27, 1995, the ECFMG Committee on Medical Education Credentials reviewed the matter with respect to Dr. Charles's admission that he falsified an application form submitted to ECFMG in order to retake an examination he had already taken and passed.

Dr. Charles initially submitted an application form to ECFMG in April 1992 in order to take the July 1992 FMGEMS and the ECFMG English test. At that time, he used the name "Oluwafemi Charles Igberase" and certified that his date of birth was April 17, 1962. He was assigned identification number 0-482-700-2.

In addition to FMGEMS, and also using identification number 0-482-700-2, Dr. Charles applied for and took the September 1992 and September 1993 administrations of Step 1, failing the September 1992 examination, but passing the examination held in September 1993.

The applicant met the medical science, English test and medical education credential requirements for ECFMG Certification and was issued Standard ECFMG Certificate No. 0-482-700-2 in October 1993.

In March 1994, Dr. Charles again submitted an application form to ECFMG, applying for admission to ECFMG's administrations of the September 1994 Step 1, August/September 1994 Step 2 and September 1994 ECFMG English test. However, on the application, he responded "No" to the question "Have you previously submitted an application to ECFMG to take one or more of the examinations administered by ECFMG." He also stated his name as "Igberase Oluwafemi Charles" and date of birth as April 17, 1961.

Since the name on the application was altered and the year of birth changed, ECFMG's search of its database at that time did not show that he had previously applied and been assigned an ECFMG Identification number. He was then assigned number 0-

ECFMG-000074

ECFMG_RUSS_0000074

JA218

Mr. Kenneth Cotton
December 7, 1995
Page 2

519-573-0.  He took and passed the August 1994 Step 2 and the September 1994
ECFMG English test and September 1994 Step 1.  His medical education credentials
were again verified with his medical school and he was issued Standard ECFMG
Certificate 0-519-573-0.

When he applied to ECFMG, Dr. Charles certified on his application form that,
among other items, "falsification of this application" and "engaging in ...conduct that
subverts or attempts to subvert the examination process, may be sufficient cause for
ECFMG to ...invalidate the results of my examination ...to revoke a certificate, or to take
other appropriate action."

In addition, the policies regarding taking Step 1 and Step 2 of the USMLE as
outlined in the ECFMG Information Booklet, which he certified he had read and
understood, include the statement "If one Step is passed, applicants may not repeat that
Step and will have seven years to pass the other Step."  The applicant, however, took and
passed Step 1 in September 1993 and, due to the falsified application form, took it again
in September 1994.

After this matter was discovered by ECFMG, on June 22, 1995, ECFMG wrote to
Dr. Charles to request an explanation for his actions.  In response, he sent ECFMG a
letter, dated July 14, 1995, in which he stated he wished to retake the examinations in
order to improve his scores and be more competitive in his applications for residency
programs.  Consequently, he "lied" but, he states, did not deliberately change his date of
birth and that he thought the date given initially had been the incorrect one in his school
files.  In addition, depending on the documents he has, the order of his names varies.

The examinations, dates and scores for examinations taken are as follows:

ECFMG #0-482-700-2                         ECFMG #0-519-573-0

| DATE | EXAM | SCORE | DATE | EXAM | SCORE |
|------|------|-------|------|------|-------|
| July 1992 | Day 1 FMGEMS | 69 (Fail) | | | |
| | Day 2 FMGEMS | 72 (Fail) | | | |
| | English test | Pass | | | |
| Sept. 1992 | Step 1 | 70 (Fail) | | | |
| Jan. 1993 | Day 1 FMGEMS | 74 (Fail) | | | |
| | Day 2 FMGEMS | 75 (Pass) | | | |
| | English test | Pass | | | |
| July 1993 | Day 1 FMGEMS | 76 (Pass) | | | |
| Sept. 1993 | Step 1 | 76 (Pass) | | | |
| | | | Aug. 1994 | Step 2 | 76 (Pass) |
| | | | Sept. 1994 | Step 1 | 78 (Pass) |
| | | | Sept. 1994 | English test | Pass |

ECFMG-000075

ECFMG_RUSS_0000075

JA219

Mr. Kenneth Cotton
December 7, 1995
Page 3


After its review at the November 27, 1995 meeting, the ECFMG Committee on
Medical Education Credentials took the following actions:

- Invalidate the Standard ECFMG Certificate issued to Dr. Charles under the second
  identification number 0-519-573-0;

- Inform the United States Medical Licensing Examination (USMLE) Committee on
  Irregular Behavior of this matter for its information and possible action; and

- Revoke the Standard ECFMG Certificate issued to Dr. Charles under the first
  identification number 0-482-700-2.

For information, I am enclosing copies of the following items:

1. Application to ECFMG received April 6, 1992.
2. Application to ECFMG received March 30, 1994.
3. ECFMG letter to Dr. Charles dated June 22, 1995.
4. Dr. Charles' July 14, 1995 letter to ECFMG.
5. ECFMG letter to Dr. Charles dated December 7, 1995.

Please inform Marie L. Shafron or me of the disposition of this matter.  If you need
additional information, please let me know.

Sincerely yours,

William C. Kelly
Manager, Medical Education
Credential Processing

/wck
Enclosures

## PLEASE DO   NOT DETACH

### Foreign Medical Graduate Examination in the Medical Sciences and the ECFMG English Test

**PART A**

NOTE: All items on all sides of the application must be filled out completely for initial and repeat examinations or application will not be accepted.
Use typewriter or block print in ink.

| | | |
|---|---|---|
| ① **EXAMINATION HISTORY:** | Have you previously applied to take one or more of the examinations administered by ECFMG? ☐ Yes ☒ No | |
| | If you have been assigned an ECFMG Applicant Number, enter the number in this box. | 482-700 |
| ② **NAME:** Print your name as you want it to appear on the Standard ECFMG Certificate | OLUWAFEMI  CHARLES First Name                    Middle Name | |
| | IGBERASE Last Name (Surname) | |
| | Full Maiden Name (For married women only) | |
| ②.1 If you have previously applied to ECFMG under another name, provide that name | Previous Name | |
| | Please include a copy of the legal document that verifies this name change. | |
| ③ **ADDRESS:** Use address to which admission permit and other notification from ECFMG should be sent | 9701  EVENING PRIMROSE DRIVE Number/Street | |
| | 2D Apartment Number                    Post Office Box Number | |
| | LAUREL City | |
| | MARYLAND State/Country·                    20723 Zip or Postal Code | |
| ④ **SOCIAL SECURITY NUMBER:** | If you have a United States Social Security Number, enter the number in this box. | -5054 |
| ⑤ **STATUS OF MEDICAL SCHOOL STUDENT:** Must be completed by students | If you are applying for Day 1, will you have completed two years of medical school by the date of that examination? ☐ Yes ☐ No | |
| | If you are applying for Day 2, will you have completed or be within 12 months of completion of the formal didactic curriculum at your medical school? ☐ Yes ☐ No | |
| ⑥ **EXAMINATION REGISTRATION:** Check ☑ box(es) to indicate the component(s) for which you are applying | Examination Date (Month/Year) JULY 1992 | E CK DJ I RH P |
| | ☒ Basic Medical Science Component (Day 1) | |
| | ☒ Clinical Science Component and ECFMG English Test (Day 2) | DO NOT WRITE IN THIS SPACE FOR OFFICE USE ONLY |
| | ☐ ECFMG English Test (administered on second day only) | |
| ⑥.1 **EXAMINATION CENTER:** See ECFMG Information Booklet for list of centers | If you do not indicate a second choice of center and the first choice is not available, ECFMG reserves the right to assign a center. | |
| | Select two:  1st Choice BALTIMORE        300 City                    Center No. | |
| | 2nd Choice WASHINGTON,D.C.        350 City                    Center No. | |
| ⑦ **EXAMINATION FEE(S):** Enter the amount enclosed on the line provided | Fees must be paid in United States funds. Checks, bank drafts or money orders are to be made payable to the ECFMG. Do not send cash. | |
| | Basic Medical Science Component (Day 1 only)        $265 | 0 B.N.C |
| | Clinical Science Component and ECFMG English Test (Day 2 only)        $265 | DO NOT WRITE IN THIS SPACE FOR OFFICE USE ONLY |
| | Basic Medical Science Component, Clinical Science Component and ECFMG English Test (Day 1 and Day 2)        $425 | |
| | ECFMG English Test only        $ 25        Enter amount enclosed  $ | |

RECEIVED
APR - 6 1992
ECFMG

® ECFMG 1992 All Rights Reserved        Form 104, FEB 1992

ECFMG-000155

**PART B**

| | Schools Attended | Location (exact address) | Dates Attended (month and year) | No. School Years |
|---|---|---|---|---|
| (8) SECONDARY SCHOOL COLLEGE/ UNIVERSITY: | IMMACULATE CONCEPTION COLLEGE | BENIN CITY NIGERIA | JUNE 1974 SEPT 1979 | 5 |

| | Schools Attended | Location (exact address) | Dates Attended (month and year) | No. School Years |
|---|---|---|---|---|
| (9) MEDICAL SCHOOL: Use precise name and list all schools attended 690-010 | UNIVERSITY OF IBADAN COLLEGE OF MEDICINE | IBADAN NIGERIA | JUNE 1982 JUNE 1987 | 5 |

| | Clinical Discipline | Hospital/Clinic | Location (exact address) | Supervising Physician | Dates of Clerkship |
|---|---|---|---|---|---|
| (9.1) CLINICAL CLERKSHIPS: Refers to that period of medical education in the clinical disciplines during which as a medical student you gained practical experience in hospitals or clinics. List clerkships (rotations, pregraduate internships) for each clinical discipline. | MEDICINE SURGERY PAEDIATRICS OBSTETRIC GYNAECOLOGY | SPECIALIST HOSPITAL BENIN CITY | NIGERIA | DR ONWUKA MR IDIAKHOA DR ASEMOTA DR ODEBIBA | MAR 1988 - JUNE 19 SEPT 1988 - DEC 198 DEC 1987 - MAR 198 JUNE 198 - SEPT 19 |

If additional lines are necessary use the reverse side of Part C.

| (9.2) MEDICAL DEGREE: Conferred or Expected | Title of Degree MBBS | Date Conferred /Expected: 1987 |
|---|---|---|

(10) MEDICAL LICENSURE: Present or Future — Date you received (or expect to receive) an unrestricted license or certificate of full registration to practice medicine: YES ... Country or state in which you are licensed: NIGERIA

| (11) HOSPITAL TRAINING: Residency or fellowship | Hospitals | Position(s) | Dates |
|---|---|---|---|
| | | | |

| (11.1) EMPLOYMENT: Present employment only | Institution/Company | Position | Dates |
|---|---|---|---|
| | Name: MARYLAND MED. LABORATORY Street: 1901 Sulphur Spring Road P.O. BOX 18-90 City/State/Country: Baltimore MD 21227 | Phlebotomist | 1992 |

| (12) BIRTHDATE/ BIRTHPLACE: | Day/Month/Year: 17-4-67 | Location: ILE-IFE. OSHUN. NIGERIA City, Province, Country |
|---|---|---|

| (13) SEX: | Please check one: ✓ Male ___ Female | (14) NATIVE LANGUAGE: YORUBA |
|---|---|---|

(15) CITIZENSHIP: (Complete all three)

| A. AT BIRTH | USA ☐ | Other ☐ (Specify) NIGERIAN 056 |
|---|---|---|
| B. UPON ENTERING MEDICAL SCHOOL | USA ☐ | Other ☐ (Specify) NIGERIAN |
| C. NOW | USA ☐ | Other ☐ (Specify) NIGERIAN ✓ |

ECFMG-000156

ECFMG_RUSS_0000156

## PART C

Students and graduates must sign the application in the presence of their Medical School Dean, Medical School Vice Dean, or Medical School Registrar. (See A below.)

