# No. 20-2128

In the United States Court of Appeals
For the Third Circuit

MONIQUE RUSSELL; JASMINE RIGGINS; ELSA M. POWELL;
DESIRE EVANS

v.

EDUCATIONAL COMMISSION FOR FOREIGN
MEDICAL GRADUATES,

*Appellant*

On Appeal from the United States District Court for the
Eastern District of Pennsylvania, No. 2:18-cv-05629-JDW (Wolson, J.)

## UNCONTESTED MOTION FOR LEAVE TO FILE PORTIONS OF THE RECORD ON APPEAL UNDER SEAL

MORGAN, LEWIS & BOCKIUS LLP
Brian W. Shaffer
Matthew D. Klayman
1701 Market St.
Philadelphia, PA 19103
(215) 963-5000

MORGAN, LEWIS & BOCKIUS LLP
William R. Peterson
1000 Louisiana St., Ste. 4000
Houston, TX 77002
(713) 890-5188

*Counsel for Appellant*

Educational Commission for Foreign Medical Graduates ("ECFMG") hereby moves, under Local Rule Misc. 106.1(c)(2), to continue the seal ordered by the district court in this matter on November 19, 2019. *See* Dkt. 49, appended hereto as Exhibit A (the "November 19 Order").

Counsel for Appellees have advised ECFMG that Appellees desire to have all of the portions of documents listed in the district court's November 19 Order remain sealed permanently for as long as these documents remain on the docket for all of the reasons stated in the November 19 Order. *See* Ex. A. These portions of the documents contain the dates of birth of certain putative class members, minor children's dates of birth, and Appellees' sensitive and personal medical histories.

For the Court's convenience, the documents ordered sealed by the district court are as follows: ECFMG's unredacted Opposition to Plaintiffs' Motion for Class Certification (Dkt. 40), and Exhibits 11, 12, 13, 14, 18, 21, 25, 26, 27, 28, 29, 30, 31, 32, 36, 37 thereto (filed October 28, 2019). These documents have been filed separately in Volume V of the Joint Appendix.

Dated: September 2, 2020

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ William R. Peterson*
William R. Peterson
1000 Louisiana St., Ste. 4000
Houston, TX 77002

Brian W. Shaffer
Matthew D. Klayman
1701 Market St.
Philadelphia, PA 19103

*Counsel for Appellant, Educational Commission for Foreign Medical Graduates*

## CERTIFICATE OF COMPLIANCE

In accordance with Federal Rule of Appellate Procedure 32(g)(1), I certify that Uncontested Motion for Leave to File Portions of the Record on Appeal Under Seal meets the type-volume limitations of Rule 27(d)(2)(A) because it contains 183 words.

*/s/ William R. Peterson*
William R. Peterson
*Counsel for Appellant,*
*Educational Commission for*
*Foreign Medical Graduates*
Dated: September, 2, 2020

## CERTIFICATE OF SERVICE

I certify that, on this September 2, 2020, I electronically filed Uncontested Motion for Leave to File Portions of the Record on Appeal Under Seal with the Clerk for the United States Court of Appeals for the Third Circuit. I used the Court's CM/ECF system, which serves registered CM/ECF users. All attorneys in this case are registered CM/ECF users and were served accordingly.

／s／ *William R. Peterson*
William R. Peterson

# **EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL, and DESIRE EVANS,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,**<br><br>*Defendant.* | Case No. 2:18-cv-05629-JDW |

## ORDER

**AND NOW**, this 19th day of November, 2019, upon consideration of Defendant's Uncontested Motion to Seal Filed Documents Containing Private Information (ECF. No. 38), the Court finds as follows:

1. "The common law presumes that the public has a right of access to judicial materials." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Judicial materials include documents filed on the Court's public docket. *Id.* at 675.

2. The right of public access is "particularly compelling" in a class action, as the "openness of class actions provides class members with "a more complete understanding of the [class action process] and a better perception of its fairness." *In re Cendant Corp.*, 260 F.3d 183, 193 (3d Cir. 2001), quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

3. To overcome the strong presumption in favor of public access to judicial materials, the movant must demonstrate "that the interest in secrecy outweighs the presumption" by showing "that the material is the kind of information that courts will protect and that disclosure will work a clearly

defined and serious injury to the party seeking closure." *Avandia*, 924 F.3d at 672 (quotations omitted).

4. Accordingly, the court "must conduct a document-by-document review of the contents of the challenged documents" and "make specific findings on the record concerning the effects of disclosure." *Id.* at 672, 673 (quotations omitted).

5. The Third Circuit "do[es] not require a district court to provide lengthy, detailed discussion of each individual document[;]" however, "it must be clear from the record that the district court engaged in a particularized, deliberate assessment of the standard as it applies to each disputed document." *Id.* at 677.

6. In this Motion, Defendant argues that documents should be sealed pursuant to the Third Circuit's decision in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994). However, as the Third Circuit's decision in *Avandia* makes clear, the "common law right of access" standard for discovery materials filed as court documents is more rigorous than the standard for protecting information that private parties exchange in discovery;

7. Although Defendant has conflated the two standards, Defendant has nevertheless articulated sufficient reasoning to seal certain redacted portions of docket entries. In particular, the Court will seal the following categories of information, which are referenced in the table below:

- The dates of birth of members of the putative class that the law firm of Schochor, Federico, & Staton, P.A. represent. While the Court will not permit the sealing of the names of putative class members, placing each putative class member's birthday on the public record constitutes an unnecessary invasion of those class members' privacy;

2

- Sensitive, personal, and potentially embarrassing medical information about the named plaintiffs and members of the putative class, including diagnoses, personal histories, and medications that have been prescribed.