If a graduate cannot sign the application form in the presence of a medical school official noted above, he/she must sign the application form in the presence of a Consular Official, First Class Magistrate or Notary Public (See B below) *and* must explain in writing why the application form could not be signed in the presence of a medical school official. (See B.1 below.)

Application forms are to be mailed to ECFMG from the office of the official or notary who witnesses the applicant's signature.

All information on the application form is subject to verification and acceptance by the Educational Commission for Foreign Medical Graduates.

Seal, stamp or signature of official *must cover a portion of the attached photograph.*

(16) **CERTIFICATION BY APPLICANT**

I hereby certify that the information given in this application is true and accurate to the best of my knowledge, and that the photographs enclosed are recent photographs of me.

I also certify and acknowledge that I have received the current edition of the ECFMG Information Booklet for FMGEMS and am aware of its contents.

I understand that (1) falsification of this application, or (2) the submission of any falsified educational documents to ECFMG, or (3) the submission of any falsified ECFMG documents to other agencies, or (4) the giving or receiving of aid in the examination as evidenced either by observation at the time of the examination or by statistical analysis of my answers and those of one or more other participants in that examination, or engaging in other conduct that subverts or attempts to subvert the examination process, may be sufficient cause for ECFMG to bar me from the examination, to terminate my participation in the examination, to withhold and/or invalidate the results of my examination, to withhold a certificate, to revoke a certificate, or to take other appropriate action.

I understand that the ECFMG certificate and any and all copies thereof remain the property of ECFMG and must be returned to ECFMG if ECFMG determines that the holder of the Certificate was not eligible to receive it or that it was otherwise issued in error.

I hereby authorize the Educational Commission for Foreign Medical Graduates to transmit any information contained in this application, or information that may otherwise become available to ECFMG, to any Federal, State, or local governmental department or agency, to any hospital or to any other organization or individual who, in the judgment of ECFMG, has a legitimate interest in such information.

**(Must be completed in English)**

Signature of Applicant X _____ *I Gerase* W I
(in Latin Characters)

(16.1) **CERTIFICATION BY MEDICAL SCHOOL OFFICIAL.**

**OR**

**NOTARIZATION WITH EXPLANATION (Pertains to graduates only)**

A.  I hereby certify that the photograph, signature, and information entered on this form accurately apply to the individual named above.

X _____
Signature of Medical School Official

Official Title _____ Date _____ Institution _____

B.  Subscribed and sworn to before me this 31 day of *March*, 19 92

X *Linda R. Kohter* _____ *Notary Public*
Signature of Consular Official, First Class Magistrate, Notary Public          Official Title

B.1 Explain below why the application form could not be signed in the presence of your medical school dean, vice dean or registrar. Any explanation must be acceptable to ECFMG and must be provided each time you submit an application to ECFMG.

338/I/D
4/1/12

RECEIVED

APR - 6 1992

ECFMG

LINDA R. KOHTER
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 8, 1994
4825700

(17)  Have you ever been denied licensure or authority to practice medicine by any medical licensing or registering authority, or has any such license or authority to practice medicine ever been suspended or revoked?  ☐ Yes  ☐ No

If the answer to this question is "Yes," please explain fully on a separate sheet of paper, giving details such as date, location, charge, and action taken; and provide any supporting documents.

ECFMG-000157

TO BE USED AS CONTINUATION OF SECTION 9.1 IN PART B

ECFMG-000158

ECFMG_RUSS_0000158

JA224

PLEASE DO NOT DETACH

STEP 1 AND/OR STEP 2 EXAMINATIONS

ADMINISTERED TO STUDENTS/GRADUATES OF FOREIGN MEDICAL SCHOOL
THE EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, 3624 MARKET STREET, PHILADELPHIA
PHONE: 215 386-5000  CABLE: EDCOUNCIL, PHA

PART A

NOTE: All items on all sides of the application must be filled out completely for initial and repeat examination.
Use typewriter or block print in ink.

**① ECFMG EXAMINATION HISTORY:**
Have you previously submitted an application to ECFMG to take one or more of the examinations administered by ECFMG?  ☐ Yes
If yes, place your USMLE Identification Number (ECFMG Applicant Number) in this box

**② NAME:**
Print your name as you want it to appear on the Standard ECFMG Certificate and on your official USMLE record

First Name: IGBERASE
Middle Name: OLUWAFEMI
Last Name (Surname): CHARLES
Full Maiden Name (For married women only)

487-700-2

**②.1 If you have previously applied to ECFMG under another name, provide that name**
Previous Name: N/A
Please include a copy of the legal document that verifies this name change.

**③ ADDRESS:**
Use address to which admission permit and other notification from ECFMG should be sent

Number/Street
Apartment Number: 1653  Post Office Box Number
City: HYATTSVILLE
State/Country: MD   Zip or Postal Code: 20788

**④ U.S. SOCIAL SECURITY AND/OR CANADIAN SOCIAL INSURANCE NUMBERS:**
Enter numbers in boxes provided
U.S. Social Security Number
Canadian Social Insurance Number

**⑤ REGISTRATION:**
Check ☑ box(es) of selected examinations

| | | | | |
|---|---|---|---|---|
| Step 1 | June 8 - 9, 1994 | ☐ | or | September 22 - 23, 1994 |
| Step 2 | March 30 - 31, 1994 | ☐ | or | August 31 - September 1, 1994 |
| ECFMG English Test | March 31, 1994 | ☐ | or | September 1, 1994 |

**⑤.1 TEST CENTER:**
Select three ECFMG centers for each Step and/or ECFMG English Test. See the Information Booklet in which this application was enclosed for a list of ECFMG centers

If your center selections are not available, ECFMG reserves the right to assign a center.
Step 1: (1) RICHMOND City  182 Center No. (2) Baltimore City 300 Center No. (3) City  Center No.

Step 2 and/or ECFMG English Test: (1) Richmond City 182 Center No. (2) Baltimore City 300 Center No. (3) City  Center No.

**⑥ EXAMINATION FEE(S):**
Enter the amount enclosed on the line provided

Fees must be paid in United States funds. Checks, bank drafts or money orders are to be made payable to the ECFMG. Do not send cash.

Step 1 Basic Medical Science Examination   $400
Step 2 Clinical Science Examination   $400
ECFMG English Test   $ 30

Enter amount enclosed  $ _____

FOR OFFICE USE ONLY

**⑦ HANDEDNESS:** ☑ Right Handed  ☐ Left Handed

APPLICATION FORM 1043, August, 1993
*ECFMG 1993 All Rights Reserved

FOR OFFICE USE ONLY  E _____  P 30

ECFMG-000151

ECFMG_RUSS_0000151

PART B

| ⑧ SECONDARY SCHOOL COLLEGE/ UNIVERSITY: | Schools Attended | Location (exact address) | Dates Attended From MO. YR. | To MO. YR. | No. School Years |
|---|---|---|---|---|---|
| | Immaculate Conception College | Benin City Nigeria | 06 74 | 06 79 | 05 |

| ⑨ MEDICAL SCHOOL: Use precise name and list all schools attended | Schools Attended | Location (exact address) | Dates Attended From MO. YR. | To MO. YR. | No. School Years |
|---|---|---|---|---|---|
| 1090 010 | University of Ibadan | Ibadan Nigeria | 06 82 | 06 87 | 05 |

| ⑨1 CLINICAL CLERKSHIPS: Refers to that period of medical education in the clinical disciplines during which as a medical student you gained practical experience in hospitals or clinics. List clerkships (rotations, pre-graduate internships) for each clinical discipline. | Clinical Discipline | Hospital/Clinic | Location (exact address) | Supervising Physician | Dates of Clerkship |
|---|---|---|---|---|---|
| | MEDICINE | SPECIALIST HOSP. | BENIN CITY | DR Chuzie | 1988 |
| | SURGERY | ✓ | ✓ | DR Idiakheua | 1988 |
| | OBGYN | ✓ | ✓ | DR Ugboro | 1988 |
| | PEDIATRICS | ✓ | ✓ | DR Asemota | 1987 |

If additional lines are necessary use the reverse side of Part C.

| ⑨2 MEDICAL DEGREE: Conferred or Expected |
|---|
| Title of Degree ___ MBBS ___   Date Conferred:/Expected:* ___ 06 87 ___ |
| * If the degree has been conferred, a photocopy should be sent to ECFMG. See Medical Education Credentials Section of the ECFMG Information Booklet. |

| ⑩ MEDICAL LICENSURE: Present or Future |
|---|
| Date you received (or expect to receive) an unrestricted license or certificate of full registration to practice medicine: ___ 1988 ___   Country or state in which you are licensed :* ___ NIGERIA ___ |
| * If the license has been issued, a photocopy should be sent to ECFMG. See Medical Education Credentials Section of the ECFMG Information Booklet. |

| ⑪ HOSPITAL TRAINING: Residency or fellowship | Hospitals | Position(s) | Dates |
|---|---|---|---|
| | N/A | | |

| ⑫ EMPLOYMENT: Present employment only | Institution/Company | Position | Dates |
|---|---|---|---|
| Name: | N/A | | |
| Street: | | | |
| City/State/Country: | | | |

| ⑬ BIRTHDATE/ BIRTHPLACE: |
|---|
| Day 017   Month 04   Year 61   Location: ILE IFE OYO NIGERIA |
| City, Province, Country |

| ⑭ GENDER: | Please check one: __ Male __ Female | ⑮ NATIVE LANGUAGE: YORUBA |
|---|---|---|

| ⑯ CITIZENSHIP: | (Complete all three) | | |
|---|---|---|---|
| | A.  AT BIRTH | USA ☐   Other ☑ (Specify) | NIGERIAN , 056 |
| | B.  UPON ENTERING MEDICAL SCHOOL | USA ☐   Other ☑ (Specify) | NIGERIAN |
| | C.  NOW | USA ☐   Other ☑ (Specify) | NIGERIAN |

| ⑰ OTHER EXAMINA-TION HISTORY AND APPLICANT NUMBERS: Indicate the organizations to which you may have applied previously; enter the date of the most recent examination that was administered to you by that organization as | ORGANIZATION | DATE OF MOST RECENT EXAMINATION TAKEN MO.  YR. | APPLICANT IDENTIFICATION NUMBER |
|---|---|---|---|
| | NATIONAL BOARD OF MEDICAL EXAMINERS | | |
| | STATE LICENSING AUTHORITY IN THE UNITED STATES | | |

Students and graduates must sign the application in the presence of their Medical School Dean, Medical School Vice Dean, or Medical School Registrar. (See A below.)