8. Defendant has not, however, made the requisite showing for many redactions, as indicated in the table below. Information that will not be maintained under seal includes the names of putative class members, some individuals' personal history or the personal history of a family member, and the email address and URL associated with certain of Plaintiffs' questionnaires.

9. For each exhibit with proposed information to be kept under seal, the Court finds as follows:

| Exhibit | Page Number (as filed on ECF) | Nature of Redacted Information | Defendant Has Overcome Right of Access Presumption |
|---|---|---|---|
| 11 | Pages 21 through 25 | First and last names of represented clients of Schochor, Federico & Staton, P.A. | No |
| | | Dates of birth of represented clients of Schochor, Federico & Staton, P.A. | Yes |
| 12 | Page 7 | Sensitive, private medical information about plaintiff | Yes |
| | Pages 23 through 27 | First and last names of represented clients of Schochor, Federico & Staton, P.A. | No |
| | | Dates of birth of represented clients of Schochor, Federico & Staton, P.A. | Yes |
| 13 | Page 6 | Minor Children Dates of Birth | Yes |
| | Pages 18 through 24 | First and last names of represented clients of Schochor, Federico & Staton, P.A. | No |
| | | Dates of birth of represented clients of Schochor, Federico & Staton, P.A. | Yes |
| 14 | Page 2 | Sensitive Personal History | Yes |
| | Pages 18 through 24 | First and last names of represented clients of Schochor, Federico & Staton, P.A. | No |

3

| Exhibit | Page Number (as filed on ECF) | Nature of Redacted Information | Defendant Has Overcome Right of Access Presumption |
|---|---|---|---|
| | | Dates of birth of represented clients of Schochor, Federico & Staton, P.A. | Yes |
| 18 | Page 3 | Name of Medication | Yes |
| | Page 7 | Conduct of ECFMG Certificate Holder Oluwafemi Charles Igberase | No |
| 21 | Page 2 | Sensitive Personal History | Yes |
| 25 | Pages 2, 6, 11, 16, 22, 26 | Login Usernames for Questionnaire | No |
| | Pages 5, 10, 15, 21, 30 | Patient Referrer Website Links | No |
| | Page 21 | Conduct of ECFMG Certificate Holder Oluwafemi Charles Igberase | No |
| | Page 30 | Inaccurate Medical Information | No |
| | Page 31 | Redactions included in originally filed document (ECF No. 40-10) | N/A |
| 26 | Page 2 | Personal History | Yes |
| 27 | Page 3 | Date of Birth | Yes |
| | | Personal History | Yes |
| | Page 5 through First Redaction on Page 6 | Personal and Medical History | Yes |
| | Second Redaction on Page 6 through end of Page 6 | Family History | No |
| | Page 7 | Name of Medication | Yes |
| 28 | Page 3 | Date of Birth | Yes |
| 29 | Page 3 | Date of Birth | Yes |
| | Page 4 | Personal and Medical History | Yes |
| 30 | Page 3 | Date of Birth | Yes |
| | Page 4 | Names of Medication | Yes |
| | Page 6 | Personal and Medical History | Yes |

| Exhibit | Page Number (as filed on ECF) | Nature of Redacted Information | Defendant Has Overcome Right of Access Presumption |
|---|---|---|---|
| | Page 7 | Personal Information | No |
| | Page 9 | Personal Information | Yes |
| 31 | Page 3 | Medical Information | Yes |
| 32 | Page 8 | Medical Information | Yes |
| | Page 10 | Personal History | Yes |
| | Page 11 | Medical Information | Yes |
| 36 | All Pages | Personal Information | No |
| 37 | All Pages | Personal Information | No |

10. The Court notes that page 31 of Exhibit 25 is redacted in both the version submitted to the Court and the version on the public record. Thus, the Court need not undertake an analysis of that redaction because nothing has been submitted under seal.

11. The Court further notes that the pages of Exhibit 25 that Defendant submitted under seal does not correspond to the pages that Defendant filed on the public docket.

12. Defendant has asked the Court for leave to file all of Exhibits 36 and 37 under seal, given the amount of private information in those deposition transcripts. The Court has reviewed the transcripts, and it will not permit those transcripts to be submitted under seal in their entirety because substantial portions of those transcripts do not warrant sealing. Therefore, the Court will permit the parties seven days to file redacted versions of those transcripts on the public record. The Court will not allow additional opportunities to cure failures to satisfy the requirements for filing these documents under seal.

Therefore, in light of the foregoing it is **ORDERED** that the Motion (ECF No. 38) is **GRANTED IN PART** and **DENIED IN PART**.

5

It is **FURTHER ORDERED** that, no later than **November 26, 2019**, Defendant shall refile Exhibits 11, 12, 13, 14, 18, 25, 27, and 30, with redactions that conform with the Court's findings as outlined above.

It is **FURTHER ORDERED** that, no later than **November 26, 2019**, Defendant shall file a new, redacted version of Exhibit 25, the pages of which correspond to the version of Exhibit 25 that Defendant submitted under seal.

It is **FURTHER ORDERED** that, no later than **November 26, 2019**, Defendant shall file on the public docket redacted versions of Exhibits 36 and 37, redacting only the personal, confidential information that the parties propose to maintain under seal.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.