If a graduate cannot sign the application form in the presence of a medical school official noted above, he/she must sign the application form in the presence of a Consular Official, First Class Magistrate or Notary Public (See B below) and must explain in writing why the application form could not be signed in the presence of a medical school official (See B.1 below.)

ECFMG_RUSS_0000152

JA226

NUMBER(S)
Indicate the organizations to which you may have applied previously; enter the date of the most recent examination that was administered to you by that organization as

STATE LICENSING AUTHORITY
IN THE UNITED STATES

MO.     YR.

Students and graduates must sign the application in the presence of their Medical School Dean, Medical School Vice Dean, or Medical School Registrar. (See A below.)

If a graduate cannot sign the application form in the presence of a medical school official noted above, he/she must sign the application form in the presence of a Consular Official, First Class Magistrate or Notary Public (See B below) *and* must explain in writing why the application form could not be signed in the presence of a medical school official. (See B.1 below.)

Application forms are to be mailed to ECFMG from the office of the official or notary who witnesses the applicant's signature.

All information on the application form is subject to verification and acceptance by the Educational Commission for Foreign Medical Graduates.

(18) CERTIFICATION BY APPLICANT

(Must be completed in English)

I hereby certify that the information in this application is true and accurate to the best of my knowledge and that the photographs enclosed are recent photographs of me.

I also certify and acknowledge that I have received the current edition of the Information Booklet on USMLE Step 1 and Step 2 examinations and ECFMG Certification, am aware of its contents and meet the eligibility requirements set therein.

I understand that (1) falsification of this application, or (2) the submission of any falsified educational documents to ECFMG, or (3) the submission of any falsified ECFMG documents to other agencies, or (4) the giving or receiving of aid in the examination as evidenced either by observation at the time of the examination or by statistical analysis of my answers and those of one or more other participants in that examination, or engaging in other conduct that subverts or attempts to subvert the examination process, may be sufficient cause for ECFMG to bar me from the examination, to terminate my participation in the examination, to withhold and/or invalidate the results of my examination, to withhold a certificate, to revoke a certificate, or to take other appropriate action.

I understand that the ECFMG certificate and any and all copies thereof remain the property of ECFMG and must be returned to ECFMG if ECFMG determines that the holder of the Certificate was not eligible to receive it or that it was otherwise issued in error.

I hereby authorize the Educational Commission for Foreign Medical Graduates to transmit any information contained in this application, or information that may otherwise become available to ECFMG, to any Federal, State, or local governmental department or agency, to any hospital or to any other organization or individual who, in the judgment of ECFMG, has a legitimate interest in such information.

(18.1) (Must be completed in English)

CERTIFICATION BY MEDICAL SCHOOL OFFICIAL

OR

NOTARIZATION WITH EXPLANATION
(Pertains to graduates only)

Signature of Applicant   x *Charles Eberene Olujemi*   Date 03 /26 /94
(In Latin Characters)

A.   I hereby certify that the photograph, signature, and information entered on Section 9 of this form accurately apply to the individual named above.

X _____
Signature of Medical School Official

Official Title _____   Date _____   Institution _____

B.   Subscribed and sworn to before me this 26th day of March 19 94

x *Jack L Katz*
Signature of Consular Official, First Class Magistrate, Notary Public

JACK L. KATZ
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires June 1, 1997

B.1   Explain in the space below why the application form could not be signed in the presence of your medical school dean, vice dean or registrar. Any explanation should be acceptable to ECFMG and must be provided each time you submit an application to ECFMG.

*Due to the fact that I reside in the United States as at time of filling this application*

| FOR OFFICE USE ONLY | |
|---|---|
| FORM | DATE |
| S.A. | |
| I.D. | |
| 338 | |
| 339 | |
| 325 | ✓ |

(19)   Have you ever been denied licensure or authority to practice medicine by any medical licensing or registering authority, or has any such license or authority to practice medicine ever been suspended or revoked?   ☐ Yes   ☒ No

If the answer to this question is "Yes," please explain fully on a separate sheet of paper, giving details such as date, location, charge, and action taken; and provide any supporting documents.

(20)   Provision of the following information is voluntary. The information will be used for research purposes only. You are encouraged to provide the information; however, the processing of your application will not be affected if you choose to leave item (20) blank.

Select the one which best describes your racial/ethnic background.

1 ☐ American Indian/Alaskan Native   2 ☐ Asian Pacific Islander   3 ☐ Hispanic   4 ☐ Black (not of Hispanic Origin)   5 ☐ White (not of Hispanic Origin)   6 ☐ Other

ECFMG-000153

ECFMG_RUSS_0000153

For Continuation of 6.1 Clinical Clerkships

| Clinical Clerkships | Hospital/Clinic | Location (exact address) | Supervising Physician | Dates of Clerkship |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

ECFMG-000154

ECFMG_RUSS_0000154



EDUCATIOI  .L COMMISSION for FOREIC   MEDICAL GRADUATES
3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.
TELEPHONE: 215-386-5900 ● CABLE: EDCOUNCIL, PHA.

June 22, 1995

Dr. Charles Olufemi Igberase                    USMLE/ECFMG Identification No.
P.O. Box 1653                                   0-482-700-2
Hyattsville, MD 20788

Dear Doctor:

When you applied for admission to ECFMG's administrations of the September 1994 Step 1, August/September 1994 Step 2 and September 1994 ECFMG English test, you responded "No" to the question "Have you previously submitted an application to ECFMG to take one or more of the examinations administered by ECFMG." You also stated your name as "Igberase Oluwafemi Charles" and your date of birth as April 17, 1961. You certified that this information, as well as the other information on your application "is true and accurate to the best of my knowledge ..." and you swore to this in the presence of a Notary Public.

You were assigned USMLE/ECFMG Identification Number 0-519-573-0 and took the Step 1, Step 2 and ECFMG English test. You submitted copies of your medical education credentials, which were verified by ECFMG with an official of your medical school. A Standard ECFMG Certificate was subsequently issued to you under the name Igberase Oluwafemi Charles with the number 0-519-573-0.

A check of ECFMG records shows that, despite what you certified to on the application referred to above, you had applied for and taken examinations administered by ECFMG prior to your application for the 1994 examinations. You first applied to ECFMG for the July 1992 administration of FMGEMS and the ECFMG English test under the name "Oluwafemi Charles Igberase" and certified that your date of birth was April 17, 1962. You failed both the basic medical science (Day 1) and clinical science (Day 2) components of the July 1992 FMGEMS and passed the ECFMG English test.

You subsequently applied for and took the January 1993 administration of FMGEMS and the ECFMG English test, failing Day 1, but passing Day 2 and the English test. You then applied for and took the July 1993 administration of Day 1 of FMGEMS which you passed. Since, at that time, you had also met the medical education credential requirements for ECFMG certification, you were issued Standard ECFMG Certificate Number 0-482-700-2.

You also applied for and took the September 1992 and September 1993 administrations of Step 1, failing the September 1992 examination, but passing the examination held in September 1993.

ECFMG-000085

ECFMG_RUSS_0000085

JA229

Dr. Igberase Oluwafemi Charles
June 22, 1995
Page 2

When you applied to ECFMG, you certified on your application form that, among other items, "falsification of this application" and "engaging in ...conduct that subverts or attempts to subvert the examination process, may be sufficient cause for ECFMG to ...invalidate the results of my examination ...to revoke a certificate, or to take other appropriate action."

In addition, the policies regarding taking Step 1 and Step 2 of the USMLE as outlined in the ECFMG Information Booklet, which you certified you had read and understood, include the statement "If one Step is passed, applicants may not repeat that Step and will have seven years to pass the other Step." You, however, took and passed Step 1 in September 1993 and again in September 1994.

ECFMG is conducting an investigation of this matter. You must write to ECFMG immediately to explain why you certified on your application form that you had not previously applied for an ECFMG examination when, in fact you had, and also to explain why you repeated Step 1 when the policy states applicants who pass the Step may not repeat it. Your letter must be received by ECFMG within 15 days of your receipt of this letter.

Your explanation, together with the documents in your file, will be reviewed by the ECFMG Committee on Medical Education Credentials at a future meeting. After its review, the Committee will make a recommendation to the ECFMG Board of Trustees.

Your response must be sent to the following special address:

ECFMG
P.O. Box 13467
Philadelphia, PA 19101-3467

Sincerely yours,

William C. Kelly
Manager, Medical Education
Credential Processing

/wck

ECFMG-000086

ECFMG_RUSS_0000086

JA230

Page One.
RECEIVED
CREDENTIALS DEPT

JUL 2 0 1995   USMIE | ECFMG # 0-482-700-2

ECFMG   July 14th 1995
P. 0. Box 1653
Hyattsville md 20788

Mr William C Kelly.
Manager, Medical Education
Credential processing
ECFMG.

Dear Sir
        I hereby with the following
explanations explain the reasons for
my repeating the ECFMG examinations.
        When I came into the US, I was
very hard up financially, no good books
and I was very emotionally troubled
        It was at this same period I was
attempting the ECFMG examinations.
        I had a very difficult time passing
these tests as you can see in my
records.
        I finally managed to pass, but of
all the over 150 residency applications
that I sent to various institutions,
no Hospital considered my results
and the number of attempts
Competitive enough!
        I tried again one year later and it

ECFMG-000078

ECFMG_RUSS_0000078

JA231

Page two

Came down to the same result.
This again gave me a lot of
depression especially since my family
were still in Nigeria and I had no
means of looking after them.
As a result of these, I explained
to my friends who felt I should take
the tests over again to improve on
my scores despite my difficult position
They suggested that since I had
already been issued one ECFMG
Certificate, I could not possibly
use that same number again to
sit for new tests
For this reasons, I LIED that I
had not taken the test before when
I was filling out the forms.
I did not deliberately change my
date of birth (DOB) on the forms.
The initial mistake was made
by my school when they recorded my
DOB as 04 17 61.
I wrote a letter to inform them
about the mistake and that my actual
DOB was 04 17 62.
As at the time I was filling out

ECFMG-000079

ECFMG_RUSS_0000079

JA232

Page Three

the latest form, I had not recieved back from my school a reply for the change.

I did not realise at this time that the previous form I filled had my Corrected DOB on it. So, I used my DOB that was in my School File since I had not recieved a change from my School. I attached here-with a photocopy of my Birth Certificate.

I am willing to pay for the verification of the 04 1761 DOB with my school and the fact that I have written a letter to them for a change/correction at the same period that I filled out the first ECFMG application forms.

As for the arrangement of my name. This is an on-going feud among the family members. It usually depended on who registered me for what examinations — My Father, my mother or my uncle. This accounts for the variations

ECFMG-000080

ECFMG_RUSS_0000080

JA233

Page Four

as represented in my Birth Certificate, medical School Certificate, Permanent medical Council Certificate and my first Leaving school certificate.

The name is actually a Compound Last name IGBERASE—CHARLES.

I have decided for future records to use the name as it appears on my Birth Certificate and passport (Nigerian Passport)

i.e. IGBERASE OLUWAFEMI CHARLES. I always thought that so long as all the names were represented, there was no problems.

Having said all these, I must say how deeply sorry and remorseful I am for allowing myself to be involved in such a despicable act of shame.

I took this step out of pain and anguish and as a desperate move to helping my family— I am the breadwinner of both my immediate and extended family, my Parents are very aged and my children are very very young.

ECFMG-000081

ECFMG_RUSS_0000081

JA234

Page five

I therefore plead fervently with
the committee members who are
going to review my case to ~~too~~
temper justice with mercy
God bless you all.
                Sincerely
                Igberase oluwafemi Charles
                    0-519-573-0

RECEIVED
EDUCATIONAL...

...

...




Executive Officer
IFE CENTRAL LOCAL
GOVERNMENT, ILE-
13th Sept. 1973

A 01948

OSUN STATE OF NIGERIA.

# CERTIFICATE OF REGISTRATION OF BIRTH

I, Mrs. Grace Fatunbase Registrar

of Births in ......Ife Central.....Local Government

in.................Ile Ife.................Division of Osun State

of Nigeria do hereby certify that I have this........14th........day

of.............September.......19.93. registered, in folio

number.................Six.................of Birth Register

The birth of Faberase Gbadamu Charles

Male / ~~Female~~, born at.............Ile Ife.................

on.......10th.......day of.......April........19.82

the child of Mr. Faberase David.............
(Father's Name)

and Mrs. Faberase Foyeke both
(Mother's Name)

Ile - Ife .....

.....14 / 9 .....19.93 .....Fatunbase

Signature of Registrar

ECFMG-000083

ECFMG_RUSS_0000083



EDUCATIC AL COMMISSION for FOREI J MEDICAL GRADUATES

3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.

TELEPHONE: 215-386-5900 ● CABLE: EDCOUNCIL, PHA.

Via Certified Mail
Return Receipt Requested

December 7, 1995

Dr. Igberase Oluwafemi Charles
P.O. Box 1653
Hyattsville, MD 20788

USMLE/ECFMG Identification No.
0-482-700-2

Dear Doctor:

On November 27, 1995 the ECFMG Committee on Medical Education Credentials met to review the matter with respect to your falsification of an application form submitted to ECFMG. The Committee reviewed the documentation available, including your July 14, 1995 letter.

Following review the Committee took the following actions:

1.      To invalidate the Standard ECFMG Certificate issued to you under the second identification number 0-519-573-0;

2.      To inform the United States Medical Licensing Examination (USMLE) Committee on Irregular Behavior of this matter for its information and possible action; and

3.      To revoke the Standard ECFMG Certificate issued to you under the first identification number 0-482-700-2.

Please return the two Standard ECFMG Certificates to my attention immediately. I suggest you send them by certified mail.

Enclosed is a copy of the ECFMG Rules of Appellate Procedure.

Sincerely yours,

William C. Kelly
Manager, Medical Education
Credential Processing

/wck
Enclosure

EXHIBIT 8

JA238



**EDUCATIO    L COMMISSION for FOREI(    /IEDICAL GRADUATES**

3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.
TELEPHONE: 215-386-5900 ● CABLE: EDCOUNCIL, PHA.

June 22, 1995

Dr. Charles Olufemi Igberase                    USMLE/ECFMG Identification No.
P.O. Box 1653                                    0-482-700-2
Hyattsville, MD 20788

Dear Doctor:

    When you applied for admission to ECFMG's administrations of the September
1994 Step 1, August/September 1994 Step 2 and September 1994 ECFMG English test,
you responded "No" to the question "Have you previously submitted an application to
ECFMG to take one or more of the examinations administered by ECFMG." You also
stated your name as "Igberase Oluwafemi Charles" and your date of birth as April 17,
1961.   You certified that this information, as well as the other information on your
application "is true and accurate to the best of my knowledge ..." and you swore to this in
the presence of a Notary Public.

    You were assigned USMLE/ECFMG Identification Number 0-519-573-0 and took
the Step 1, Step 2 and ECFMG English test.  You submitted copies of your medical
education credentials, which were verified by ECFMG with an official of your medical
school.  A Standard ECFMG Certificate was subsequently issued to you under the name
Igberase Oluwafemi Charles with the number 0-519-573-0.

    A check of ECFMG records shows that, despite what you certified to on the
application referred to above, you had applied for and taken examinations administered
by ECFMG prior to your application for the 1994 examinations.  You first applied to
ECFMG for the July 1992 administration of FMGEMS and the ECFMG English test under
the name "Oluwafemi Charles Igberase" and certified that your date of birth was April 17,
1962.  You failed both the basic medical science (Day 1) and clinical science (Day 2)
components of the July 1992 FMGEMS and passed the ECFMG English test.

    You subsequently applied for and took the January 1993 administration of
FMGEMS and the ECFMG English test, failing Day 1, but passing Day 2 and the English
test.  You then applied for and took the July 1993 administration of Day 1 of FMGEMS
which you passed.  Since, at that time, you had also met the medical education credential
requirements for ECFMG certification, you were issued Standard ECFMG Certificate
Number 0-482-700-2.

    You also applied for and took the September 1992 and September 1993
administrations of Step 1, failing the September 1992 examination, but passing the
examination held in September 1993.

Dr. Igberase Oluwafemi Charles
June 22, 1995
Page 2

When you applied to ECFMG, you certified on your application form that, among other items, "falsification of this application" and "engaging in ...conduct that subverts or attempts to subvert the examination process, may be sufficient cause for ECFMG to ...invalidate the results of my examination ...to revoke a certificate, or to take other appropriate action."

In addition, the policies regarding taking Step 1 and Step 2 of the USMLE as outlined in the ECFMG Information Booklet, which you certified you had read and understood, include the statement "If one Step is passed, applicants may not repeat that Step and will have seven years to pass the other Step." You, however, took and passed Step 1 in September 1993 and again in September 1994.

ECFMG is conducting an investigation of this matter. You must write to ECFMG immediately to explain why you certified on your application form that you had not previously applied for an ECFMG examination when, in fact you had, and also to explain why you repeated Step 1 when the policy states applicants who pass the Step may not repeat it. Your letter must be received by ECFMG within 15 days of your receipt of this letter.

Your explanation, together with the documents in your file, will be reviewed by the ECFMG Committee on Medical Education Credentials at a future meeting. After its review, the Committee will make a recommendation to the ECFMG Board of Trustees.

Your response must be sent to the following special address:

ECFMG
P.O. Box 13467
Philadelphia, PA 19101-3467

Sincerely yours,

William C. Kelly
Manager, Medical Education
Credential Processing

/wck

Confidential

EXHIBIT 9

**PLEASE DO (  NOT DETACH**

| | | |
|---|---|---|
| Medical<br>Licensing<br>Examination | STEP 1 AND/OR STEP 2 EXAMINATIONS | ATTACHMENT 2 |

ADMINISTERED TO STUDENTS/GRADUATES OF FOREIGN MEDICAL SCHOOLS BY
THE EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, 3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, USA
PHONE: 215 386-5900  CABLE: EDCOUNCIL,PHA

**PART A**

NOTE: All items on all sides of the application must be filled out completely for initial and repeat examinations or application will not be accepted.
Use typewriter or block print in ink.

**① ECFMG EXAMINATION HISTORY:**
Have you previously submitted an application to ECFMG to take one or more of the examinations administered by ECFMG?  ☐ Yes  ☑ No
If yes, place your USMLE Identification Number (ECFMG Applicant Number) in this box.  5 1 9 - 5 7 3 (

**② NAME:**
Print your name as you want it to appear on the Standard ECFMG Certificate and on your official USMLE record

First Name: IGBERASE   Middle Name: OLUWAFEMI
Last Name (Surname): CHARLES
Full Maiden Name (For married women only): 487-700-2

**②.1** If you have previously applied to ECFMG under another name, provide that name
Previous Name: N/A
Please include a copy of the legal document that verifies this name change.

**③ ADDRESS:**
Use address to which admission permit and other notification from ECFMG should be sent
Number/Street:
Apartment Number:    Post Office Box Number: 1653
City: HYATTSVILLE
State/Country: MD    Zip or Postal Code: 20788

**④ U.S. SOCIAL SECURITY AND/OR CANADIAN SOCIAL INSURANCE NUMBERS:**
Enter numbers in boxes provided
U.S. Social Security Number:    Canadian Social Insurance Number:

**⑤ REGISTRATION:**
Check ☑ box(es) of selected examinations

| | | | |
|---|---|---|---|
| Step 1 | June 8 - 9, 1994 ☐ | **or** | September 22 - 23, 1994 ☒ |
| Step 2 | March 30 - 31, 1994 ☐ | **or** | August 31 - September 1, 1994 ☐ ✓ |
| ECFMG English Test | March 31, 1994 ☐ | **or** | September 1, 1994 ☑ |

**⑤.1 TEST CENTER:**
Select three ECFMG centers for each Step and/or ECFMG English Test. See the Information Booklet in which this application was enclosed for a list of ECFMG centers

Step 1: (1) Richmond 182   (2) Baltimore 300   (3) City ___ Center No. ___

Step 2 and/or ECFMG English Test: (1) Richmond 182   (2) Baltimore 300   (3) City ___ Center No. ___

**⑥ EXAMINATION FEE(S):**
Enter the amount enclosed on the line provided. JAN 30 1994

Fees must be paid in United States funds. Checks, bank drafts or money orders are to be made payable to the ECFMG. Do not send cash.

Step 1 Basic Medical Science Examination  $400
Step 2 Clinical Science Examination  $400
ECFMG English Test  $ 30

Enter amount enclosed  $ _____

FOR OFFICE USE ONLY

**⑦ HANDEDNESS:** ☑ Right Handed  ☐ Left Handed

APPLICATION FORM 1040, August, 1993
*ECFMG 1993 All Rights Reserved

FOR OFFICE USE ONLY  E ___  P 50

160

ECFMG-000407

ECFMG_RUSS_0000407

**PART B**

| | Schools Attended | Location (exact address) | Dates Attended From MO. YR. | To MO. YR. | No. School Years |
|---|---|---|---|---|---|
| ⑧ SECONDARY SCHOOL, OLLEGE/ UNIVERSITY: | Immaculate Conception College | Benin City Nigeria | 06 74 | 06 79 | 05 |

| | Schools Attended | Location (exact address) | Dates Attended From MO. YR. | To MO. YR. | No. School Years |
|---|---|---|---|---|---|
| ⑨ MEDICAL SCHOOL: Use precise name and list all schools attended 690-010 | University of Ibadan | Ibadan Nigeria | 08 0 06 82 | 06 87 | 05 |

| ⑨.1 CLINICAL CLERKSHIPS: Refers to that period of medical education in the clinical disciplines during which as a medical student you gained practical experience in hospitals or clinics. List clerkships (rotations, pre-graduate internships) for each clinical discipline. | Clinical Discipline | Hospital/Clinic | Location (exact address) | Supervising Physician | Dates of Clerkship |
|---|---|---|---|---|---|
| | MEDICINE | SPECIALIST HOSP. | BENIN CITY | DR Ohweke | 1988 |
| | SURGERY | ✓ | ✓ | DR Idiakhoa | 1988 |
| | OBGYN | ✓ | — | DR Yinbor | 1988 |
| | PEDIATRICS | ✓ | ✓ | DR ASEMOTA | 1987 |

If additional lines are necessary use the reverse side of Part C.

| ⑨.2 MEDICAL DEGREE: Conferred or Expected | Title of Degree  MBBS    Date Conferred/Expected :  06 87 |
|---|---|

\* If the degree has been conferred, a photocopy should be sent to ECFMG. See *Medical Education Credentials* Section of the ECFMG Information Booklet.

**⑩ MEDICAL LICENSURE:** Present or Future

Date you received (or expect to receive) an unrestricted license or certificate of full registration to practice medicine:  1988    Country or state in which you are licensed :\*  NIGERIA

\* If the license has been issued, a photocopy should be sent to ECFMG. See *Medical Education Credentials* Section of the ECFMG Information Booklet.

| ⑪ HOSPITAL TRAINING: Residency or fellowship | Hospitals | Position | Dates |
|---|---|---|---|
| | N/A | | |

| ⑫ EMPLOYMENT: Present employment only | Institution/Company | Position | Dates |
|---|---|---|---|
| | Name: N/A | | |
| | Street: | | |
| | City/State/Country: | | |

**⑬ BIRTHDATE/ BIRTHPLACE:** Day 0 17  Month 04  Year 61  Location: ILE IFE OYO NIGERIA
City, Province, Country

**⑭ GENDER:** Please check one: ✓ Male ___ Female    **⑮ NATIVE LANGUAGE:** YORUBA

| ⑯ CITIZENSHIP: | (Complete all three) | |
|---|---|---|
| | A. AT BIRTH      USA ☐  Other ☑ (Specify) | NIGERIAN  056 |
| | B. UPON ENTERING MEDICAL SCHOOL  USA ☐  Other ☑ (Specify) | NIGERIAN |
| | C. NOW      USA ☐  Other ☑ (Specify) | NIGERIAN |

| ⑰ OTHER EXAMINATION HISTORY AND APPLICANT NUMBERS: Indicate the organizations which you may have applied previously; enter the date of the most recent examination that was administered to you. | ORGANIZATION | DATE OF MOST RECENT EXAMINATION TAKEN | APPLICANT IDENTIFICATION NUMBER |
|---|---|---|---|
| | NATIONAL BOARD OF MEDICAL EXAMINERS | MO.    YR. | |
| | STATE LICENSING AUTHORITY IN THE UNITED STATES | | 161 |

...sign the application in the presence of their Medical School Dean, Medical School Vice Dean, or Medical School Registrar. (See A below.)
If a graduate cannot sign the application form in the presence of a medical...

ECFMG-000408

ECFMG_RUSS_0000408

JA243

IN THE UNITED STATES

Students and graduates must sign the application in the presence of their Medical School Dean, Medical School Vice Dean, or Medical School Registrar. (See A below.)

If a graduate cannot sign the application form in the presence of a medical official noted above, he/she must sign the application form in the presence of a Consular Official, First Class Magistrate or Notary Public (See B below) *and* must explain in writing why the application form could not be signed in the presence of a medical school official. (See B.1 below.)

Application forms are to be mailed to ECFMG from the office of the official or notary who witnesses the applicant's signature.

All information on the application is subject to verification and acceptance by the Educational Commission for Foreign Medical Graduates.

**(18) CERTIFICATION BY APPLICANT**

*(Must be completed in English)*

I hereby certify that the information in this application is true and accurate to the best of my knowledge and that the photographs enclosed are recent photographs of me.

I also certify and acknowledge that I have received the current edition of the Information Booklet on USMLE Step 1 and Step 2 examinations and ECFMG Certification, am aware of its contents and meet the eligibility requirements set therein.

I understand that (1) falsification of this application, or (2) the submission of any falsified educational documents to ECFMG, or (3) the submission of any falsified ECFMG documents to other agencies, or (4) the giving or receiving of aid in the examination as evidenced either by observation at the time of the examination or by statistical analysis of my answers and those of one or more other participants in that examination, or engaging in other conduct that subverts or attempts to subvert the examination process, may be sufficient cause for ECFMG to bar me from the examination, to terminate my participation in the examination, to withhold and/or invalidate the results of my examination, to withhold a certificate, to revoke a certificate, or to take other appropriate action.

I understand that the ECFMG certificate and any and all copies thereof remain the property of ECFMG and must be returned to ECFMG if ECFMG determines that the holder of the Certificate was not eligible to receive it or that it was otherwise issued in error.

I hereby authorize the Educational Commission for Foreign Medical Graduates to transmit any information contained in this application, or information that may otherwise become available to ECFMG, to any Federal, State, or local governmental department or agency, to any hospital or to any other organization or individual who, in the judgment of ECFMG, has a legitimate interest in such information.

RECEIVED
MAR 30 1994
ECFMG

Signature of Applicant  X *Charles Ekwueme Ohyemi*  Date 03/26/94

**(18.1)** *(Must be completed in English)*

**CERTIFICATION BY MEDICAL SCHOOL OFFICIAL**

**OR**

**NOTARIZATION WITH EXPLANATION** *(Pertains to graduates only)*

A. I hereby certify that the photograph, signature, and information entered on Section 9 of this form accurately apply to the individual named above.

X _____
Signature of Medical School Official

Official Title _____ Date _____ Institution _____

B. Subscribed and sworn to before me this 26th day of March, 19 94
X *Jack L. Katz*
Signature of Consular Official, First Class Magistrate, Notary Public

JACK L. KATZ
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires June 1, 1997

B.1 Explain in the space below why the application form could not be signed in the presence of your medical school dean, vice dean or registrar. Any explanation must be acceptable to ECFMG and must be provided each time you submit an application to ECFMG.

*Due to the fact that I reside in the United States as at time of filling this applicatio*

| FOR OFFICE USE ONLY | |
|---|---|
| FORM | DATE |
| S.A. | |
| I.D. | |
| 338 | |
| 339 | |
| 325 ✓ | |

5:9-573

**(19)** Have you ever been denied licensure or authority to practice medicine by any medical licensing or registering authority, or has any such license or authority to practice medicine ever been suspended or revoked?   ☐ Yes  ☐ No

If the answer to this question is "Yes," please explain fully on a separate sheet of paper, giving details such as date, location, charge, and action taken; and provide any supporting documents.

**(20)** Provision of the following information is voluntary. The information will be used for research purposes only. You are encouraged to provide the information, however, the processing of your application will not be affected if you choose to leave item ⑳ blank.

Select the one which best describes your racial/ethnic background.

1 ☐ American Indian/Alaskan Native  2 ☐ Asian Pacific Islander  3 ☐ Hispanic  4 ☐ Black (not of Hispanic Origin)  5 ☐ White (not of Hispanic Origin)  6 ☐ Other

ECFMG-000409

(162)

**EXHIBIT 10**

Page One
RECEIVED
CREDENTIALS DEPT.
JUL 20 1995    USMLE / ECFMG # 0-482-700-2

ECFMG    July 14th 1995
P.O. Box 1653
Hyattsville md 20788

ATTACHMENT A3

Mr William C. Kelly.
Manager, Medical Education
Credential processing
ECFMG.
Dear Sir
        I hereby with the following
explanations explain the reasons for
my repeating the ECFMG examinations.
        When I came into the US, I was
very hard up financially, no good books
and I was very emotionally troubled
It was at this same period I was
attempting the ECFMG examinations.
        I had a very difficult time passing
these tests as you can see in my
records.
        I finally managed to pass, but of
all the over 150 residency applications
that I sent to various institutions,
no Hospital considered my results
and the number of attempts
Competitive enough.
        I tried again one year Later and it

ECFMG-000433

ECFMG_RUSS_0000433

JA246

Page two

Came down to the same result.
This again gave me a lot of
depression especially since my family
were still in Nigeria and I had no
means of looking after them.
As a result of these, I explained
to my friends who felt I should take
the tests over again to improve on
my scores despite my difficult position
They suggested that since I had
already been issued one ECFMG
Certificate, I could not possibly
use that same number again to
sit for new tests
For this reasons, I <u>LIED</u> that I
had not taken the test before when
I was filling out the forms.
I did not deliberately change my
date of birth (DOB) on the forms.
The initial mistake was made
by my school when they recorded my
DOB as 04 17 61.
I wrote a letter to inform them
about the mistake and that my actual
DOB was 04 17 62.
As at the time I was filling out

ECFMG-000434

ECFMG_RUSS_0000434

JA247

Page Three

the latest form, I had not recieved
back from my school a reply for
the change.
     I did not realise at this time
that the previous form I filled had
my Corrected DOB on it. So, I
used my DOB that was in my
school File since I had not
recieved a change from my school
. I attached here-with a photocopy
of my Birth Certificate.
     I am willing to pay for the
verification of the 041761 DOB
with my school and the fact that
I have written a letter to them for
a change/correction at the same
period that I filled out the first
ECFMG application forms.
     As for the arrangement of
my name. This is an on-going
Feud among the family members.
     It usually depended on who
responsible for what examinations
my Father, my mother or my
uncle.
     This accounts for the variations

ECFMG-000435

ECFMG_RUSS_0000435

JA248

Page Four

as represented in my Birth Certificate, medical school Certificate, Permanent medical Council Certificate and my first Leaving School certificate.

The name is actually a Compound Last name IGBERASE—CHARLES.

I have decided for future records to use the name as it appears on my Birth Certificate and passport (Nigerian Passport)

i.e. IGBERASE OLUWAFEMI CHARLES

I always thought that so long as all the names were represented, There was no problems.

Having said all these, I must say how deeply sorry and remorseful I am for allowing myself to be involved in such a despicable act of shame.

I took this step out of pain and anguish and as a desperate move to helping my family— I am the bread-winner of both my immediate and extended family, my parents are very aged and my children are very very young.

ECFMG-000436

ECFMG_RUSS_0000436

JA249

Page five

I therefore plead fervently with the committee members who are going to review my case to temper justice with mercy God bless you all.

Sincerely

Igberase oluwafemi Charles
0-519-573-0

RECEIVED
CREDENTIALS DEPT

ECFMG

EXHIBIT 11



EDUCATIONAL COMMISSION for FOREIGN MEDICAL GRADUATES
3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.
TELEPHONE: 215-386-5900 ● CABLE: EDCOUNCIL, PHA.

Via Certified Mail                                    December 7, 1995
Return Receipt Requested

Dr. Igberase Oluwafemi Charles                    USMLE/ECFMG Identification No.
P.O. Box 1653                                      0-482-700-2
Hyattsville, MD  20788

Dear Doctor:

On November 27, 1995 the ECFMG Committee on Medical Education Credentials met to review the matter with respect to your falsification of an application form submitted to ECFMG. The Committee reviewed the documentation available, including your July 14, 1995 letter.

Following review the Committee took the following actions:

1.    To invalidate the Standard ECFMG Certificate issued to you under the second identification number 0-519-573-0;

2.    To inform the United States Medical Licensing Examination (USMLE) Committee on Irregular Behavior of this matter for its information and possible action; and

3.    To revoke the Standard ECFMG Certificate issued to you under the first identification number 0-482-700-2.

Please return the two Standard ECFMG Certificates to my attention immediately. I suggest you send them by certified mail.

Enclosed is a copy of the ECFMG Rules of Appellate Procedure.

Sincerely yours,

William C. Kelly
Manager, Medical Education
Credential Processing

/wck
Enclosure

ECFMG-000167

ECFMG_RUSS_0000167

JA252

EXHIBIT 12

# Irregular Behavior

Policies and Procedures Regarding Irregular Behavior | Representative Examples of Irregular Behavior

## Policies and Procedures Regarding Irregular Behavior

### A. Policies Regarding Irregular Behavior

1. *Irregular behavior* includes all actions or attempted actions on the part of applicants, examinees, potential applicants, others when solicited by an applicant and/or examinee, or any other person that would or could subvert the examination, certification or other processes, programs, or services of ECFMG, including, but not limited to, the ECFMG Exchange Visitor Sponsorship Program, ECFMG International Credentials Services (EICS), the Electronic Portfolio of International Credentials (EPIC), and Electronic Residency Application Service (ERAS) Support Services at ECFMG. Such actions or attempted actions are considered irregular behavior, regardless of when the irregular behavior occurs, and regardless of whether the individual is certified by ECFMG. Examples of irregular behavior include, but are not limited to, submission of any falsified or altered document to ECFMG, whether submitted by the individual or by a third party, such as a medical school, on behalf of the individual; failing to comply with United States Medical Licensing Examination® (USMLE®) or ECFMG policies, procedures, and/or rules; falsification of information on applications, submissions, or other materials to ECFMG; taking an examination when not eligible to do so, or submission of any falsified or altered ECFMG document to other entities or individuals.

2. The Medical Education Credentials Committee's determination of irregular behavior is sufficient cause for ECFMG to bar an individual from future examinations, to bar an individual from other ECFMG programs and services, to withhold and/or invalidate the results of an examination, to withhold an ECFMG Certificate, to revoke an ECFMG Certificate, or to take other appropriate actions for a specified period of time or permanently. ECFMG may report the Medical Education Credentials Committee's determination of irregular behavior to the USMLE Committee for Individualized Review, Federation of State Medical Boards of the United States, U.S. state and international medical licensing authorities, graduate medical education programs, and to any other organization or individual who, in the judgment of ECFMG, has a legitimate interest in such information.

3. If the Medical Education Credentials Committee determines that an individual engaged in irregular behavior, a permanent annotation to that effect will be included in the individual's ECFMG record. This annotation will appear on the ECFMG Certification Verification Service (CVS) and ECFMG Status Reports for the individual. If the individual has an EPIC Portfolio, a permanent annotation will be included on all EPIC Reports with respect to that individual. Additional information explaining the basis for the determination of irregular behavior and the resulting action(s) will accompany every ECFMG Status Report, CVS Report, and EPIC Report, and may also be provided to legitimately interested entities; this additional information may be provided, regardless of the date of the conduct or activity that comprises the irregular behavior. Notice of the Medical Education Credentials Committee's determination of irregular behavior is periodically reported to the ECFMG Board of Trustees.

### B. Procedures Regarding Irregular Behavior

1. After receipt of a report or other information suggesting irregular behavior on the part of an individual, ECFMG staff will review the information and will assess whether there is sufficient evidence of irregular behavior. When indicated and feasible, staff will conduct a follow-up investigation to gather additional information.

2. If the individual is an examinee and the review referenced above will not be concluded until after the typical period for the reporting of exam scores, the examinee will be notified that the reporting of the exam scores in question is being delayed.

3. If ECFMG staff finds that there exists a reasonable basis to conclude that an individual may have engaged in irregular behavior, the matter will be referred to the Medical Education Credentials Committee. ECFMG may withhold services from the individual pending a determination from the Medical Education Credentials Committee. If the individual is an examinee, the examinee's exam scores will be withheld, if not already released, and the examinee may not be permitted to sit for subsequent examinations, nor will applications for examination be processed.

4. Using the individual's last known address, the individual will be advised in writing of the nature of the alleged irregular behavior and will be provided with a copy of the *ECFMG Policies and Procedures Regarding Irregular Behavior*. If the alleged irregular behavior is related to a shared ECFMG and USMLE policy, the USMLE Program will also be advised of the allegation. The individual will be given an opportunity to provide written explanation and to present other relevant information. Any such written explanation or other relevant information must be received by ECFMG by the deadline set forth in ECFMG's writing to the individual. Submissions received after the deadline will be considered by the Medical Education Credentials Committee at its discretion. The individual may also request the opportunity to appear personally before the Medical Education Credentials Committee, and may be represented by legal counsel, if the individual so wishes. In instances in which the individual appears personally before the Medical Education Credentials Committee, a stenographic or audio recording will be made of that portion of the proceedings during which the individual is in attendance. Any statements made by the individual during a personal appearance before the Medical Education Credentials Committee will be under oath.

5. Individuals who have been charged with irregular behavior who wish to request a deferral of the ECFMG Committee's review of the allegation must (1) submit the request in writing and (2) provide the reason for the request. If ECFMG staff determine that the granting of the request could have a material impact on the individual's opportunity to refute the allegation then staff, at its discretion, can grant the request and defer an ECFMG action for up to six (6) months. Unless the individual can demonstrate compelling circumstances, ECFMG staff should not grant more than two deferral requests. Notwithstanding the foregoing, if the individual charged with irregular behavior is ECFMG Certified, a candidate for residency, or practicing medicine, ECFMG staff will only grant the request for deferral if, in its sole discretion, ECFMG believes that public health and safety is not at risk. If the deferral request is granted, ECFMG will notify appropriate institutions and authorities of the individual's pending irregular behavior charge.

6. All pertinent information regarding the irregular behavior, including any explanation or other information that the individual may provide, will be provided to the Medical Education Credentials Committee. The Medical Education Credentials Committee, based on the information available to it, will determine whether the preponderance of the evidence indicates that the individual engaged in irregular behavior. If the Medical Education Credentials Committee determines that the individual engaged in irregular behavior, the Medical Education Credentials Committee will determine what action(s) will be taken as a result of the irregular behavior. ECFMG will notify the individual whether the Medical Education Credentials Committee determined the individual engaged in irregular behavior and of any action(s) taken pursuant thereto.

7. The Medical Education Credentials Committee's determination of irregular behavior and any action(s) taken pursuant thereto (a "decision" of the Medical Education Credentials Committee) may be appealed to the Review Committee for Appeals if the individual has a reasonable basis to believe the Medical Education Credentials Committee did not act in compliance with the Medical Education Credentials Committee Policies and Procedures or that the Medical Education Credentials Committee's decision was clearly contrary to the weight of the evidence before it. The notice of appeal must be received by ECFMG within thirty (30) days of the date on which the notification advising the individual of the Medical Education Credentials Committee's decision was mailed to the individual. The appeal of a decision of the Medical Education Credentials Committee is governed by the Rules of Appellate Procedure.

8. Petitions for reconsideration of a decision of the Medical Education Credentials Committee will be reviewed by the Medical Education Credentials Committee only in extraordinary cases. Any such petition must first be considered by ECFMG staff, who, after discussion with the Medical Education Credentials Committee Chair, may deny the request or place it on the agenda for consideration by the full Medical Education Credentials Committee at a regularly scheduled meeting. Absent the submission of newly discovered material evidence not previously available to the petitioner and, therefore, not available to the Medical Education Credentials Committee, petitions for reconsideration typically will be denied.

JA254

# EXHIBIT 13

1

EDUCATIONAL COMMISSION
FOR FOREIGN MEDICAL GRADUATES

- - - - - - - - - - - - - - x
                            :
Appeal of:                  :
                            :
                            :
DR. IGBERASE OLUWAFEMI CHARLES :
(USMLE/ECFMG No. 0-482-700-2) :
                            :
- - - - - - - - - - - - - - x

                    Wednesday, July 10, 1996

                    Culpeper Room
                    ANA Hotel
                    2401 M Street N.W.
                    Washington, D.C. 20037

REVIEW COMMITTEE:

      FLOYD J. MALVEAUX, M.D., Ph.D., ECFMG Trustee
      MARVIN R. DUNN, M.D. ECFMG Trustee
      ALEXANDER H. WILLIAMS, III, ECFMG Trustee

OTHER ECFMG PARTICIPANTS:
      NANCY E. GARY, M.D. President
      MARIE L. SHAFRON, Vice-President for
            Operations
      BRUCE A. HUBBARD, ESQ., Legal Counsel
      WILLIAM C. KELLY, Manager, Medical Education
            Credentials

ON BEHALF OF THE APPELLANT:

      LOUIS FREEMAN, ESQ.

ECFMG-000353

ECFMG_RUSS_0000353

JA256

EXHIBIT 14



## EDUCATION '. COMMISSION for FOREIG' MEDICAL GRADUATES

PHILADELPHIA OFFICE                    ATTACHMENT 3
3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.
TELEPHONE: 215-386-5900 ● FAX: 215-387-9963 ● CABLE: EDCOUNCIL, PHA.

Via Express Mail                                        July 31, 1996

Dr. Igberase Oluwafemi Charles                USMLE/ECFMG Identification No.
P.O. Box 1653·                                      0-482-700-2.
Hyattsville, MD 20788

Dear Dr. Charles:

By letter dated December 7, 1995, you were notified of the decision of the Committee on Medical Education Credentials of the Educational Commission for Foreign Medical Graduates (ECFMG) to take certain actions: to invalidate the Standard ECFMG Certificate No. 0-519-573-0, to inform the USMLE Committee on Irregular Behavior for its information and possible action and to revoke Standard ECFMG Certificate No. 0-482-700-2.

On March 7, 1996, ECFMG received on your behalf a request for an appeal of the decision to revoke Standard ECFMG Certificate No. 0-482-700-2, under the ECFMG Rules of Appellate Procedure. Your oral appeal was considered on July 10, 1996 in Washington, D.C. by a Review Committee consisting of Floyd J. Malveaux, M.D., Ph.D., Chairman, Marvin R. Dunn, M.D. and Alexander H. Williams, III. The Committee considered all of the evidence before it, including correspondence between and among you, your attorney, the USMLE Committee on Irregular Behavior and ECFMG.

The Review Committee affirmed the decision of the Committee on Medical Education Credentials, but limited the length of the revocation of Standard ECFMG Certificate No. 0-482-700-2 to five (5) years from July 10, 1996, i.e., July 10, 2001. At that time, Standard ECFMG Certificate No. 0-482-700-2 will be reinstated if you remain otherwise eligible for ECFMG certification.

Decisions of the Review Committee are subject to the ECFMG Rules of Appellate Procedure, a copy of which is enclosed.

The Review Committee wishes to thank you for your cooperation.

ECFMG REVIEW COMMITTEE

Floyd J. Malveaux, M.D., Ph.D.
Marvin R. Dunn, M.D.
Alexander H. Williams, III

By: _____

Marie L. Shafron
Vice President for Operations
Educational Commission for
Foreign Medical Graduates
At the direction of the
ECFMG Review Committee

MLS/wck
Enclosure
cc: Louis M. Freeman, Esq.

*ECFMG is an organization committed to promoting excellence in international medical education.*

ECFMG-000440

ECFMG_RUSS_0000440

JA258

EXHIBIT 15

ATTACHMENT 7



**EDUCATIONAL COMMISSION for FOREIGN MEDICAL GRADUATES**

PHILADELPHIA OFFICE

3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, U.S.A.

TELEPHONE: 215-386-5900 ● FAX: 215-386-9767 ● INTERNET: www.ecfmg.org

May 3, 2001

Personal and Confidential
Via Certified Mail – Return Receipt Requested

Dr. Igberase Oluwafemi Charles
16327 Chadsford Ave.
Baton Rouge, LA 70817

Re: USMLE™/ECFMG® Identification No. 0-482-700-2

Dear Dr. Charles:

This is notice of the decision of the ECFMG Committee on Medical Education Credentials made on April 18, 2001. A brief procedural history is set forth below.

On November 27, 1995, the ECFMG Committee on Medical Education Credentials reviewed the allegation that you submitted a falsified application to ECFMG and that you applied to take the United States Medical Licensing Examination™ Step 2 which you had already passed. The falsification was in your reply "No" in response to Item 1 (USMLE/ECFMG Identification Number) of the application, "Have you previously submitted an application to ECFMG to take one or more of the examinations administered by ECFMG?"

Following review in November 1995, the ECFMG Committee took action to invalidate the Standard ECFMG Certificate issued to you under USMLE/ECFMG Identification No. 0-519-573-0, to inform the USMLE Committee on Irregular Behavior for its information and possible action and to revoke the Standard ECFMG Certificate issued to you under USMLE/ECFMG Identification No. 0-482-700-2.

You subsequently filed an appeal of the ECFMG Committee's decision. The ECFMG Review Committee for Appeals considered this appeal on July 10, 1986. The ECFMG Review Committee for Appeals affirmed the decision of the ECFMG Committee on Medical Education Credentials to revoke the Standard ECFMG Certificate issued to you under USMLE/ECFMG Identification No. 0-482-700-2, but limited the length of revocation to a period of five years from July 10, 1996, i.e., to July 10, 2001.

In October 2000, you submitted to ECFMG an application for the USMLE Step 1 and Step 2. In Item 1 of the application, you answered "No" to the question, "Have you ever submitted an application to ECFMG for any examination, even if you did not take

*ECFMG® is an organization committed to promoting excellence in international medical education.*

ECFMG-000446

Dr. Igberase Oluwafemi Charles
May 3, 2001
Page 2

the examination?"

On April 18, 2001, the ECFMG Committee on Medical Education Credentials reviewed the allegation that the application you submitted in October 2000 was falsified and that you applied to take the USMLE Step 1 and Step 2 which you had already passed. The falsification was in your reply of "No" in response to Item 1 (USMLE/ECFMG Identification Number) of the application, "Have you ever submitted an application to ECFMG for any examination, even if you did not take the examination?"

Following this review, the ECFMG Committee took action to extend the length of the revocation of your Standard ECFMG Certificate for a yet to be specified period of time, to refer this new matter to the USMLE Committee on Irregular Behavior for its review and to review this matter again after the USMLE Committee's decision.

ECFMG will send notification of this action to state medical licensing boards, graduate medical education program directors in the United States, the Federation of State Medical Boards' Action Data Bank, Canadian licensing authorities and other interested entities.

Actions of the ECFMG Committee on Medical Education Credentials are subject to the ECFMG Rules of Appellate Procedure. A copy of the ECFMG Rules of Appellate Procedure is enclosed.

Sincerely,

William C. Kelly
Manager, Medical Education
Credentials Department

/wck
Enclosure

EXHIBIT 16

PLEASE DO     NOT DETACH

**UNITED STATES MEDICAL LICENSING EXAMINATION (USMLE)**
**STEP 1 AND/OR STEP 2 EXAMINATIONS**

ADMINISTERED TO STUDENTS/GRADUATES OF FOREIGN MEDICAL SCHOOLS BY
THE EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, 3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, USA
PHONE: 215 386-5900, CABLE: EDCOUNCIL,PHA

**PART A**

NOTE: All items on all sides of the application must be filled out completely for initial and reexamination or application will not be accepted.
Use typewriter or block print in ink.

| | | |
|---|---|---|
| ① **ECFMG EXAMINATION HISTORY:** | Have you ever submitted an application to ECFMG for any examination, even if you did not take the examination? ☐ Yes ☑ No | If yes, enter your USMLE Identification Number (ECFMG Applicant Number) in this box. 553-258? |
| ② **NAME:** Print your name as you want it to appear on the Standard ECFMG Certificate and on your official USMLE record | JOHN First Name    MOISA Middle Name <br> AKODA Last Name (Surname) <br> Full Maiden Name (For married women only) | |
| ②.1 If you have previously applied to ECFMG under another name, provide that name | Previous Name <br> Please include a copy of the legal document that verifies this name change. | |
| ③ **ADDRESS:** Use address to which admission permit and other notification from ECFMG should be sent | 4713 WEST BRADDOCK ROAD, Number/Street <br> ELEVEN (11) Apartment Number    Post Office Box Number <br> ALEXANDRIA City    VIRGINIA State/Country    2231 Zip or Postal Code | |
| ④ **U.S. SOCIAL SECURITY AND/OR NATIONAL IDENTIFICATION NUMBERS:** | Enter U.S. Social Security Number ☐☐☐ ☐☐ ☐☐☐☐    Enter National Identification Number and Country <br> Country: | |
| ⑤ **STATUS OF MEDICAL SCHOOL STUDENT:** *Must* be completed by students. | If you are applying for Step 1, will you have completed two years of medical school by the date of that examination? ☑ Yes ☐ No <br> If you are applying for Step 2, will you have completed or be within 12 months of completion of the formal didactic curriculum at your medical school by the date of that examination? ☑ Yes ☐ No | |

| ⑥ **REGISTRATION:** Select no more than one box for each Step and/or ECFMG English test for which you are applying. | Step 1 (Check one box only) | Step 2 (Check one box only) | ECFMG English Test (Check one box only) |
|---|---|---|---|
| | ☑ June 11-12, 1996 <br> or <br> ☐ October 15-16, 1996 | ☑ March 5-6, 1996 <br> or <br> ☐ August 27-28, 1996 | ☑ March 6, 1996 <br> or <br> ☐ August 28, 1996 |

| ⑥.1 **TEST CENTER:** Select three different ECFMG centers in order of preference for each Step and/or ECFMG English Test. See the Information Booklet in which this application was enclosed for a list of ECFMG centers. | Step 1: (1) NEW YORK 330 (2) NEW YORK 330 (3) ____ <br>     City   Center No.    City   Center No.    City   Center No. <br> Step 2 and/or ECFMG English Test: (1) NEW YORK 330 (2) NEW YORK 330 (3) ____ <br>     City   Center No.    City   Center No.    City   Center No. |
|---|---|

| ⑦ **EXAMINATION FEE(S):** Enter the amount enclosed on the line provided | Fees must be paid in United States funds. Checks, bank drafts or money orders are to be made payable to the ECFMG. Do not send cash. <br> Step 1 Basic Medical Science Examination    $440 <br> Step 2 Clinical Science Examination    $440 <br> ECFMG English Test    $ 40 <br> Enter amount enclosed $   480.00 | 480 FOR OFFICE USE ONLY |
|---|---|---|

| ⑧ **HANDEDNESS:** | ☐ Right Handed    ☐ Left Handed |
|---|---|

APPLICATION FORM 104S, August, 1995     *ECFMG 1995 All Rights Reserved

ECFMG-000703

ECFMG_RUSS_0000703

JA263

PART B

**⑨ SECONDARY SCHOOL/ COLLEGE UNIVERSITY ATTENDED:**

List any secondary school, college, or university attended.

| | Dates Attended | | | | No. School Years |
|---|---|---|---|---|---|
| | From | | To | | |
| | MO. | YR. | MO. | YR. | |

Name City/State/Country UNIVERSITY OF BENIN — OCT 1981 OCT 87 — 6
Name City/State/Country BENIN CITY NIGERIA

**⑩ MEDICAL DEGREE AND**

Title of Medical Degree M B BS     Date Conferred:/Expected: * MO. __ YR. __
* If the degree has been conferred, a photocopy must be sent to ECFMG. See *Medical Education Credentials* section of the ECFMG Information Booklet.

**⑩.1 MEDICAL SCHOOL:**

090-003

Name of Medical School from which you graduated or expect to graduate.
LIST EXACT NAME AND ADDRESS.

UNIVERSITY OF BENIN
City/State/Country BENIN CITY NIGERIA

| Dates Attended | | | | No. of Years Attended |
|---|---|---|---|---|
| From | | To | | |
| MO. | YR. | MO. | YR. | |
| 10- | 81 | 10- | 87 | 6 |

**⑩.2 OTHER MEDICAL SCHOOLS ATTENDED:**

Name
City/State/Country
Name
City/State/Country
Name
City/State/Country

**⑩.2 CLINICAL CLERKSHIPS:**

| Clinical Discipline | Hospital/Clinic | Location (exact address) | Supervising Physician | Dates of Clerkship |
|---|---|---|---|---|
| | See Part D of this application for entering clinical clerkships. | | | |

**⑪ MEDICAL LICENSURE: Present or Future**

Date you received (or expect to receive) an unrestricted license or certificate of full registration to practice medicine:

MO. JAN YR. 1989    Country or state in which you are licensed: * ____
* If the license has been issued, a photocopy must be sent to ECFMG. See *Medical Education Credentials* section of the ECFMG Information Booklet.

**⑫ HOSPITAL TRAINING: Residency or fellowship**

| Hospitals | Position(s) | Dates |
|---|---|---|
| | | |

**⑬ EMPLOYMENT: Present employment only**

| Institution/Company | Position | Dates |
|---|---|---|
| Name: UNEMPLOYED | | |
| Street: | | |
| City/State/Country: | | |

**⑭ BIRTHDATE/ BIRTHPLACE:**

Day 01   Month 01   Year 59   Location: BENIN CITY NIGERIA
City, Province, Country

**⑮ GENDER:**

Please check one: ✓ Male   ___ Female

**⑯ NATIVE LANGUAGE:** ____

**⑰ CITIZENSHIP:**

(Complete all three)
A. AT BIRTH           USA ☐ or Other ☐ (Specify) NIGERIAN
B. UPON ENTERING MEDICAL SCHOOL  USA ☐ or Other ☐ (Specify) NIGERIAN
C. NOW               USA ☐ or Other ☐ (Specify) NIGERIAN

**⑱ OTHER EXAMINATION HISTORY AND APPLICANT NUMBERS:**

Check below the organizations to which you may have applied previously; enter the date of the most recent examination that was administered to you and the identification number that was assigned to you by that organization.

| ORGANIZATION | DATE OF MOST RECENT EXAMINATION TAKEN | | | APPLICANT IDENTIFICATION NUMBER |
|---|---|---|---|---|
| | MO. | YR. | | |
| ☐ NATIONAL BOARD OF MEDICAL EXAMINERS | | 1 9 | NBME Parts I/II | |
| | | 1 9 | USMLE Steps 1/2 | ☐-☐☐☐☐-☐ |
| ☐ STATE LICENSING AUTHORITY IN THE UNITED STATES | | 1 9 | FLEX | FEDERATION IDENTIFICATION NUMBER (FIN) |

PART C

ECFMG-000704

ECFMG_RUSS_0000704

PART C

Students and graduates must sign the application in the presence of their Medical School Dean, Medical School Vice Dean, or Medical School Registrar. (See A below.)

If a graduate cannot sign the application form in the presence of a medical school official noted above, he/she must sign the application form in the presence of a Consular Official, First Class Magistrate or Notary Public (See B below) and must explain in writing why the application form could not be signed in the presence of a medical school official. (See B.1 below.)

Application forms are to be mailed to ECFMG from the office of the official or notary who witnesses the applicant's signature.

All information on the application form is subject to verification and acceptance by the Educational Commission for Foreign Medical Graduates.

**(19) CERTIFICATION BY APPLICANT**

I hereby certify that the information in this application is true and accurate to the best of my knowledge and that the photographs enclosed are recent photographs of me.

I also certify and acknowledge that I have received the current edition (that which pertains to the administration for which I am registering) of the combined Information Booklet on ECFMG Certification and Application for USMLE Step 1 and Step 2 examinations and USMLE Bulletin of Information, am aware of the contents of both sections and meet the eligibility requirements set therein.

I understand that (1) falsification of this application, or (2) the submission of any falsified educational documents to ECFMG, or (3) the submission of any falsified ECFMG documents to other agencies, or (4) the giving or receiving of aid in the examination as evidenced either by observation at the time of the examination or by statistical analysis of my answers and those of one or more other participants in that examination, or engaging in other conduct that subverts or attempts to subvert the examination process, may be sufficient cause for ECFMG to bar me from the examination, to terminate my participation in the examination, to withhold and/or invalidate the results of my examination, to withhold a certificate, to revoke a certificate, or to take other appropriate action. (See Information Booklet for additional details concerning Validity of Scores and Irregular Behavior.)

I understand that the ECFMG certificate and any and all copies thereof remain the property of ECFMG and must be returned to ECFMG if ECFMG determines that the holder of the Certificate was not eligible to receive it or that it was otherwise issued in error.

I hereby authorize the Educational Commission for Foreign Medical Graduates to transmit any information contained in this application, or information that may otherwise become available to ECFMG, to any federal, state or local governmental department or agency, to any hospital or to any other organization or individual who, in the judgment of ECFMG, has a legitimate interest in such information.

Signature of Applicant  X _____  Date 12/31/95
(In Latin Characters)

**(19.1) CERTIFICATION BY MEDICAL SCHOOL OFFICIAL**

**OR**

**CERTIFICATION OF IDENTIFICATION WITH EXPLANATION (Pertains to graduates only)**

A.  I hereby certify that the photograph, signature, and information entered on Section 10 of this form accurately apply to the individual named above.

X _____
Signature of Medical School Official (In Latin Characters)

_____     _____     _____
Official Title                        Date                    Institution

B.  I certify that on the date set forth below the individual named above did appear personally before me and that I did identify this applicant by: (a) comparing his/her physical appearance with the photograph on the identifying document presented by the applicant and with the photograph affixed hereto, and (b) comparing the applicant's signature made in my presence on this form with the signature on his/her identifying document. The statements in this document are subscribed and sworn to before me by the applicant on this _2_ day of January, 19 96

X _____
Signature of Consular Official, First Class Magistrate, Notary Public (In Latin Characters)     Official Title  Notary Public

My Commission Expires On Sept 30, 1998: Stafford County Virginia

B.1  Explain in the space below why the application could not be signed in the presence of your medical school dean, vice dean or registrar. Any explanation must be acceptable to ECFMG and must be provided each time you submit an application to ECFMG.

Because the postal system to Nigeria could not be guaranteed within the available time

Seal, stamp, or signature of official must cover a portion of the attached photograph.

**FOR OFFICE USE ONLY**

| FORM | DATE |
|------|------|
| S.A. | |
| I.D. | 2/8/96 |
| 338 | |
| 339 | |
| (325) | 2/8/96 |
| P.X. | M 2/8/96 |

(20) Have you ever been denied licensure or authority to practice medicine by any medical licensing or registering authority, or has any such license or authority to practice medicine ever been suspended or revoked?

If the answer to this question is "Yes," please explain fully on a separate sheet of paper, giving details such as date, location, charge, and action taken; and provide any supporting documents.     ☐ Yes   ☒ No

(21) Provision of the following information is voluntary. The information will be used for research purposes only. You are encouraged to provide the information; however, the processing of your application will not be affected if you choose to leave item (21) blank.

Select the one which best describes your racial/ethnic background.

| 1 ☐ American Indian/ Alaskan Native | 2 ☐ Asian Pacific Islander | 3 ☐ Hispanic | 4 ☒ Black (not of Hispanic Origin) | 5 ☐ White (not of Hispanic Origin) | 6 ☐ Other |

ECFMG-000705

ECFMG_RUSS_0000705

JA265

PART D

| (10.2) CLINICAL CLERKSHIPS: | Clinical Discipline | Hospital/Clinic | Location (exact address) | Supervising Physician | Dates of Clerkship |
|---|---|---|---|---|---|
| Refers to that period of medical education in the clinical disciplines during which as a medical student you gained practical experience in hospitals or clinics.<br><br>List clerkships (rotations, pre-graduate internships) for each clinical discipline. | Pediatrics | General Hosp. Warri | | Dr Asemota | 1187 |
| | Medicine | General Hosp Warri | | NWOSU | 0288 |
| | OBGY | General Hosp Warri | | Dr lyinfor | 0688 |
| | Surgery | EKU Gen. Hosp. Warri | | Dr Henderson | 0988 |
| | 1 Bi | | | | |

ECFMG-000706

ECFMG_RUSS_0000706

JA266

EXHIBIT 17

PLEASE DO    NOT DETACH

UNITED STATES MEDICAL LICENSING EXAMINATION (USMLE)
STEP 1 AND/OR STEP 2 EXAMINATIONS

ADMINISTERED TO STUDENTS/GRADUATES OF FOREIGN MEDICAL SCHOOLS BY
THE EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, 3624 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19104-2685, USA
PHONE: 215 386-5900 ' CABLE: EDCOUNCIL,PHA

PART A

NOTE: All items on all sides of the application must be filled out completely for initial and reexamination or application will not be accepted.
Use typewriter or block print in ink.

| ① ECFMG EXAMINATION HISTORY: | Have you ever submitted an application to ECFMG for any examination, even if you did not take the examination? ☑ Yes ☐ No | If yes, enter your USMLE Identification Number (ECFMG Applicant Number) in this box. 0-553-258-5 |
|---|---|---|

② NAME:
Print your name as you want it to appear on the Standard ECFMG Certificate and on your official USMLE record

First Name: J O H N
Last Name (Surname): A K O D A   Middle Name: M O S A

Full Maiden Name (For married women only)

②.1 If you have previously applied to ECFMG under another name, provide that name

Previous Name
Please include a copy of the legal document that verifies this name change.

③ ADDRESS:
Use address to which admission permit and other notification from ECFMG should be sent

Number/Street: 5 8 0 0   Q U A N T R E L L   A V E N U E
Apartment Number: A P T   N O   8 1 0    Post Office Box Number
City: A L E X A N D R I A
State/Country: V I R G I N I A    Zip or Postal Code: 2 3 1 2

| ④ U.S. SOCIAL SECURITY AND/OR NATIONAL IDENTIFICATION NUMBERS: | Enter U.S. Social Security Number | Enter National Identification Number and Country |
|---|---|---|
| | | Country: |

⑤ STATUS OF MEDICAL SCHOOL STUDENT:
Must be completed by students.

If you are applying for Step 1, will you have completed two years of medical school by the date of that examination? ☑ Yes ☐ No

If you are applying for Step 2, will you have completed or be within 12 months of completion of the formal didactic curriculum at your medical school by the date of that examination? ☐ Yes ☐ No

⑥ REGISTRATION:
Select no more than one box for each Step and/or ECFMG English test for which you are applying.

| Step 1 (Check one box only) | Step 2 (Check one box only) | ECFMG English Test (Check one box only) |
|---|---|---|
| ☐ June 11-12, 1996 | ☐ March 5-6, 1996 | ☐ March 6, 1996 |
| or | or | or |
| ☑ October 15-16, 1996 | ☐ August 27-28, 1996 | ☐ August 28, 1996 |

⑥.1 TEST CENTER:
Select three different ECFMG centers in order of preference for each Step and/or ECFMG English Test.

If your center selections are not available, ECFMG reserves the right to assign a center.

Step 1: (1) NEW YORK 330  (2) NEW YORK 330  (3)
City   Center No.   City   Center No.   City   Center No.

Step 2 and/or ECFMG English Test: (1)   (2)   (3)
City   Center No.   City   Center No.   City   Center No.

⑦ EXAMINATION FEE(S):
Enter the amount enclosed on the line provided

Fees must be paid in United States funds. Checks, bank drafts or money orders are to be made payable to the ECFMG. Do not send cash.

| Step 1 Basic Medical Science Examination | $440 |
|---|---|
| Step 2 Clinical Science Examination | $440 |
| ECFMG English Test | $ 40 |

Enter amount enclosed $ PAID/Credit    FOR OFFICE USE ONLY

| ⑧ HANDEDNESS: | ☑ Right Handed | ☐ Left Handed |
|---|---|---|

APPLICATION FORM 104S, February, 1996    *ECFMG 1996 All Rights Reserved

ECFMG-000643

ECFMG_RUSS_0000643

JA268